

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 11, 2018

**VIA ECF**

Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Kelley Amadei, et al. v. Kirstjen M. Nielsen[1], et al.</u>
             <u>Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)</u>

Dear Judge Garaufis:

      This office represents Kirstjen M. Nielsen, Secretary of Homeland Security; Kevin K. McAleenan, Acting Commissioner of United States Customs and Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport, Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement ("ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; and David Jennings, Director, San Francisco Field Office, ICE (collectively "Defendants").

      Defendants respectfully submit this letter, in accordance with Your Honor's individual rules, to request that the Court schedule a pre-motion conference or, in the alternative, set a briefing schedule with respect to Defendants' proposed motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2] Defendants also request that their time to answer the complaint be extended until a date following the Court's decision on the proposed motion.

      By way of background, Plaintiffs filed this action on October 12, 2017.  *See* Complaint, Dkt. No. 1 ("Compl.").  Plaintiffs allege that on February 22, 2017, they were passengers on Delta Flight 1583, a domestic flight from San Francisco to John F. Kennedy Airport, and that upon their arrival in New York, two CBP officers required all passengers on the flight to show identification

---

      [1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kirstjen M. Nielsen, Secretary, should be substituted for Elaine Duke, Acting Secretary, as a defendant in this action. *See* Fed. R. Civ. P. 25(d).

      [2] Defendants reserve the right to include additional arguments in their moving papers.

as they disembarked the plane. Compl., ¶¶ 1-2. Plaintiffs allege their Fourth Amendment rights were violated when they were required to produce identification before deplaning, and that, to the extent CBP officers acted pursuant to a policy in checking the passengers' respective identification, such policy violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C) (the "APA"). Compl., ¶ 10.

Plaintiffs seek declaratory and injunctive relief, including a declaration that "the rule or policy pursuant to which CBP conducted the illegal search and seizure of Plaintiffs as they deplaned Flight 1583 on February 22, 207, including, but not limited to 19 C.F.R. § 162.6, is unconstitutional, arbitrary and capricious, an abuse of discretion, contrary to law, and in excess of statutory authority, and is therefore invalid under the Administrative Procedure Act." Compl., Prayer for Relief ¶ 2. Plaintiffs also request an extremely broad permanent injunction barring Defendants and their agencies from "seizing and conducting warrantless and/or suspicionless identification checks of passengers disembarking from domestic flights." Compl., Prayer for Relief ¶ 3.

Defendants intend to move to dismiss on several grounds. First, Plaintiffs do not have standing to bring their claim because they cannot show with requisite certainty that they will be subject to a future incident where, pursuant to 19 C.F.R. § 162.6 or any CBP policy, they would be required, without justification, to present their identification when deplaning as they allege occurred here. Second, Plaintiffs' requests for relief are improper. Third, Plaintiffs have not alleged final agency action, as required for review pursuant to the APA. Fourth, Plaintiffs' claims are moot.

## Plaintiffs Do Not Have Standing

Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of federal courts to actual cases and controversies. *Hollingsworth v. Perry*, 133 S. Ct. 2562, 2661 (2013). As part of the case or controversy requirement, a party seeking relief "must establish . . . standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). As the Supreme Court has found, the "standing inquiry has been especially rigorous when reaching the merits of the dispute would force us to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Raines*, 521 U.S. at 819-20. *See also Clapper v. Amnesty Intern. USA,* 568 U.S. 398 (2013) (plaintiffs failed to establish an injury in fact that was fairly traceable to the statute they cited and, therefore, lacked standing to pursue their claim).

In order to establish standing, Plaintiffs must show an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 150 (2010). The injury must be "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (internal citations omitted). Moreover, "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Peck v. Baldwinsville Cent. Sch. Dist.*, 351 F. App'x 477, 479 (2d Cir. 2009). Indeed, the threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA,* 568 U.S. at 409 (internal citations omitted). Plaintiffs cannot show any such injury. Plaintiffs claim they are "regular travelers on domestic flights within the United States, and that they intend to take other domestic flights." Compl., ¶ 74. This claim

implies, in essence, that there is a possibility they might be subject to a similar incident in the future because they fly regularly. However, even if true, this allegation fails to establish standing. *See Abidor v. Napolitano*, 990 F. Supp. 2d 260, 272 (E.D.N.Y. 2013) (Korman, J.) ("*Abidor I*") ("An action for declaratory judgment does not provide an occasion for addressing a claim of alleged injury based on speculation as to conduct which may or may not occur at some unspecified future date"). Because Plaintiffs lack standing, their claims must be dismissed.

### Plaintiffs' Requests For Relief Are Improper

Plaintiffs request that Defendants be enjoined "from seizing and conducting warrantless and/or suspicionless identification checks of passengers disembarking from domestic flights." Compl., prayer for relief, ¶ 3. However, this request is improper. "The Supreme Court has made clear that '[t]he touchstone of the Fourth Amendment is *reasonableness*, not individual suspicion. Thus, while th[e] Court's jurisprudence has often recognized that to accommodate public and private interests, some quantum of individualized suspicion is usually a prerequisite to a constitutional search or seizure,' … the Fourth Amendment imposes no irreducible requirement of such suspicion.'" *Palacios v. Burge*, 589 F.3d 556, 562–63 (2d Cir. 2009) (emphasis in the original) (quoting *Samson v. California*, 547 U.S. 843, 855 n.4 (2006)). Accordingly, there are instances where a warrantless and/or suspicionless identification check of domestic passengers by law enforcement will be consistent with the Fourth Amendment. As a result, Plaintiffs' request that the Court enjoin the Defendants from ever conducting such a check is improper.

### CBP's Alleged Actions Do Not Constitute Final Agency Action Pursuant To The APA

The Administrative Procedure Act allows for review of final agency action. "Agency action includes an agency rule, order, license, sanction (or) relief." *M&T Mortg. Corp. v. White*, 2006 WL 47467, No. 04-CV-4775 (NGG)(VVP) (E.D.N.Y. Jan. 9, 2006) (internal citations omitted). "[I]t is well-established that 'the APA explicitly requires that an agency action be final before a claim is ripe for review.'" *Brezler v. Mills*, 86 F. Supp.3d 208 (E.D.N.Y. Feb. 18, 2015) (Bianco, J.) (internal citations omitted). Here, the actions of the CBP officers who met Delta Flight 1583 do not constitute final agency action of the kind contemplated by the APA. Plaintiffs allege that in response to an inquiry from Rolling Stone magazine about the actions of the CBP officers in the underlying incident, a CBP spokesperson directed Rolling Stone magazine to a webpage which included a citation to 19 C.F.R. § 162.6, the provision empowering CBP to conduct searches of international passengers arriving through customs. Compl., ¶¶ 67-69. As Plaintiffs admit, this regulation is not relevant to the review of the identification of passengers arriving on a domestic flight. Compl. ¶ 68. Moreover, the webpage mentioned in the complaint also does not constitute final agency action appropriate for review under the APA. *See Golden and Zimmerman, LLC v. Domenech*, 599 F. Supp. 2d 702, 709 (E.D. Va. Feb. 27, 2009) (finding that a response to "frequently asked question number 13" within the Federal Firearms Regulations Reference Guide, published by the Bureau of Alcohol, Tobacco, Firearms and Explosives, did not constitute final agency action for APA review). "In order to be deemed final agency action, the action must mark the consummation of the agency's decisionmaking process." *Runaway Development Group v. Pentagen Technologies Intern. Ltd.*, 396 F. Supp.2d 471 (S.D.N.Y. Nov. 1, 2005) (internal citations omitted). Plaintiffs point to no policy governing the actions of the CBP officers meeting Delta Flight 1583. Aside from an understanding that CBP assists ICE pursuant to an ICE request, there is no such policy. Because there is no such policy by which CBP compels passengers to

show identification in order to disembark from a domestic flight, there is no review available under the APA.  Moreover, as Plaintiffs allege that CBP officers' actions concerning Flight 1583 were not consistent with 19 C.F.R. § 162.6, a request that such regulation be declared unconstitutional is not appropriate and would not redress their claimed wrong.

### **Plaintiffs' Claims Are Moot**

Plaintiffs' claims must be dismissed because they are moot.  Plaintiffs allege that CBP compelled Plaintiffs to show identification when disembarking from a domestic flight, and that this action was taken at the request of ICE officers who were not able to meet the flight in time to locate a passenger scheduled for removal.  Compl., ¶ 65.  However, following this incident, and prior to the commencement of this action, the New York Enforcement Removal Office ("NY ERO"), the division of ICE tasked with effecting removals from the New York area, changed its procedures concerning deportation of persons for whom a removal order has been issued.  At the time of the incident alleged in the complaint, persons to be deported on connecting flights through New York could be sent unaccompanied and greeted by ICE ERO officers who would escort them to a connecting international flight.  In February 2017, following this incident, NY ERO changed its practice, no longer meeting flights that are transporting individuals for whom a removal order has been issued.  Instead, individuals to be removed are sent on commercial flights escorted by an ERO officer for the entirety of the flight, or such individuals are placed on ICE charter flights.  Thus, the challenged conduct of federal officers on February 22, 2017, would not recur under the agency's current practice.

A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotations and citations omitted).  Because ICE's removal transportation procedure has changed, Plaintiffs cannot show that the incident that is the subject of the complaint is likely to be repeated.  Accordingly, Plaintiffs' claims are moot and must be dismissed.

In light of the above arguments, Defendants request that the Court schedule a pre-motion conference at a time convenient for the Court, or in the alternative, allow the parties to propose a briefing schedule for Defendants' motion to dismiss.  Defendants also request that their time to answer the complaint be extended until a date following the Court's decision on the proposed motion.

Respectfully submitted,

RICHARD P. DONOGUE  
United States Attorney  
By:   s/ Dara A. Olds  
DARA A. OLDS  
Assistant United States Attorney  
(718) 254-6148  
dara.olds@usdoj.gov

cc: <u>Via ECF</u>
Neil K. Roman
Joshua B. Picker
Clara J. Shin
Lala R. Qadir
Samantha J. Choe
Cecillia D. Wang
Katrina Eiland
*Attorneys for Plaintiffs*