

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 16, 2018

*VIA ECF*

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:** **Kelley Amadei, et al. v. Kirstjen M. Nielsen[1], et al.**
           **Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)**

Dear Judge Scanlon:

      This office represents Kirstjen M. Nielsen, Secretary of Homeland Security; Kevin K. McAleenan, Acting Commissioner of United States Customs and Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport, Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement ("ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; and David Jennings, Director, San Francisco Field Office, ICE (collectively "Defendants"). Defendants write respectfully to request that the Court stay discovery and adjourn the initial conference scheduled for January 25, 2018 until Judge Garaufis rules on the Defendants' anticipated motion to dismiss. Plaintiffs do not consent to this request.

      By way of background, Plaintiffs filed this action on October 12, 2017. *See* Complaint, Dkt. No. 1 ("Compl."). Plaintiffs allege that on February 22, 2017, they were passengers on Delta Flight 1583, a domestic flight from San Francisco to John F. Kennedy Airport, and that upon their arrival in New York, two CBP officers required all passengers on the flight to show identification as they left the plane. Compl., ¶¶ 1-2. Plaintiffs allege that their Fourth Amendment rights were violated when they were required to produce identification before deplaning, and that, to the extent CBP officers acted pursuant to a policy in checking the passengers' respective identification, such policy violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C) (the "APA"). Compl., ¶ 10.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kirstjen M. Nielsen, Secretary, should be substituted for Elaine Duke, Acting Secretary, as a defendant in this action. *See* Fed. R. Civ. P. 25(d).

On January 11, 2018, Defendants filed a request for a pre-motion conference and permission to move to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). *See* Dkt. No. 19, Request for Pre-Motion Conference. Defendants argue that: 1) Plaintiffs cannot show a certainly impending injury and, therefore, lack standing to bring their claims; 2) Plaintiffs' request for declaratory and injunctive relief is improper; 3) CBP's alleged actions do not constitute final agency action under the Administrative Procedure Act; and 4) Plaintiffs' claims are moot as the procedures have changed concerning the deportation of individuals for whom a removal order has been issued. *See* Dkt. No. 19. Defendants now request that discovery be stayed pending the outcome of the Defendants' proposed motion to dismiss the Complaint.

Under Rule 26, a court can grant a stay of "discovery during the pendency of a motion to dismiss for good cause shown." *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, No. 05-cv-4294 (DRH) (ETB), 2006 WL 897996, at *1 (E.D.N.Y. Mar. 31, 2006). In determining whether a stay of discovery is appropriate, the Court can consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Josie-Delerme v. Am. Gen. Fin. Corp.*, 08-CV-3166 (NG)(MDG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009) (staying discovery where defendant made a strong showing that plaintiff's claims were unmeritorious, and even though defendant did not establish that it would be "unduly burdened" by having to respond to discovery demands, the court found that "resolution of the motion to dismiss may obviate the need for potentially onerous discovery," and a stay would not prejudice plaintiff); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (granting stay of discovery where defendants "raise[d] substantial issues with regard to many, if not all, of the causes of action, " "[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated," and plaintiff will not be prejudiced by a stay).

Here, the Court should adjourn the initial conference and stay discovery because, for the reasons summarized in Defendants' pre-motion conference letter (Dkt. No. 19), Defendants expect that the motion will dispose of the claims against them, allowing the parties to avoid the costs and burden of discovery. Defendants have raised substantial issues with regard to the viability of Plaintiffs' claims against them. *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, 2006 WL 897996, at *2. Further, while the parties have not yet conferred concerning the scope of discovery, due to the nature of the allegations in the Complaint, it is likely that Plaintiffs intend to seek broad discovery concerning each of the seven Defendants named and their respective offices. *Thomas v. N.Y. City Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (granting stay of discovery because, in part, even a partial grant of the motion to dismiss would "narrow and clarify the scope of issues in this litigation" and impact discovery obligations of the parties). Additionally, there is no reason to believe Plaintiffs will be prejudiced by the stay. The Complaint alleges that Plaintiffs were compelled to show their identification on one occasion following a domestic flight on February 22, 2017. Compl., ¶¶ 2-3. Moreover, following this incident, the New York Enforcement Removal Office ("NY ERO"), the division of ICE tasked with effecting removals from the New York area, has changed its procedures concerning deportation of persons for whom a removal order has been issued. Thus, the challenged conduct of federal officers on February 22, 2017, would not recur under the agency's current practice. There is no prejudice to Plaintiffs by waiting until the motion is decided. Rather, Defendants would be prejudiced by engaging in

potentially expensive and expansive discovery when a decision on Defendants' motion could obviate the need for any discovery at all.

In light of the above arguments, Defendants request that the Court adjourn the January 25, 2018 initial conference and stay discovery until the Court has decided on Defendants' anticipated motion to dismiss the Complaint.

                                Respectfully submitted,

                                RICHARD P. DONOGUE
                                United States Attorney

                 By:    s/ Dara A. Olds
                                DARA A. OLDS
                                Assistant United States Attorney
                                (718) 254-6148
                                dara.olds@usdoj.gov

cc:    Via ECF
       Neil K. Roman
       Joshua B. Picker
       Clara J. Shin
       Lala R. Qadir
       Samantha J. Choe
       Cecillia D. Wang
       Katrina Eiland
       *Attorneys for Plaintiffs*