# COVINGTON

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Neil K. Roman

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1221
nroman@cov.com

**By ECF**                                                      January 18, 2018

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Amadei, et al., v. Nielsen, et al.*, No. 17 Civ. 5967

Dear Judge Scanlon:

     Plaintiffs oppose Defendants' January 16, 2018 letter motion ("Motion"), which requests a stay of discovery during the pendency of a not-yet-filed motion to dismiss. ECF No. 20. Under the Court's December 12, 2017 Order, Defendants' deadline for responding to the Complaint was extended to and passed on January 12, 2018. Plaintiffs also oppose Defendants' request to adjourn the January 25, 2018 initial conference with the Court. ECF No. 20.

     By way of background, Plaintiffs were passengers on a February 22, 2017 Delta Air Lines flight from San Francisco to New York City. Upon arrival at John F. Kennedy International Airport, officers of United States Customs and Border Protection ("CBP") subjected them to an unlawful seizure and search of their identification documents. Plaintiffs seek declaratory and injunctive relief against Defendants, including the Secretary of Homeland Security and officers of CBP and U.S. Immigration and Customs Enforcement ("ICE").

     Defendants' Motion is the latest example of Defendants' willful disregard for this Court's December 12, 2017 Order, and should be denied on that basis alone. The Order directed Defendants to file a substantive response to the Complaint by January 12, 2018—an extension from December 12, 2017. The Order also required the parties to participate in a Rule 26(f) conference and file a joint scheduling order not later than today. Defendants disregarded all of these deadlines. In lieu of responding to the Complaint by the January 12, 2018 deadline, Defendants sought a pre-motion conference to file an untimely motion to dismiss. Defendants have also refused even to *discuss* a joint proposed discovery schedule with Plaintiffs. Because Defendants have not received leave to file their now-untimely motion to dismiss, it is premature for this Court to consider the motion for a stay of discovery. Even on the merits, Defendants fail to make the necessary showing of good cause.

## 1. The Court Should Not Consider Defendants' Motion to Stay Discovery.

     The deadline for Defendants to respond to Plaintiffs' Complaint—filed over three months ago on October 12, 2017—passed on January 12, 2018: "Defendants' deadline to answer the Complaint or otherwise move is extended to 1/12/2018." Minute Order, ECF No. 18.

**COVINGTON**

Honorable Vera M. Scanlon
January 18, 2018
Page 2

Defendants did not answer or otherwise move by that date or since. Defendants' original deadline for responding to the Complaint was December 12, 2017, but they made a last-minute request on December 11, 2017 for a 45 day-extension. ECF No. 17. The Court granted an extension 14 days shorter than requested. Minute Order, ECF No. 18. In the same Order, the Court directed the parties to meet and confer and file a Rule 26(f) joint proposed scheduling order "no later than 1/18/2018" in advance of an initial conference on January 25, 2018. *Id.* Defendants have met none of these Court-ordered deadlines, and the Motion is Defendants' most recent attempt to prevent this lawsuit—filed on October 12, 2017—from proceeding according to the Federal Rules of Civil Procedure.

Defendants seek an end-run around the Court's January 12, 2018 deadline "to answer the Complaint or otherwise move." Minute Order, ECF No. 18. On January 11, 2018, Defendants sent a letter to Judge Garaufis requesting a pre-motion conference in anticipation of a motion to dismiss—which was due the next day. ECF No. 19. Defendants' request for a stay of discovery does not toll the deadline to respond to the Complaint. *See Morisseau v. DLA Piper,* 707 F. Supp. 2d 460, 461 (S.D.N.Y. 2010) (a party "is obliged by law to comply with the . . .[discovery] Order unless and until it is stayed or reversed, neither of which has occurred.").

Defendants exacerbate their failure to respond to the Complaint by now moving to stay discovery during the pendency of an as-yet-unfiled and untimely motion to dismiss. Defendants' Motion, which apparently seeks an open-ended and further extension of time to respond to the Complaint and to delay these proceedings further, is improper. So too is the government's refusal, communicated on January 16, 2018, to participate in a scheduled Rule 26(f) discovery teleconference with Plaintiffs' counsel, despite this Court's Order that the parties confer and file a joint proposed scheduling Order by today. In light of Defendants' refusal to engage in the required meet and confer, Plaintiffs today will file their proposed scheduling order under separate cover and request that the Court enter that schedule.

This Court should not consider imposing a stay of discovery predicated on a planned motion to dismiss the Complaint that Defendants have failed to file in accordance with the Court's orders.

### 2. Defendants Fail to Demonstrate Good Cause to Stay Discovery.

Defendants fail to meet their burden to show good cause to stay discovery. "[I]t is well-settled in this District that litigants are not entitled to an automatic stay of discovery pending the determination of a motion to dismiss." *Kanowitz v. Broadridge Fin. Sols., Inc.,* 2014 WL 1338370, at *5 (E.D.N.Y. Mar. 31, 2014) (collecting cases). "Rather, the party seeking a stay must establish good cause." *Allstate Ins. Co. v. Levy,* 2011 WL 288511, at *1 (E.D.N.Y. Jan. 27, 2011). "Good cause" depends on three factors: "(1) whether a defendant has made a *strong* showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice" to the non-movant. *Guiffre v. Maxwell,* 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016) (emphasis added). Defendants' Motion satisfies none of the three requirements.

**COVINGTON**

Honorable Vera M. Scanlon
January 18, 2018
Page 3

*Defendants Make No Showing That Plaintiffs' Claims Lack Merit.*

Defendants' Motion fails to make *any* showing—let alone the requisite *strong* showing—that Plaintiffs' claims lack merit.  Courts in this Circuit are clear that "[d]iscovery should be stayed . . . only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Where "defendants' description of their promised motion shows that they . . . intend to challenge" the complaint "simply on the sufficiency of the facts alleged . . . the type of motion defendants plan . . . does not militate in favor of a stay."  *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *2 (S.D.N.Y. Jan. 22, 2002).  In addition, a stay is inappropriate where a motion could succeed in part but the court is "doubtful that defendants will succeed in dismissing the entire lawsuit."  *See Osan Ltd. v. Accenture LLP*, 2006 WL 1662612, at *1 (E.D.N.Y. June 13, 2006) (denying stay where motion would, at worst, result in dismissal without prejudice, permitting plaintiffs to replead).

Three of the four grounds on which Defendants apparently plan to challenge the Complaint turn on the same *factual* dispute—whether, as Plaintiffs allege, CBP has a policy authorizing identification searches of domestic air passengers.[1]  The Court cannot resolve such a factual dispute on the pleadings.  If Defendants wish to deny the existence of a CBP policy, they should file an answer to that effect.

The last of Defendants' grounds for dismissal—that Plaintiffs' request for an injunction is overbroad, *see* ECF No. 19, at 3—merely goes to the relief requested and not to the viability of the action as a whole.  Even if the Court agrees with Defendants, any narrowing of the scope of relief would not result in dismissal of the action.

*Defendants Do Not Explain How Discovery Is Unduly Burdensome.*

Defendants fail to allege *any* facts—let alone meet their burden of proof—that discovery will be unduly burdensome to Defendants, all of whom are named in their official capacities as

---

[1] *First*, although Defendants argue that the Court lacks subject-matter jurisdiction because Plaintiffs' assertion of future harm is purportedly too speculative, ECF No. 19 at 1-2, Defendants omit Plaintiffs' allegations that the relevant federal agencies repeatedly asserted they have a policy that permits their officers to conduct unlawful searches similar to those alleged by Plaintiffs here.  *See, e.g.*, Compl. ¶¶ 1, 8, 9, 56, 63.  *Second*, Defendants admit that their argument that Plaintiffs fail to allege final agency action under the Administrative Procedure Act ("APA") depends on the same disputed fact, *i.e.*, that "Plaintiffs point to no policy governing the actions of the CBP officers" and "there is no policy" asserted in the Complaint that could constitute such final agency action under the APA.  ECF No. 19, at 3-4.  *Third*, although Defendants argue that Plaintiffs' claims are moot because ICE no longer sends unaccompanied aliens on international flights, *id.* at 4, that is not the policy Plaintiffs challenge, and only discovery regarding the policies can determine whether the harm is likely to recur.

**COVINGTON**

Honorable Vera M. Scanlon
January 18, 2018
Page 4

representatives of federal agencies.  Defendants merely speculate that "due to the nature of the allegations in the Complaint, it is *likely* that Plaintiffs intend to seek broad discovery." ECF No. 20, at 2 (emphasis added).  Defendants' conclusory assertion is insufficient to prove undue burden to warrant a stay, especially because they have no basis to make that assertion where the parties have not yet exchanged discovery requests.  *See Osan Ltd. v. Accenture LLP*, 2006 WL 1662612, at *2 (E.D.N.Y. June 13, 2006) (denying in part motion to stay because defendant failed to prove undue discovery burden "especially where plaintiff has yet to serve any formal demands for such").

   *A Stay of Discovery Will Prejudice Plaintiffs.*

   As to the last element of the good cause standard, a stay of discovery will prejudice Plaintiffs, and Defendants offer no proof to the contrary.  Defendants' sole argument is that Plaintiffs cannot be harmed further because policy changes at one agency (ICE) mean that harm caused by another agency (CBP) "would not recur."  ECF No. 20, at 2.  Even if true (and Plaintiffs believe otherwise), a finding that an injury "would not recur" is irrelevant to the question of prejudice, *i.e.*, whether Plaintiffs will be harmed in the litigation process by a delay in taking discovery.

   In fact, a discovery stay will harm Plaintiffs' case.  Plaintiffs were subject to an unlawful seizure and search almost one year ago, and, "with the continued passage of time memories fade [and] evidence becomes stale."  *Bachayeva v. Americare Certified Special Servs., Inc.*, 2013 WL 4495672, at *5 (E.D.N.Y. Aug. 20, 2013) (denying stay pending motion to dismiss).  Given the turnover in federal administrations, there also is a risk that personnel changes at CBP and ICE could render witnesses with knowledge of the events at issue more difficult to identify and compel to testify.  Likewise, evidence in the possession of third parties such as the airline and airport operator could be deleted as part of routine procedures if discovery is stayed.

   In light of the foregoing, Plaintiffs respectfully request that Defendants' Motion requesting a stay of discovery and adjournment of the January 25, 2018 conference be denied.

                              Respectfully submitted,
                               s/ Neil K. Roman
                               Neil K. Roman

cc: All counsel (by ECF)