**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Neil K. Roman

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1221
nroman@cov.com

*By ECF and Facsimile* ((718) 613-2305)                          April 10, 2018

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Amadei, et al., v. Nielsen, et al.*, No. 17-CV-5967

Dear Judge Scanlon:

      We represent Plaintiffs and write in opposition to Defendants' letter-motion of April 10, 2018, seeking an adjournment of the April 19 discovery status conference and the joint discovery letter due April 12.  Plaintiffs submit this opposition because Defendants' motion violates the Court's Individual Rule requiring that Defendants convey "the reasons given by the adversary for refusing to consent" to a requested adjournment.

      Although Defendants attempt to dress up their request by arguing that holding the conference as scheduled—*two weeks* after Plaintiffs raised specific objections to Defendants' Responses and Objections to Plaintiffs' First RFPs and Interrogatories—will not permit them sufficient time to respond to those objections, their argument does not withstand scrutiny.

      As an initial matter, two weeks between the meet-and-confer and the scheduled conference is sufficient time for the Defendant agencies to respond to Plaintiffs' objections.  Far from "rais[ing] objections to nearly every discovery response," Defs.' Mot. at 2, Plaintiffs' objections are targeted primarily at obvious deficiencies such as the failure of all but one Defendant to provide interrogatory responses and the failure of Defendant Secretary of Homeland Security to respond to Requests for Production directed at DHS.  Others relate to issues of scope of discovery—such as whether Defendants can artificially limit discovery solely to the local New York offices of CBP and ICE when the Complaint alleges a uniform national policy.

      In any event, Defendants' professed inability to respond fully to Plaintiffs' objections by April 19 is not relevant to whether the parties appear for a long-scheduled status conference.  Plaintiffs merely expect that Defendants work in good faith to resolve the objections they have raised.  If there are legitimate reasons why the Defendant agencies have not yet been able to respond to an objection, Defendants can explain that to the Court at the conference.  Rescheduling the conference for a later date merely pushes back the discovery calendar and

COVINGTON

Honorable Vera M. Scanlon
April 10, 2018
Page 2

removes the pressure on the agency Defendants to respond to the objections in a timely manner. Moreover, to the extent that the basis for the requested continuance is to secure a date after Plaintiffs are due to submit their discovery responses,[1] Defendants will have ample opportunity to meet and confer with Plaintiffs regarding any objections and to raise those issues separately with the Court should resolution among the parties prove impossible.

      Defendants should not be permitted to continue to delay discovery and resolution of the merits issues. With each incremental delay, memories regarding the incident at issue fade further, and the risk of prejudice to Plaintiffs increases.

Respectfully submitted,

s/ Neil K. Roman
Neil K. Roman

cc: Defendants' Counsel; by ECF and facsimile ((718) 254-6082)

---

[1] Defendants are incorrect that Plaintiffs' discovery responses were due April 10. *See* Defs.' Mot. at 2. Pursuant to the service by mail provisions of Federal Rule of Civil Procedure 6, the responses are due April 12.