EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLEY AMADEI, et al.,<br><br>                    Plaintiffs,<br>    -against-<br><br>KIRSTJEN NIELSEN, et al.,<br><br>                    Defendants. | Civil No. 17 Civ. 5967<br>(NGG)(VMS)<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Eastern District of New York, Plaintiffs Kelley Amadei, Carola Cassaro, Laura Cucullu, Corey Fields, Anne Garrett, Amy Lanigan, Matt O'Rourke, Eric Polk, and Karen Polk (collectively, "Plaintiffs"), hereby submit the following Responses and Objections to the First Interrogatories ("First Interrogatories") from Defendants Kirstjen Nielsen, Kevin McAleenan, Leon Hayward, Francis Russo, Thomas Homan, Thomas Decker, David Jennings, and John Does 1 and 2 (collectively, "Defendants"). The following responses and objections are based upon Plaintiffs' investigation to date and are issued without prejudice to Plaintiffs' right to supplement their responses pursuant to Rule 26(e).

## GENERAL OBJECTIONS

All general objections set forth herein are incorporated in each of the specific responses to the interrogatories set forth below and have the same force and effect as if fully set forth therein.

1.   Plaintiffs object to these interrogatories, and accompanying definitions and instructions, to the extent that they conflict with or seek to impose any requirements in addition to, or different than, those required by the Federal Rules, Local Rules, or any order of the Court.

CONFIDENTIAL – SUBJECT TO PENDING PROTECTIVE ORDER

identity is as known to the Defendants, if not more so, than to the Plaintiffs. Plaintiffs further object that this interrogatory is a document request posed as an interrogatory.

**INTERROGATORY NO. 6:** Identify each time you have flown on a domestic flight starting on January 1, 2016, including the airline, flight number, date of departure, airport of departure, date of arrival, and airport of arrival.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiffs assert all their general objections to this interrogatory, as if fully set forth herein. Plaintiffs further object to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks information that is not reasonably accessible due to the costs and burdens associated with its retrieval that outweigh the relevance of any responsive materials, if any, to the claims and defenses in this case. Plaintiffs additionally object to this interrogatory as unduly burdensome given that it seeks information regarding the "airline, flight number, date of departure, airport of departure, date of arrival, and airport of arrival" for every flight since January 1, 2016.

Subject to and without waiving their general and specific objections, Plaintiffs are frequent flyers and have flown domestically during the requested time period: Plaintiff Amadei has flown at least 38 domestic flights; Plaintiff Cassaro has flown at least 37 domestic flights; Plaintiff Cucullu has flown at least 20 domestic flights; Plaintiff Fields has flown at least 12 domestic flights; Plaintiff Garrett has flown at least 19 domestic flights; Plaintiff Lanigan has flown at least 16 domestic flights; Plaintiff O'Rourke has flown at least 11 domestic flights; Plaintiff Eric Polk has flown at least 12 domestic flights; and Plaintiff Karen Polk has flown at least 12 domestic flights.

CONFIDENTIAL – SUBJECT TO PENDING PROTECTIVE ORDER

**INTERROGATORY NO. 7**: Identify each time your identification has been checked by employees of United States Customs and Border Protection and/or employees of United States Immigrations and Customs Enforcement following the flights listed in response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 7**: Plaintiffs assert all their general objections to this interrogatory, as if fully set forth herein. Plaintiffs object to this interrogatory on the ground that the information requested is irrelevant to the claims and defenses at issue in this litigation.

Subject to and without waiving their general and specific objections, Plaintiffs have not had their identification checked by United States Customs and Border Protection or United States Immigrations and Customs Enforcement following the domestic flights identified in response to Interrogatory No. 6.

**INTERROGATORY NO. 8**: State any itinerary for upcoming domestic flights that have been booked and purchased and when such domestic flights were booked and purchased.

**RESPONSE TO INTERROGATORY NO. 8**: Plaintiffs assert all their general objections to this interrogatory, as if fully set forth herein. Plaintiff object to the interrogatory on the ground that the terms "itinerary" and "upcoming" are undefined, vague, and ambiguous. Defendants have not identified whether "upcoming" should be interpreted to mean the period after the flight at issue in this lawsuit, the period after Defendants served their interrogatories, or a period after Plaintiffs serve their interrogatory responses. Plaintiffs further object to this interrogatory as overbroad, unduly burdensome, and not proportional

CONFIDENTIAL – SUBJECT TO PENDING PROTECTIVE ORDER

ground that it is overbroad, unduly burdensome, vague, and ambiguous to the extent that it seeks information not specific to the Incident. Plaintiffs further object to this interrogatory on the grounds that it seeks information that is irrelevant to any claim or defense in the lawsuit and disproportionate to the needs of the case. Plaintiffs further object to this interrogatory to the extent that it seeks information available from the public domain or by other more appropriate means.

This the 12th day of April, 2018.

As to objections,

_____
Joshua B. Picker
Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000 (Telephone)
(212) 841-1010 (Fax)
nroman@cov.com
jpicker@cov.com

Cecillia D. Wang
Katrina Eiland
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, CA 94111
(415) 343-0775 (Telephone)
(415) 395-0950 (Fax)

Hugh Handeyside
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York NY 10004
(212) 549-2500 (Telephone)

CONFIDENTIAL – SUBJECT TO PENDING PROTECTIVE ORDER

>Clara J. Shin
>Samantha Choe
>COVINGTON & BURLING LLP
>One Front Street
>San Francisco, CA 94111
>(415) 591-6000 (Telephone)
>(415) 591-6091 (Fax)
>
>Lala R. Qadir
>COVINGTON & BURLING LLP
>One CityCenter
>850 Tenth Street NW
>Washington, DC 20001
>(202) 662-5013 (Telephone)
>(202) 778-5013 (Fax)
>
>*Attorneys for Plaintiffs*

## VERIFICATION

I, _Kelley Amadei_, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this _10_ day of April, 2018 in _Garrison, NY_.

_____

## VERIFICATION

I, __OKSALA CASTRO__, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this ___ day of April, 2018 in __BROOKLYN, NY__.

_____

## VERIFICATION

I, Laura K. Cucullu, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this 9 day of April, 2018 in Oakland, California.

## VERIFICATION

I, Anne Garrett, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this 11 day of April, 2018 in Brooklyn, New York.

_____

## VERIFICATION

I, Corey D. Field, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this 11th day of April, 2018 in Washington, DC, USA.

*[signature]*

## VERIFICATION

I, __AMY LANIGAN__, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this __10__ day of April, 2018 in __SAN FRANCISCO__.

_[signature]_

## VERIFICATION

I, Matthew O'Rourke, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this 12th day of April, 2018 in New York, NY.

## VERIFICATION

I, _Eric M. Polk_, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this _10_ day of April, 2018 in _East Northport, NY_.

_Eric M. Polk_

## VERIFICATION

I, Karen Polk, am one of the Plaintiffs in this action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories, and know the contents thereof.

I declare under penalty of perjury under the laws of the United States that the facts set forth pertaining to me in the foregoing interrogatory responses are true to the best of my knowledge, information, or belief, and I therefore verify the relevant foregoing interrogatory responses on this 10 day of April, 2018 in East Northport, N.Y.

Karen Polk