UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KELLY AMADEI, et al.,

                          Plaintiffs,                        Civil Action No.
                                                            17-CV-5967

        - against -

KIRSTJEN NIELSEN, et al.,                              (Garaufis, J.)
                                                           (Scanlon, M.J.)

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PROPOSED STIPULATION AND ORDER FOR THE
PROTECTION OF DOCUMENTS AND INFORMATION**

      WHEREAS, Plaintiffs Kelley Amadei, Carola Cassaro, Laura Cucullu, Corey Fields, Anne Garrett, Amy Lanigan, Matt O'Rourke, Eric Polk, and Karen Polk ("Plaintiffs") brought the above-captioned action against Defendants Kirstjen Nielsen, Secretary of Homeland Security ("DHS"); Kevin K. McAleenan, Acting Commissioner of United States Customs and Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport, Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement ("ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; David Jennings, Director, San Francisco Field Office, ICE ("Defendants"); and CBP Officers JOHN DOEs 1 and 2, pursuant to the Fourth Amendment and the Administrative Procedure Act;

      WHEREAS, Plaintiffs seek to discover certain information and documents that are maintained by ICE, CBP, and DHS concerning this action, and the Defendants contend that such information and documents are protected by the law enforcement privilege and/or concern highly sensitive or confidential matters that would jeopardize the objectives of law enforcement if released to the general public;

WHEREAS, Defendants seek to discover certain information and documents in the possession, custody, or control of Plaintiffs concerning this action, and Plaintiffs contend that such information and documents concern highly sensitive or confidential matters that would cause harm if released to the general public;

WHEREAS, the parties agree that the documents and information may in some instances be protected from disclosure by federal and state privacy laws and regulations, including, but not limited to, the Privacy Act of 1974, 5 U.S.C. § 522a ("Privacy Act");

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case without making this confidential information public, the Court hereby enters this Stipulation and Order for the Protection of Documents and Information ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 522a(b)(11), for the purposes of assuring the protection and confidentiality of such information and documents.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their counsel, as follows:

1. In response to discovery requests, any Party, (a "Producing Party") may designate as "Confidential Material" any document that contains: information it asserts is covered by the Privacy Act or the law enforcement privilege; and information that is otherwise sensitive or confidential and whose public release would likely cause harm to a Producing Party or to the United States. The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce such records [subject to the Privacy Act] pursuant to the terms contained herein.

2. Confidential Material shall be used by any non-producing parties (each a "Receiving Party") solely for the purposes of this litigation, and shall not be used for any other

purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

3. A Producing Party shall designate Confidential Material by stamping on the documents, records and/or information to be produced the words "Confidential Material" or its equivalent. Any confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification by the Producing Party to the Receiving Party.

4. The Receiving Parties shall not make copies of Confidential Material except to the extent necessary for the litigation of this action and the preparation of this action for trial.

5. Confidential Material shall be handled as follows:

(a) Except as provided in paragraph 5(b) below, information designated as Confidential Material shall not be disclosed to the public in any form by the Receiving Parties or their respective counsel, nor disclosed to any other person or entity without further order of the Court or stipulation by the parties.

(b) Information designated as Confidential Material may be disclosed by the Receiving Parties or their respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such parties, or any current or former employees of such parties who are authorized to act on the parties' behalf, or who may be reasonably necessary to aid counsel in the prosecution or defense of this action; (2) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff; (3) outside vendors who perform scanning, photocopying, computer classification, or similar clerical functions, but only for the time period necessary to perform those

services; (4) the Court and its personnel; (5) court reporters who record depositions or other testimony in this case; (6) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (7) witnesses at any deposition in this action; (8) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (9) witnesses expected to testify at trial; and (10) any other person to whom the party who originally designated the material as confidential agrees in writing after being given five (5) business days written notice.

6.  A copy of this Protective Order shall be delivered to each of the named parties and to each person to whom a disclosure of information designated as Confidential Material is made, before the time of disclosure. Each of the named parties and persons given access to confidential information under the terms of this Protective Order shall be advised that the information is being disclosed pursuant to the terms of this Protective Order and may not be disclosed other than pursuant to such terms. The provisions of this Protective Order shall be binding upon each person to whom such disclosure is made. The provisions of this paragraph do not apply to the Court and its personnel.

7.  In response to Discovery Requests, a Producing Party may designate documents or information it asserts are protected by the law enforcement privilege; would jeopardize the objectives of law enforcement if released to the general public; or consist of highly sensitive personal information as "Highly Confidential Information."

8.  The term "Highly Confidential Information" encompasses any and all documents and records, and the information contained therein, that are relevant to this action, are required to be produced in response to discovery requests, are not available to the general public, are protected from disclosure pursuant to various privileges, laws, statutes, rules and regulations, or any other

authority, and which a Producing Party has designated as being produced only for individuals or categories of individuals as enumerated in paragraph 12.

9. Any documents a Producing Party designates as Highly Confidential Information shall be stamped as "Highly Confidential Information" prior to production.

10. If a Receiving Party contests the designation of particular documents as "Highly Confidential Information" or "Confidential Material" it shall first make a request in writing to the Producing Party to remove the contested designation. A party that cannot obtain agreement to change a designation may bring an appropriate application to remove the designation in this Court as governed by the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York.

11. Documents stamped "Highly Confidential Information" shall be used by counsel on behalf of the parties solely for the prosecution and/or defense of this action and shall not be published to the general public in any form, nor used for any administrative, business or commercial purpose, or enforcement action or other litigation.

12. The right of access to all materials designated as "Highly Confidential Information" shall be limited to the following authorized individuals:

(a) counsel for the parties, including support staff reasonably necessary to assist counsel and operating under counsel's direction, such as law students, paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction or direction;

(b) any deposition or trial witnesses who may testify concerning any documents and information designated as "Highly Confidential Information;"

(c) technical or other experts and consultants and their staff who are retained

by any party or party's counsel to assist in this action;

   (d) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

   (e) District Judges and Magistrate Judges of the Court and their staff; and

   (f) the Clerk of Court and his staff.

 13. Counsel to any Receiving Parties shall not disclose materials the Producing Parties have designated as "Highly Confidential Information" to the Receiving Parties, any third party not specified in Paragraph 12, or any unauthorized person without further order of the Court or stipulation by the parties. Nothing in this Protective Order imposes any obligations or limits on any Producing Party and/or counsel for that Producing Party to access and review documents deemed "Highly Confidential Information" that they have produced. Nor does this Protective Order limit or preclude United States government personnel's rights to access and review documents designated as "Highly Confidential Information" that Defendants have produced.

 14. All individuals to whom documents deemed "Highly Confidential Information" are disclosed: shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use "Highly Confidential Information," except in compliance with this Protective Order; and, shall, before receiving "Highly Confidential Information," acknowledge their agreement to comply with this Protective Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for all parties. The provisions of this paragraph do not apply to the Court or its personnel, or to counsel for the parties and their personnel.

 15. Each person to whom documents that are deemed "Confidential Materials" or

"Highly Confidential Information" is disclosed shall:

    (a)    maintain the information and documents protected from disclosure in a secure location;

    (b)    not reveal information and documents protected from disclosure to any person not authorized by and already subject to the terms of this Protective Order;

    (c)    not reveal or use the information and documents except for the purpose of assisting counsel in preparing and litigating this action; and

    (d)    not duplicate or copy the information and documents except for the purpose of making a motion before the Court or for use at trial, with any copies submitted in compliance with the terms of this order.

16. With respect to all information and documents designated as "Confidential Material" and/or "Highly Confidential Information" and any pleadings, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal," following the procedures for filing a motion for leave to e-file sealed documents, pursuant to the sealing instructions of the United States District Court for the Eastern District of New York, and the Court's Individual Rules.

17. Copies of "Confidential Materials" or "Highly Confidential Information" shall be made only to the extent necessary for the preparation of the case for trial and at the expense of the party making the copies.

18. Nothing in this Protective Order shall preclude any disclosure of documents that are subject to this Protective Order to any district judge, magistrate judge, or employee of the Court

for purposes of this case.

19.     Nothing in this Protective Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present "Confidential Materials" or "Highly Confidential Information" at a trial or hearing shall bring that issue to the Court's and parties' attention without disclosing the confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

20.     All "Confidential Material" or "Highly Confidential Information," and copies thereof, shall be returned to counsel for the Producing Party within thirty (30) days of the conclusion of this litigation by the signing of a final settlement agreement, or if applicable, after all trial and/or appellate proceedings have been completed.  In the alternative, counsel for the Receiving Parties may certify in a signed writing addressed to counsel for the Producing Parties that all "Confidential Material" and "Highly Confidential Information" has been destroyed. Counsel for the Receiving Parties may keep one set of all records in their official file, not to be produced to anyone except under the terms provided in this Protective Order.

21.     Inadvertent production of any "Confidential Material" or information or documents deemed "Highly Confidential Information" without being marked "Confidential Material" or "Highly Confidential Information" shall not in itself be deemed a waiver of any claim or confidentiality as to those documents or information.  If a Producing Party fails to mark an item as "Confidential Material" or "Highly Confidential Information" at the time of production, the Producing Party may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential.  In the event of inadvertent production or disclosure, the Producing Party may provide written notice to the parties identifying the material

inadvertently disclosed. Within five (5) business days of receipt of such notice, any Receiving Party shall return to the producing entity all such material, and copies thereof, in his, her or its possession.

22. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or admissibility of a document or information. Nor does this Protective Order constitute a ruling as to whether a Producing Party may withhold any particular document or category of information on the basis of privilege or statute.

23. This Protective Order does not constitute a waiver of any privilege or defense of any party regarding the production of the requested information. Thus, this Protective Order cannot be used as evidence of a waiver of any production objection, including, but not limited to, relevance, undue burden, overbreadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence.

24. This Protective Order is without prejudice to the rights of the parties to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties to apply to the Court for a further protective order relating to any confidential information.

25. Nothing in this Protective Order shall prohibit or limit a Producing Party or any of its agencies or employees from using or disclosing "Confidential Material" or "Highly Confidential Information" that it produced, to the extent that the Producing Party and/or its agencies and employees, would otherwise be authorized to do absent entry of the Protective Order.

26. The obligations imposed by this Protective Order survive the termination of this

action.

27. It is contemplated that this Stipulation and Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

\

[This space is intentionally left blank.]

\

Dated: New York, New York
May 4, 2018

Neil K. Roman, Esq.
Joshua B. Picker, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, NY 10018-1405

Cecillia Wang, Esq.
American Civil Liberties
Union Foundation
39 Drumm Street
San Francisco, CA 94111

Hugh Handeyside, Esq.
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

By: /s/ Joshua B. Picker
JOSHUA B. PICKER, ESQ.
(212) 841-1000

Dated: Brooklyn, New York
May 4, 2018

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
Attorney for Defendants
Kirstjen Nielsen, Secretary of Homeland Security; Kevin K. McAleenan, Acting Commissioner of United States Customs And Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport, Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement (ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; David Jennings, Director, San Francisco Field Office, ICE
271 Cadman Plaza East
Brooklyn, New York 11201

By:   /s/ Dara A. Olds
DARA A. OLDS
(718) 254-6148

**SO ORDERED:**

_____, 2018

_____
HONORABLE VERA M. SCANLON
United States Magistrate Judge
Eastern District of New York

# EXHIBIT A

## STIPULATION AND ORDER FOR THE PROTECTION OF DOCUMENTS AND INFORMATION – ACKNOWLEDGMENT FORM

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
KELLY AMADEI, et al.,

                        Plaintiffs,           Civil Action No.
                                              17-CV-5967
        - against -

KIRSTJEN NIELSEN, et al.,                     (Garaufis, J.)
                                              (Scanlon, M.J.)

                        Defendants.
------------------------------------------------X
```

## ACKNOWLEDGEMENT FORM FOR STIPULATION AND PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. I have read and understand the provisions of the Stipulation and Order for the Protection of Documents and Information in this case and I will comply with all of its provisions.

3. I will hold in confidence, and not disclose to anyone not qualified under the Stipulation and Order for the Protection of Documents and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Highly Confidential Information" that has been disclosed to me.

4. I will limit my use of "Confidential Material" or "Highly Confidential Information" solely to the purpose of this lawsuit.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____        Signed: _____