UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELLEY AMADEI, et al.,

                         Plaintiffs,

-against-

KIRSTJEN NIELSEN, et al.,

                         Defendants.

Civil No. 17 Civ. 5967 (NGG) (VMS)

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

As supplemental authority in support of their Memorandum in Opposition to Defendants' Motion to Dismiss, ECF No. 33, Plaintiffs submit the attached federal district court order denying the government's motion to dismiss in *Alasaad v. Nielsen*, No. 17-cv-11730-DJC, 2018 WL 2170323 (D. Mass. May 9, 2018), ECF No. 34 (attached as Exhibit A), which involved a challenge to the plaintiffs' standing to seek injunctive relief for alleged Fourth Amendment violations arising out of warrantless searches of digital devices during travel at airports and ports of entry.

The court held that "even if Plaintiffs do not allege an injury that is 'certainly impending,' they may still establish standing by plausibly alleging a substantial risk that harm will occur." *Id.* at *9; Ex. A at 19 (citing *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014)). The court further held that no particular numerical or percentage threshold of likelihood is necessary to show substantial risk, and it found the searches of the plaintiffs' digital devices—including searches that occurred on a single occasion—relevant to the likelihood of recurrence. *Id.* at *9–10; Ex. A at 19–21. That likelihood was not speculative, the court concluded, because the plaintiffs are challenging "conduct authorized by official policies" that "are in place and are being actively enforced." *Id.* at *10; Ex. A at 20–21. The court also

rejected the government's argument that the plaintiffs could not establish actual or imminent injury without alleging specific travel plans, and it found that the plaintiffs' allegations regarding the regularity of their travel, and their intent to travel in the future, were sufficient to demonstrate a "realistic risk of future exposure to [the] challenged policy." *Id.*; Ex. A at 22 (citation omitted).

June 4, 2018

        Respectfully submitted,

        s/ Hugh Handeyside
        Hugh Handeyside
        AMERICAN CIVIL LIBERTIES UNION FOUNDATION
        125 Broad Street, 18th Floor
        New York, NY 10004
        (212) 549-2500 (Telephone)
        (212) 549-2564 (Fax)

        Cecillia D. Wang
        Katrina Eiland
        AMERICAN CIVIL LIBERTIES UNION FOUNDATION
        39 Drumm Street
        San Francisco, CA 94111
        (415) 343-0775 (Telephone)
        (415) 395-0950 (Fax)

        Neil K. Roman
        Joshua B. Picker
        COVINGTON & BURLING LLP
        620 Eighth Avenue
        New York, NY 10018
        (212) 841-1000 (Telephone)
        (212) 841-1010 (Fax)

Clara J. Shin
Samantha Choe
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000 (Telephone)
(415) 591-6091 (Fax)

Lala R. Qadir
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5013 (Telephone)
(202) 778-5013 (Fax)

*Attorneys for Plaintiffs*