

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 13, 2018

*VIA ECF*

Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Kelley Amadei, et al. v. Kirstjen M. Nielsen, et al.
      <u>Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)</u>

Dear Judge Garaufis:

  This office represents seven named defendants who have been sued in their respective official capacities for allegedly violating Plaintiffs' Fourth Amendment rights against unreasonable searches and seizures when U.S. Customs and Border Protection ("CBP") officers asked Plaintiffs for identification upon exiting a commercial airplane at the conclusion of a domestic flight. On April 20, 2018, Defendants filed their fully-briefed motion to dismiss this action, which was brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 702.

  Defendants respectfully submit this letter in response to Plaintiffs' self-described Notice of Supplemental Authority, which was filed on June 4, 2018 (June 4 Notice). *See* ECF No. 40. The June 4 Notice offers, as authority, a memorandum and order styled *Alasaad v. Nielsen*, No 17-cv-11730-DJC, 2018 WL 2170323 (D. Mass. May 9, 2018).

  In *Alasaad*, eleven plaintiffs challenged a formal policy, to wit, published Immigration and Customs Enforcement ("ICE") and CBP directives concerning the search of electronic devices at the United States border. *Alasaad*, at *1. Plaintiffs requested declaratory and injunctive relief, arguing that their Fourth Amendment rights were violated by: 1) the alleged search of their electronic devices absent a warrant and probable cause, 2) the alleged detention of some of those devices, and 3) the government's alleged retention of information from those devices. *Id.*, at *9. The *Alasaad* court found that the plaintiffs had plausibly alleged standing for the declaratory and injunctive relief they sought.

  For the reasons outlined below, *Alasaad* is inapposite to the instant action. As a preliminary matter, Defendants do not concede that "substantial risk of injury," rather than "certainly impending injury," is the appropriate requirement for standing in this case. While the *Alasaad* court applied the "substantial risk" standard, the Supreme Court has repeatedly applied the "certainly impending" standard, and neither the Second Circuit nor the Supreme Court have

stated that "substantial risk" applies in this context. However, even if substantial risk were the appropriate standard, the court in *Alasaad* found that plaintiffs could meet that standard based on a factual scenario that is critically different from the facts alleged in the present case.

      First, the *Alasaad* plaintiffs alleged that, based on published statistics, CBP was on track to conduct approximately 30,000 searches of electronic devices at the border in fiscal year 2017, extrapolating that tally from data showing that CBP had been conducting approximately 2500 such searches per month. *Id*., at *9. The *Alasaad* plaintiffs themselves allegedly were subject to separate searches of their electronic devices at different points of entry throughout the United States. *Id*., at *5-8. Four of the plaintiffs allegedly were subject to searches on multiple occasions. *Id*., at *9. In contrast, in the present case, Plaintiffs allege one isolated incident in which they all had their identification checked at the conclusion of the same domestic flight.

      Second, the plaintiffs in *Alasaad* challenged searches conducted pursuant to published ICE and CBP directives. *Id*., at *1. Here, there are no such directives.

      Finally, the *Alasaad* plaintiffs argued that they were more likely than the general population to be subject to future searches of their electronic devices at the border because the federal employees who conducted such searches allegedly had access to information showing that the plaintiffs had been subject to such a search in the past. *Id*., at *9. The court found that allegation plausible in light of the fact that four of the plaintiffs allegedly had been subject to the established search policies more than once. *Id*.

      After review of all of the above, the *Alasaad* court held that plaintiffs had plausibly alleged "recurring conduct authorized by official policies." *Id*. *10. In contrast, here, Plaintiffs do not plausibly allege either recurring conduct or an official policy. Unlike the four plaintiffs alleging multiple searches in *Alasaad*, in this case, in spite of their claim of frequent domestic travel, Plaintiffs do not allege any instances before or since where they have been subject to an identification check of the type alleged in the complaint. Their own experience undermines the recurrence argument. They also plead no facts to suggest that having their identification checked at the conclusion of the subject domestic flight in any way affects the likelihood that they would be subject to such identification checks in the future.

      In sum, the "supplemental authority" offered by Plaintiffs is neither controlling in the Eastern District of New York nor relevant to this action.

                                  Respectfully submitted,

                                  RICHARD P. DONOGUE
                                  United States Attorney

                  By:    s/ Dara A. Olds
                                  DARA A. OLDS
                                  Assistant United States Attorney
                                  (718) 254-6148
                                  dara.olds@usdoj.gov

cc:      All counsel of record (via ECF)