# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

**Neil K. Roman**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5695
nroman@cov.com

July 12, 2018

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Amadei, et. al., v. Nielsen, et al.*, No. 17 Civ. 5967

Dear Judge Scanlon:

We represent Plaintiffs in the above-referenced matter, which concerns the unlawful post-flight detention and search at JFK Airport of passengers seeking to deplane a domestic flight (the "February 22, 2017 Incident"), and write to request that the Court compel Defendants to respond fully to Plaintiffs' Request for Production No. 16, and specifically to search the records of custodians at U.S. Customs and Border Protection ("CBP") headquarters in Washington, DC likely to possess documents responsive to that request.  Defendants are refusing to produce documents from custodians other than those employed at JFK Airport, despite the Court's directive at the discovery conference that CBP statements about the February 22, 2017 Incident should be produced regardless of whether they are "made from Washington or somewhere else, Manhattan, rather than at the airport."

## BACKGROUND

Plaintiffs' Request for Production No. 16 ("RFP No. 16" or "Request") seeks "[a]ll documents concerning communications between [Defendants] and any other person about this Action, the subject matter of this Action, or any allegations in the Complaint." *See* Ex. 1 at 17.

Plaintiffs served this Request more than five months ago, on February 5, 2018, but Defendants have not produced a single document in response to it.  Instead, Defendants served objections in which they agreed to produce only documents located at JFK Airport consisting solely of "communications between CBP Defendants and key CBP management officials."  *See id.* at 18.

Following a meet-and-confer in advance of the May 1, 2018 discovery conference, Defendants agreed to provide a list of those they deem "key CBP management officials." In reliance on that representation, Plaintiffs did not ask the Court to compel a response

**COVINGTON**

Honorable Vera M. Scanlon
July 12, 2018
Page 2

to RFP No. 16 at that time.  Defendants, however, failed to provide the promised list until Plaintiffs reminded them of their commitment by email dated June 7, 2018.  Ex. 2.

By letter dated June 14, 2018, Defendants provided the names of eight CBP custodians "who may have non-privileged documents responsive to Plaintiffs' Request for Production No. 16," Ex. 3, none of whom is employed at CBP headquarters or in the New York regional office.  Instead, each custodian appears to be employed at JFK Airport.  Most notably, two of the defendants likely to have discoverable information— then-Acting Commissioner of CBP, Kevin McAleenan, and Leon Hayward, Acting Director of CBP New York Field Operations—are not included.

Plaintiffs objected to these omissions by letter dated June 19, Ex. 4, and Defendants responded by letter dated June 25, reaffirming their refusal to search the files of CBP custodians employed outside JFK airport, Ex. 5.

## ARGUMENT

Defendants have no valid reason to limit discovery to custodians at JFK Airport. As noted above, the Court's Order does not provide for any such limitation, and the Court made plain at the discovery conference that Defendants must produce documents related to the February 22, 2017 Incident regardless of where they are maintained:

> The Court:    You're saying that the CBP spokesperson indicated that the identification checks were consistent with CBP policy.  Were they talking about what you're calling identification checks that were made in New York or something else?
>
> Mr. Handeyside:    The specific identification checks at issue in this lawsuit.
>
> The Court:    Yes.  ***So if it's about this lawsuit, the events in New York, they are made from Washington or somewhere else, Manhattan rather than at the airport, yes, you should produce them***.
>
> Ms. Olds:    That's fine, Your Honor.

Tr. of Mot. H'rg at 25:16-26:2 (May 1, 2018) (emphasis added).

Despite this clear indication from the Court and counsel's acknowledgement at the conference, Defendants continue to limit their discovery responses to documents located at JFK Airport by categorically excluding custodians stationed outside the airport, such as Defendants McAleenan and Hayward.  By so limiting, Defendants seek

**COVINGTON**

Honorable Vera M. Scanlon
July 12, 2018
Page 3

to exclude from their productions relevant communications concerning the February 22, 2017 Incident that Defendants and other CBP personnel located elsewhere likely had with other persons. Among other things, CBP published an official statement concerning the incident on its website on February 23, 2017, and yet Defendants offer no justification for excluding the CBP spokespersons and the CBP personnel who drafted and published the statement from their list of custodians. The Court expressly ruled that CBP statements about this incident, regardless of whether they are "made from Washington or somewhere else, Manhattan, rather than at the airport," should be produced.

In the FOIA context, courts have found an agency's search for documents inadequate where the agency did not "perform a search of all places it knew likely to turn up the information requested." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999) (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see also, Reporters Comm. for Freedom of Press v. FBI*, 877 F.3d 399, 407 (D.C. Cir. 2017) (FBI did not make good faith effort to search for documents because it failed to search for "guidelines and policies" at the FBI Director's Office even though the record showed the Director "directly and conspicuously weighing in on a pointedly relevant, highly public controversy to which the FOIA request expressly refers").

Nor can the Defendants justify excluding Defendants McAleenan and Hayward from the list of custodians. *See Williams v. Walker*, No. CIV S-07-2385 WBS GGH P, 2009 WL 5199227, at *9-10 (E.D. Cal. Dec. 22, 2009) (prison-related documentation is within possession, custody or control of prison warden sued in his official capacity which must be searched for responsive documents). As Acting Commissioner of CBP and Acting Director of CBP New York Field Operations, these Defendants are likely to have documents responsive to Plaintiffs' RFP No. 16, especially given inquiries made to them about the February 22, 2017 Incident, including on February 24, 2017, by Congressman Bennie G. Thompson, a member of the House Homeland Security Committee. *See* Compl. ¶ 70, Ex. B.

In light of the foregoing, Plaintiffs respectfully request that the Court order Defendants to identify additional custodians employed at CBP headquarters in Washington and at the New York Field Operations office who likely have discoverable information related to the February 22, 2017 Incident and to produce responsive documents in the possession, custody, or control of those custodians.

Respectfully submitted,

s/ Neil K. Roman
Neil K. Roman

**COVINGTON**

Honorable Vera M. Scanlon
July 12, 2018
Page 4

Enclosures

cc:      All counsel (by ECF)