UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KELLEY AMADEI, et al.,

                Plaintiffs,

   -against-

KIRSTJEN NIELSEN, et al.,

               Defendants.
-----------------------------------------------------------X

Civil Action

No. 17 Civ. 5967
(NGG)(VMS)

## OBJECTIONS AND RESPONSES OF DEFENDANTS KIRSTJEN NIELSEN, KEVIN MCALEENAN, LEON HAYWARD, AND FRANCIS RUSSO TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Kirstjen Nielsen, Kevin McAleenan, Leon Hayward, and Francis Russo ("CBP Defendants") by their attorney, RICHARD P. DONOGHUE, United States Attorney, Eastern District of New York, DARA A. OLDS, Assistant United States Attorney, of counsel, upon information and belief, hereby submits the following objections and responses to the Plaintiffs' First Set of Document Requests ("First Requests") as follows:

### RESERVATION OF RIGHTS

1.    CBP Defendants' investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, CBP Defendants' right to rely on other facts or documents at trial.

2.    CBP Defendants expressly reserve the right to supplement, clarify, revise or correct any or all of the responses herein at any time. By making the following responses to Plaintiffs' discovery demands, CBP Defendants do not waive, and hereby expressly reserve, the right to assert any and all objections to the admissibility of such responses into evidence at the

trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality and privilege. Further, CBP Defendants make the responses herein without in any manner implying or admitting that the discovery requests are relevant or material to the subject matter of this action.

3. CBP Defendants will produce responsive information only to the extent that such information is in the possession, custody, or control of U.S. Customs and Border Protection ("CBP") at John F. Kennedy International ("JFK") Airport as set forth in the Federal Rules of Civil Procedure. CBP Defendants' possession, custody, or control does not include any constructive possession that may be conferred by CBP Defendants' right or power to compel the production of documents or information from third parties or to request their production from other agencies of the United States.

4. A response to a document request stating that objections and/or indicating that documents or information will be produced shall not be deemed or construed that there are, in fact, responsive documents or information, that CBP Defendants performed any of the acts described in the request, or definitions and/or instructions applicable to the request, or that CBP Defendants acquiesce in the characterization of the conduct or activities contained in the request, or definitions and/or instructions applicable to the request.

5. CBP Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publically available documents and information including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1. CBP Defendants' responses to the First Requests are made to the best of their current knowledge, information, and belief, and they reserve the right to supplement and amend these responses as discovery in this matter progresses.

2. CBP Defendants object to the First Requests to the extent that they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure and to the extent that they purport to impose burdens going beyond the duty to respond as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3. CBP Defendants object to the First Requests to the extent that they request information or documents that are subject to privilege, including but not limited to, the attorney-client privilege, the attorney work product privilege, information prepared in anticipation of litigation or for trial (i.e., work product doctrine), the law enforcement privilege, the official information privilege, the deliberative process privilege, the state secrets privilege, the Privacy Act (5 U.S.C. § 552a), and/or any other federal or state statute, regulation or executive order. The inclusion of any such information in any response to the First Requests shall not constitute a waiver of any privilege, protection, immunity, or any other ground for objecting to discovery with respect to any document, communication, its subject matter, the information contained therein, or of CBP Defendants' right to object to the use of any such document or the information contained therein during the present litigation or otherwise. Furthermore, in making its response, CBP Defendants reserve the right to recall any document that has been produced inadvertently and that is otherwise protected by the attorney-client privilege, the work-product doctrine, deliberative process privilege, or by any other applicable privilege, protection, and immunity from discovery.

4. CBP Defendants object to the First Requests to the extent they require the discovery of information that is not in the possession, custody or control of CBP Defendants at JFK Airport.

5. CBP Defendants object to the First Requests to the extent that they fail to specify any time limitation, specific subject matter limitation, or specific geographical limitation and as such are (a) unduly burdensome and oppressive and would place upon CBP Defendants an unreasonable burden of inquiry, or (b) so broad and vague as not to be susceptible to reasoned interpretation.

6. CBP Defendants object to the First Requests to the extent that they seek information regarding matters that are part of the public record, or to the extent that the information sought is as readily available to Plaintiffs as to CBP Defendants.

7. CBP Defendants object to the First Requests to the extent that they purport to (a) seek information that is not relevant to the subject matter involved in the present action; (b) seek information that does not appear reasonably calculated to lead to the discovery of information relevant to any party's claim or defense; (c) seek information that is not proportional to the needs of the case; and/or (d) seek information wherein the burden or expense of the requested discovery outweighs its likely benefit.

8. CBP Defendants object to the First Requests to the extent that they seek documents and other materials that are publicly available and/or equally available to Plaintiffs.

9. CBP Defendants object to the First Requests to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtained from some other source that is more convenient, less burdensome, or less expensive.

10. Defendants object to the First Requests to the extent that they request information not compiled or maintained in the normal course of business activity, which CBP Defendants would object to as unduly burdensome, unduly expensive, and unduly resource intensive for purposes of responding to putative class discovery.

11. CBP Defendants object to the First Requests to the extent that they request the production of electronically stored information for which compliance would be unduly burdensome or costly.

12. CBP Defendants object to each and every request, definition, and instruction contained in the First Requests to the extent that any such request, definition, or instruction contains inaccurate, incomplete, or misleading descriptions of the facts, events, or pleadings underlying this action. The production of any documents or information shall not constitute CBP Defendants' agreement with or acquiescence to any such description. Further, CBP Defendants' usage of any defined term in response to the First Requests is for ease of reference, and shall not constitute CBP Defendants agreement with, or acquiescence to, or adoption of, any such defined term.

13. CBP Defendants object to the First Requests to the extent that they call for the production of "all" documents pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome. To the extent that CBP Defendants agree to the production of documents in response to any request, they will search those files in their possession, custody, or control at JFK Airport where there is a reasonable likelihood that responsive documents may be located.

14. No objection or limitation, or lack thereof, made in these responses shall be deemed an admission as to the existence or nonexistence of information or documents.

15. CBP Defendants incorporate these General Objections by reference into the specific objections set forth below; the failure to repeat any General Objections does not constitute a waiver of any sort. CBP Defendants hereby assert their right to amend their objections and do not intend to waive them.

**OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS AND DEFINITIONS**

1. CBP Defendants object to Definition No. 1(b) regarding "Document" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. CBP Defendants further object to Definition No. 1(b) to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

2. CBP Defendants object to Definition No. 1(d) regarding "defendant." The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than CBP at JFK Airport and its present employees, principals, officials, agents, and attorneys either assigned to or reviewing this case.

3. CBP Defendants object to Definition No. 3 regarding "Defendants." The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than CBP at JFK Airport and its present employees, principals, officials, agents, and attorneys either assigned to or reviewing this case.

4. CBP Defendants object to Definition No. 7 regarding "Incident." The Definition is vague, ambiguous and overly broad to the extent that it fails to define the specific time frame encompassed by "leading up to, including, and following" February 22, 2017.

5. CBP Defendants object to Definition No. 8 regarding "Domestic flight." The Definition does not comport with the definition of a domestic flight under Federal Regulations.

6. CBP Defendants object to Definition No. 10 as overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than CBP and its present employees, principals, officials, agents, and attorneys either assigned to or reviewing this case.

7. CBP Defendants object to Definition No. 11 as overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than CBP and its present employees, principals, officials, agents, and attorneys either assigned to or reviewing this case.

8. CBP Defendants object to Instruction No. 1 regarding documents "in your possession, custody, or control" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. CBP Defendants further object to this instruction as overbroad and unduly burdensome to the extent it seeks (a) documents in the possession, custody, or control of individuals, agencies, or entities other than CBP at JFK Airport and its present employees, principals, officials, agents, and attorneys either assigned to or reviewing this case, and (b) documents in possession, custody, or control of CBP at JFK Airport and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable.

9. CBP Defendants object to Instruction No. 2 regarding "documents that were applicable, effective, prepared, written, generated, sent, dated, or received" as overbroad and unduly burdensome to the extent it seeks documents in possession, custody, or control of CBP at JFK

Airport and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable.

10. CBP Defendants object to Instruction No. 4 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

11. CBP Defendants object to Instruction No. 5 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. CBP Defendants further object to this instruction regarding document "attachments, drafts, and non-identical copies, including copies that differ by virtue of handwritten or other notes or markings" as overbroad and unduly burdensome to the extent it seeks documents in possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable.

12. CBP Defendants object to Instruction No. 6 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

13. CBP Defendants object to Instruction No. 7 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

14. CBP Defendants object to Instruction No. 9 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

15. CBP Defendants object to Instruction No. 10 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

## CBP DEFENDANTS' SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1. **All communications with or documents reflecting communications with Delta concerning any passengers subject to deportation orders traveling unaccompanied aboard Delta Flight 1583 from San Francisco to JFK on February 22, 2017.**

Response No. 1:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport. Further, the request places no limitation on relevant time frame, despite the subject matter of this litigation occurring on one date, February 22, 2017.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

2. **All documents, including ESI and telephone logs or other similar documents, sufficient to show all telephone calls or any other communications with Delta on February 22, 2017, concerning the identification check conducted on Delta Flight 1583.**

Response No. 2:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

3. **All documents, including ESI and telephone logs or other similar documents, sufficient to show all telephone calls or any other communications between or among any Defendants on February 22, 2017, concerning the identification check conducted on Delta Flight 1583.**

Response No. 3:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport. CBP Defendants further object to this request to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

4.  **Documents sufficient to identify all persons involved in authorizing the identification checks of domestic airline passengers while deplaning from Delta Flight 1583 on February 22, 2017.**

Response No. 4:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

5.  **All documents reflecting or concerning policies, practices, and procedures related to identification checks of disembarking domestic airline passengers by CBP and U.S. Immigration and Customs Enforcement ("ICE") effective on February 22, 2017 and any subsequent changes to such policies, practices, and procedures.**

Response No. 5:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP Defendants further object on the grounds that this request seeks documents or information that is neither relevant to the subject matter involved in the present action, nor proportional to the needs of the case.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

6.   **All documents reflecting or concerning CBP and ICE policies, practices, and procedures related to persons subject to deportation orders traveling unaccompanied on domestic commercial flights effective as of January 1, 2015 and any subsequent changes to such policies, practices, and procedures.**

Response No. 6:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP

Defendants further object on the grounds that this request seeks documents or information that is neither relevant to the subject matter involved in the present action, nor proportional to the needs of the case.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

7. **All documents concerning your statement in the Letter Motion for Pre-Motion Conference that following the Incident, ICE's New York Enforcement and Removal Operations Office "changed its procedures concerning deportation of persons for whom a removal order has been issued" in February of 2017, including all documents relied upon in making this decision and all documents consulted in preparing the statement. ECF No. 19 at 3.**

Response No. 7:   Request No. 7 is not directed to CBP Defendants.

8. **All documents concerning any other incidents since January 1, 2015 where CBP or ICE asked all or virtually all passengers for their identification at the point of arrival on a domestic flight.**

Response No. 8:   CBP Defendants object to this request to the extent that it is overly broad as to time frame, requests documents or information that would be unduly burdensome to locate, and is not reasonably calculated to lead to the discovery of documents or information relevant to a claim or defense. CBP Defendants further object on the grounds that this request seeks documents or information that is neither relevant to the subject matter involved in the present action, nor proportional to the needs of the case. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

9. **All documents concerning correspondence with any member of Congress, the Port Authority of New York and New Jersey, JFK International Air Terminal, LLC, the New York City Police Department, the Federal Aviation Administration, or the United States Department of Transportation related to the Incident.**

Response No. 9:   CBP Defendants object to this document request to the extent it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of documents or information relevant to a claim or defense. CBP Defendants further object on the grounds that this request seeks documents or information that is neither relevant to the subject matter involved in the present action, nor proportional to the needs of the case. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport, or which are publicly available and/or equally available to Plaintiffs.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

10. **All documents, including reports generated by Defendants or other employees or agents of CBP, ICE, or the U.S. Department of Homeland Security ("DHS") concerning the Incident on February 22, 2017.**

Response No. 10:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process

privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP Defendants further object to this request to the extent it requests documents from divisions of the Department of Homeland Security other than CBP Defendants and ICE Defendants. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

**11.     All documents concerning the statement released by CBP on February 23, 2017 referenced at Paragraph 57 of the Complaint, including drafts of the statement.**

Response No. 11:     CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

12. **All documents concerning the statement by the CBP spokesperson published in Rolling Stone on February 23, 2017 referenced at Paragraph 61 of the Complaint, including drafts of the statement.**

Response No. 12:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

13. **All documents concerning the statement by the CBP spokesperson published in Gothamist on February 23, 2017 referenced at Paragraph 63 of the Complaint, including drafts of the statement.**

Response No. 13:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

14. **All documents concerning the statements by CBP and DHS spokespersons published in The Independent on February 24, 2017 referenced at Paragraph 64 of the Complaint, including drafts of the statement.**

Response No. 14:   CBP Defendants object to this request as overbroad and unduly burdensome to the extent that it requests documents or information in the possession, custody, or control of CBP and its present officers, employees, principals, officials, agents, and attorneys to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

15. **All organizational charts and similar documents setting forth the hierarchical and/or organizational structure of the DHS, CBP, and ICE and the lines of authority within and between DHS, CBP's New York Field Operations, CBP's JFK International Airport Port of Entry, ICE's Enforcement and Removal Operations New York Field Office, and ICE's Enforcement and Removal Operations San Francisco Field Office.**

Response No. 15:   CBP Defendants object to this document request to the extent it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of

documents or information relevant to a claim or defense. CBP Defendants further object on the grounds that this request seeks documents or information that is neither relevant to the subject matter involved in the present action, nor proportional to the needs of the case. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or control of CBP at JFK Airport, or which are publicly available and/or equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport.

16.  **All documents concerning communications between you and any other person about this Action, the subject matter of this Action, or any allegations in the Complaint. This request is not limited in time.**

Response No. 16:    CBP Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. The request is overbroad as it requests all communication about any allegation, with no specificity whatsoever as to how the request would pertain to any party's claim or defense. Further, the request places no limitation on relevant time frame, despite the subject matter of this litigation occurring on one date, February 22, 2017. CBP Defendants further object to this document request to the extent it is not reasonably calculated to lead to the discovery of documents or information relevant to a claim or defense, seeks documents or information that are irrelevant to the subject matter involved in the present action, and/or seeks documents or information not proportional to the needs of the case. CBP Defendants further object to this request as overbroad and unduly burdensome to the extent that it requests documents or information not within the possession, custody, or

control of CBP at JFK Airport, or which are publicly available and/or equally available to Plaintiffs.

Subject to, and without waiving, or in any way limiting these objections, CBP Defendants will produce non-privileged, non-protected documents responsive to this Request that are located after a reasonable search of documents in their possession, custody, or control at JFK Airport. CBP Defendants have limited their search to communications between CBP Defendants and key CBP management officials, from February 8, 2017 to the present.

Dated: Brooklyn, New York
       March 12, 2018

                              RICHARD P. DONOGHUE
                              United States Attorney
                              *Counsel for the United States of America*
                              Eastern District of New York
                              271 Cadman Plaza East, 7th Floor
                              Brooklyn, New York 11201

                     By:  /s/ Dara A. Olds
                              DARA A. OLDS
                              Assistant United States Attorney
                              (718) 254-6148
                              dara.olds@usdoj.gov