

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 17, 2018

**VIA ECF**

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Kelley Amadei, et al. v. Kirstjen M. Nielsen, et al.**
             **Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)**

Dear Judge Scanlon:

      This office represents the following defendants, each sued in their official capacity: Kirstjen M. Nielsen, Secretary of Homeland Security; Kevin K. McAleenan, Acting Commissioner of United States Customs and Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport ("JFK Airport"), Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement ("ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; and David Jennings, Director, San Francisco Field Office, ICE (collectively "Defendants").

      Defendants write in response to Plaintiffs' Motion, filed on July 12, 2018, to Compel Defendants to name additional custodians of records in response to Plaintiffs' Request for Production of Documents, No. 16 ("Plaintiffs' Motion").

      By way of background, Plaintiffs filed this action on October 12, 2017. *See* Complaint, Dkt. No. 1 ("Compl."). Plaintiffs allege that on February 22, 2017, they were passengers on Delta Flight 1583, a domestic flight from San Francisco to JFK Airport, and that upon their arrival in New York, two CBP officers required all passengers on the flight to show identification as they disembarked the plane. Compl., ¶¶ 1-2. Plaintiffs allege that such an identification check violated their Fourth Amendment rights, and that, to the extent CBP officers acted pursuant to a policy in checking the passengers' respective identification, such policy violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C). Compl., ¶ 10.

      In their written discovery demands, Plaintiffs requested: "All documents concerning communications between [Defendants] and any other person about this Action, the subject matter of this Action, or any allegations in the Complaint." Plaintiffs' Request No. 16. In response, Defendants objected to this extremely broad and ambiguous request, on several grounds, including that it sought information that was irrelevant and out of proportion to the needs of this case.

Defendants offered to identify the key CBP management officials who were most likely to have documents concerning the February 22, 2017 incident. On June 14, 2018, Defendants sent a letter identifying eight such individuals.[1] In that June 14, 2018 letter, Defendants reserved the right to supplement the list as additional CBP documents are collected and reviewed. By letter dated June 19, 2018, Plaintiffs requested that additional CBP employees be added to the list of key management officials. In a letter dated June 25, 2018, Defendants reiterated that they would supplement the list if warranted as CBP documents were collected and reviewed. Without any discussion between the parties, Plaintiffs filed the instant motion.

As an initial matter, Plaintiffs filed the instant motion in violation of Local Civil Rule 37.3, which requires that the parties meet and confer in person or by telephone to resolve any outstanding disputes in advance of filing a discovery motion. Plaintiffs take issue with Defendants' June 14, 2018 letter. Plaintiffs have not conferred with Defendants concerning the June 14, 2018 letter, as required by Local Civil Rule 37.3. Accordingly, Plaintiffs' motion is premature. *See Williams v. Fire Sprinkler Associates, Inc.*, No. 15-cv-3147(ADS)(AKT), 2017 WL 1156012 at *1 (E.D.N.Y. March 27, 2017) (failure to meet and confer, as required by Local Civil Rule 37.3, is sufficient grounds to reject a motion to compel discovery).

Plaintiffs also mistakenly characterize Defendants' subsequent June 25, 2018 letter as a "refusal to search the files of CBP custodians employed outside JFK airport." Plaintiffs' Motion, p. 2. Rather, as Defendants' June 25, 2018 letter makes clear, Defendants have identified a group of CBP employees most likely to have information related to the February 22, 2017 incident. Again, Defendants reserved the right to supplement the aforementioned list of individuals as additional CBP documents are collected and reviewed. In compliance with Your Honor's May 1, 2018 Order, Defendants are reviewing documents from said CBP custodians for any non-privileged responsive documents related to the subject incident. As Defendants acknowledged in the June 25, 2018 letter, "an appropriate custodian may be identified outside of JFK Airport." Defendants fully intend to supplement the list of appropriate custodians as documents are collected and reviewed for production. The initial list of eight CBP employees as enumerated in Defendants' June 14, 2018 letter is not an attempt by Defendants to limit custodians to CBP employees working at JFK Airport.

As to timeliness, Defendants respectfully inform the Court that they have been hampered in their efforts to produce documents in this matter, in part, due to limited space within CBP's e-discovery servers. Defendants are working to producing the first rolling set of CBP documents imminently.

---

[1] Importantly, the June 14, 2018 letter was marked "Confidential," pursuant to the Protective Order entered by this Court on May 7, 2018. *See* Dkt No. 39. Plaintiffs filed the June 14, 2018 letter (Plaintiffs' Motion, Exhibit 3) in violation of the Protective Order, which requires that material designated "Confidential" be filed under seal. Defendants request that Exhibit 3 of Plaintiff's Motion be removed from the docket.

Accordingly, Defendants request that the Court deny Plaintiffs' motion to compel in its entirety.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: s/ Dara A. Olds
DARA A. OLDS
Assistant United States Attorney
(718) 254-6148
dara.olds@usdoj.gov

cc: Via ECF
Neil K. Roman
Joshua B. Picker
Clara J. Shin
Lala R. Qadir
Samantha J. Choe
Cecillia D. Wang
Katrina Eiland
*Attorneys for Plaintiffs*