

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 7, 2018

*VIA ECF*

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Kelley Amadei, et al. v. Kirstjen M. Nielsen, et al.</u>
     <u>Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)</u>

Dear Judge Scanlon:

  This office represents the following defendants, each sued in their official capacity: Kirstjen M. Nielsen, Secretary of Homeland Security; Kevin K. McAleenan, Commissioner of U.S. Customs and Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport ("JFK Airport"), Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement ("ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; and David Jennings, Director, San Francisco Field Office, ICE (collectively "Defendants").

  Defendants write in response to Plaintiffs' Motion, filed on August 2, 2018, seeking to compel Defendants to complete their production of documents by August 15, 2018, and to impose sanctions. Dkt. No. 18 ("Plaintiffs' Motion"). As demonstrated below, Defendants have been producing documents in good faith and communicating with Plaintiffs' counsel regarding the status of production, which the government is endeavoring to complete. Accordingly, this motion should be denied.

  By way of background, Plaintiffs allege that on February 22, 2017, they were passengers on Delta Flight 1583, a domestic flight from San Francisco to JFK Airport, and that upon their arrival in New York, two CBP officers required all passengers on the flight to show identification as they disembarked the plane. Plaintiffs allege that such an identification check violated their Fourth Amendment rights, and that, to the extent CBP officers acted pursuant to a policy in checking the passengers' respective identification, such policy violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C).

  In this action, Plaintiffs have requested documents from three agencies: ICE, CBP, and the Department of Homeland Security ("DHS"). Counsel for the agencies have been working diligently to collect documents and review them for responsiveness and privilege before sending

them to this Office. And while the undersigned has also been working persistently with counsel for the agencies, it has taken longer than anticipated to collect, review, and produce the information requested.

Even with these challenges, to date, Defendants have produced 458 documents from CBP, as well as documents from ICE. While our office anticipated sending out additional ICE documents on July 20, 2018, further discussion was required before those additional ICE documents could be produced. This Office had updated Plaintiffs as to the status of the production during a telephone conference on Thursday, August 2, 2018. As Defendants believe that the parties can continue to collaborate throughout the discovery process, and Defendants are producing documents from three agencies as fast as available personnel can locate responsive documents and confer regarding the applicability of any privileges and corresponding redactions, Plaintiffs' motion should be denied in its entirety.

As outlined in their motion to compel, Plaintiffs' complaints center mostly on the fact that by the date of filing of their motion they had not yet received documents from CBP. During last week's telephone conference between the parties, the undersigned clarified the process by which CBP documents have been and continue to be collected and prepared for production.

As explained to Plaintiffs, CBP's e-Discovery Team, located in the Washington, D.C. area, handles email discovery searches for the entirety of CBP, and must process such electronic searches for every federal and administrative litigation against CBP nationwide. Following identification and collection by CBPs e-Discovery Team, the documents are reviewed by CBP agency counsel for responsiveness and/or privilege. Responsive documents are then sent to this Office, where they are forwarded to the Department of Justice Litigation Technology Service Center ("LTSC").

The LTSC has been uploading the documents into Relativity, a web-based discovery management system that allows the undersigned to review, apply bates numbering, and if necessary, apply any redactions to the documents prior to production. The LTSC supports all 93 United States Attorney's offices. It handles both the loading of documents into Relativity, as well as preparation for production once review in Relativity is complete. As U.S. Attorney's offices nationwide are involved in lawsuits requiring the processing of electronically stored information, there is a lag time between when the documents are received by the LTSC and when they are loaded into Relativity. Accordingly, review and production of the documents is time-consuming. And while all parties are working diligently, this process makes it difficult to state with specificity when the collection of documents will be concluded and when Defendants will complete their production.

As mentioned above, the first group of CBP documents was sent to Plaintiffs today and will be received by August 10, as outlined to Plaintiffs' counsel in last week's telephone conference. The second group of CBP documents has been sent to the LTSC for upload where it will be reviewed by the undersigned for responsiveness and privilege and any necessary redactions will be made. CBP is reviewing additional groups of documents which are being sent to the undersigned for processing by the LTSC on a rolling basis. The government is working to produce additional documents as quickly as possible.

      Sanctions are not appropriate in this case.  As Plaintiffs' request for sanctions is based on a mischaracterization of Defendants' conduct, and as Defendants are acting in good faith to produce responsive, non-privileged material expeditiously, Plaintiffs' request for sanctions should be denied.  Defendants timely responded to Plaintiffs' discovery requests.  And as Plaintiffs acknowledge, Defendants also began production the week following the Court's May 1, 2018 discovery conference.  Further, the present delay in production is not due to any willful intent to disregard the Court's orders.  Defendants informed Plaintiffs of the problems causing the delays, and also informed the Court in their last filing that limited space within CBP's e-discovery servers slowed production and that Defendants were working to produce the first rolling set of CBP documents imminently.  *See* Dkt. No. 19. Defendants provided more detailed information to Plaintiffs during last week's telephone conference, explaining the process for production.

      As Defendants and this Office are working together to complete discovery as quickly as possible, Defendants request that the Court deny Plaintiffs' motion to compel and for sanctions in its entirety.

      Respectfully submitted,

      RICHARD P. DONOGHUE
      United States Attorney

By:   s/ Dara A. Olds
      DARA A. OLDS
      Assistant United States Attorney
      (718) 254-6148
      dara.olds@usdoj.gov

cc:   <u>Via ECF</u>
      Neil K. Roman
      Joshua B. Picker
      Clara J. Shin
      Lala R. Qadir
      Samantha J. Choe
      Cecillia D. Wang
      Katrina Eiland
      *Attorneys for Plaintiffs*