**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Joshua B. Picker

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1124
jpicker@cov.com

September 12, 2018

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Amadei, et. al., v. Nielsen, et al.*, No. 17 Civ. 5967

Dear Judge Scanlon:

We represent Plaintiffs in the above-referenced matter and write in response to the Court's Order of August 15, 2018 (ECF No. 48), which directed the parties to confer and submit a letter outlining the schedule for depositions.[1]

The parties conferred by telephone on Tuesday, September 11 and can report both agreement and disagreement on depositions. The parties agree as to a tentative schedule for the nine depositions listed below, are negotiating the scope, dates, and/or locations for another nine depositions, and reserve the right to notice further depositions.

*Confirmed Depositions*

| Date | Location | Name | Position / Role | Noticing Party |
|---|---|---|---|---|
| 9/20/2018 | Manhattan | Dennis Starr | ICE Officer | Plaintiffs |
| 9/27/2018 | Manhattan | Everlyn Pradoguevara | ICE Officer | Plaintiffs |
| 10/2/2018 | Manhattan | Rey Rivera Perez | CBP Officer | Plaintiffs |

---

[1] Defendants have indicated they consent to the filing of a letter that includes only the first two paragraphs of this letter and the "Confirmed Depositions" chart. Defendants decline to submit this letter as a "joint letter" because they assert that it is improper for the parties to state their positions as to why they have not yet agreed to a complete deposition schedule.

COVINGTON

Honorable Vera M. Scanlon
September 12, 2018
Page 2

| | | | | |
|---|---|---|---|---|
| 10/4/2018 | Brooklyn | Kelley Amadei | Plaintiff | Defendants |
| 10/22/2018 | San Francisco | James Bonasoro | Flight Attendant, Delta Air Lines | Plaintiffs |
| 10/23/2018 | San Francisco | Bryan Hoffman | Flight Attendant, Delta Air Lines | Plaintiffs |
| 10/25/2018 | San Francisco | Martha Shaffer | Flight Attendant, Delta Air Lines | Plaintiffs |
| 10/26/2018 | San Francisco | Aimee Walsh | Flight Attendant, Delta Air Lines | Plaintiffs |
| 12/4/2018 | Brooklyn | Carola Cassaro | Plaintiff | Defendants |

*Plaintiffs' Positions Regarding Open Deposition Issues[2]*

Three issues prevent the parties from finalizing eight of the nine additional depositions mentioned above, including Defendant U.S. Customs and Border Protection ("CBP")'s 30(b)(6) deposition, the depositions of six plaintiffs who reside outside of the New York area, and the deposition of Christian Schultz, a former CBP officer who conducted some of the identification checks here at issue.

*First*, CBP refuses to appear for its Rule 30(b)(6) deposition duly noticed for this Monday, September 17. Plaintiffs noticed the CBP deposition on August 15, listing 14 topics for examination. Defendants were silent for more than three weeks. On September 10—one week before the noticed deposition—Plaintiffs received boilerplate objections to the noticed topics.

In response to Plaintiffs' inquiries during the September 11 meet-and-confer, Defendants disclosed for the first time that CBP would not produce a witness for the noticed examination on September 17, nor would they designate a CBP deponent or

---

[2] Shortly before the close of business, Defendants objected to the inclusion of Plaintiffs' positions as described in this section, citing the parties' ongoing negotiations. Plaintiffs indicated by reply email that it is necessary to explain to the Court the reasons that the parties are presently unable to agree to a full deposition schedule. Plaintiffs afforded Defendants an opportunity to provide a statement of their positions in response as part of the letter and they declined to do so.

COVINGTON

Honorable Vera M. Scanlon
September 12, 2018
Page 3

deponents before resolution of their objections. Instead, Defendants demanded that Plaintiffs adjourn the examination to negotiate regarding Defendants' objections.

CBP's conduct is unacceptable. CBP's failure to comply with the 30(b)(6) deposition notice is its latest instance of discovery abuse. Its service of written objections barely a week before the deposition has no effect as a matter of law and frustrates an already-delayed discovery process.

Nevertheless, because Plaintiffs wish to avoid successive requests for court intervention, and in light of the recently extended discovery deadline, Plaintiffs have proposed a structured negotiation process whereby the parties will resolve Defendants' objections to the 30(b)(6) notice or Defendants will move for a protective order.

The parties have agreed to the following schedule for those negotiations:

- By Wednesday September 19, Defendants will email a letter to Plaintiffs detailing the portions of each 30(b)(6) topic to which they object and the reasons for those objections.

- By Wednesday September 26, Plaintiffs will email a letter to Defendants responding to any objections in the September 19 letter.

- By Friday, September 28, the parties will confer by telephone concerning any topics that remain in dispute following the exchange of letters.

- By Friday, October 12: CBP will either designate witness(es) or move for a protective order according to the Court's individual practices.

*Second*, Defendants have indicated that they may refuse to permit the six plaintiffs who reside outside New York to be deposed in their home areas or remotely by telephone or video. Plaintiffs hope that Defendants will reconsider their position in light of the strong policy in this District favoring remote depositions, the burdens placed on Plaintiffs, all of whom are private citizens who simply had the misfortune to travel on Delta 1583, and the minimal risk of prejudice to the government. Plaintiffs will move for a protective order if the parties cannot agree as to a location and method of examination.

*Third*, despite Defendants' reluctance to depose Plaintiffs in their home areas or remotely, they have insisted that Plaintiffs take the deposition of one of their party witnesses in Georgia. In particular, Defendants have indicated that CBP Officer Christian Schulz—one of two officers originally named as John Doe defendants in this action—has left CBP and is now employed by Defendant U.S. Immigration and Customs Enforcement ("ICE") in Georgia. It bears mention that Defendants' position is

COVINGTON

Honorable Vera M. Scanlon
September 12, 2018
Page 4

inconsistent with those they have taken not just with respect to the depositions of the named Plaintiffs but also in meet-and-confers during which they represented that Plaintiffs need not amend their complaint to name Mr. Schultz because doing so would have no effect on Plaintiffs' claims. Plaintiffs do not object to taking Mr. Schultz's deposition in his home area or remotely provided that the Plaintiffs are afforded the same courtesy.

*   *   *

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,<br>
s/ Joshua B. Picker<br>
Joshua B. Picker

cc:   All counsel (by ECF)