

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 13, 2018

*VIA ECF*

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Kelley Amadei, et al. v. Kirstjen M. Nielsen, et al.
              Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)

Dear Judge Scanlon:

      This Office represents the defendants, in the above-referenced matter, sued in their official capacities: Kirstjen M. Nielsen, Secretary of Homeland Security; Kevin K. McAleenan, Commissioner of United States Customs and Border Protection ("CBP"); Leon Hayward, Acting Director, CBP New York Field Operations; Francis J. Russo, CBP Port Director, John F. Kennedy International Airport ("JFK Airport"), Port of Entry; Thomas Homan, Acting Director, United States Immigration and Customs Enforcement ("ICE"); Thomas Decker, Director, New York Field Office, Enforcement and Removal Operations, ICE; and David Jennings, Director, San Francisco Field Office, ICE (collectively "Defendants").

      Pursuant to this Court's August 15, 2018 Order, the parties were to confer and file a letter with a deposition schedule outline by September 12, 2018. *See* Dkt. No. 48. The parties had a telephone discussion on September 11, 2018. On September 12, Plaintiffs emailed a proposed joint letter to Defendants including issues about which the parties continue to confer. Accordingly, the parties were unable to file a joint letter and each side filed separate letters.

      As indicated in Defendants' September 12, 2018 letter (Dkt No. 52), the parties have reached an agreement on a tentative deposition schedule for nine of the witnesses noticed. However negotiations are ongoing with respect to the remaining depositions, and the issues concerning those depositions are not yet ripe for judicial resolution; indeed, beyond outlining the depositions that have been scheduled and noticed to date, Plaintiffs' letter includes a litany of complaints and mischaracterizations without seeking any relief from the Court. Even though, there are no discovery disputes currently before the Court, because Plaintiffs' letter contains several mischaracterizations and casts Defendants in an unfair and disparaging light, Defendants are compelled to write and correct the record.

      By way of background, Plaintiffs filed this action on October 12, 2017. *See* Complaint, Dkt. No. 1 ("Compl."). Plaintiffs allege that on February 22, 2017, they were passengers on Delta

Airlines Flight 1583, a domestic flight from San Francisco to JFK Airport, and that upon their arrival in New York, two CBP officers required all passengers on the flight to show identification as they disembarked the plane. Compl., ¶¶ 1-2. Plaintiffs allege that such an identification check violated their Fourth Amendment rights, a claim which cannot be asserted against the Defendants, who have been sued in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 473 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Castro v. United States*, 34 F. 3d 106, 110 (2d Cir. 1994) (holding that the United States and its agencies and official capacity officers have sovereign immunity with respect to constitutional tort claims). Because long-standing precedent forecloses such a stand-alone constitutional claim, Plaintiffs rely on the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C) ("APA") as a sovereign immunity waiver for this action. Specifically, Plaintiffs allege that the identification check in question occurred pursuant to a policy in violation of the APA. Compl., ¶ 10.

On April 20, 2018, Defendants filed their fully-briefed motion to dismiss the Complaint in its entirety for lack of jurisdiction, arguing that Plaintiffs do not have standing to bring their claims and that they have not sufficiently alleged that CBP has any policy requiring passengers disembarking domestic flights to show identification. *See* Dkt. Nos. 32, 33, 34. Defendants' pending motion raises serious questions about the Court's subject matter jurisdiction over Plaintiffs' claims. Defendants sought to stay discovery in this action. In response, Plaintiffs argued that they were seeking targeted information relevant to the claims and defenses of this case. Over Defendants' objection, discovery has proceeded while the dispositive motion is *sub judice*.

As discovery has continued in this case, each side has noticed witnesses for deposition. Defendants served deposition notices seeking to depose each Plaintiff; while the deposition notices include dates for each of the Plaintiffs' depositions, this Office has informed Plaintiffs that Defendants are willing to adjust those dates in accordance with Plaintiffs' schedules, provided Plaintiffs make themselves available for deposition at a mutually convenient time before the close of fact discovery.

Plaintiffs have noticed two CBP officers, two ICE officers, and four Delta Airlines employee non-party witnesses. Plaintiffs have deposed CBP JFK Port Director Francis J. Russo and have served a deposition notice to CBP, pursuant to Fed. R. Civ. P. 30(b)(6) ("the 30(b)(6) Notice"). The parties continue to negotiate with respect to the deposition schedule, as outlined below.

<u>Plaintiffs' Refusal to Appear for Depositions in this District</u>

Plaintiffs have indicated that the five Plaintiffs who currently reside outside of the Eastern District of New York will not appear for depositions as noticed. Specifically, Plaintiffs have argued that they are not required to appear for depositions in this district, in spite of the fact that they selected the Eastern District of New York as the venue for this action, fully aware that they would be required to litigate here. Plaintiffs argue that they may appear for deposition in their home area and that Defendants are required to travel or depose them remotely. Plaintiffs contend there is no prejudice to a party conducting depositions remotely. However, they have offered no information concerning a medical or financial reason why they cannot appear or any good cause "to deviate from the 'general rule' that 'a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there.'" *City of*

*Perry v. P&G*, 15-CV-8051 (JMF), 2017 WL 2656250, at *1 (S.D.N.Y. Jun. 20, 2017) (citing *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011).

  A sixth Plaintiff, New York resident Matt O'Rourke, plans to moves to Georgia. Plaintiffs have not indicated when he will relocate. Defendants suggested deposing him before he moves. However, so far Plaintiffs have indicated that they will not make him available for deposition until after he moves out of state and insist that he be produced in Georgia. The parties intend to confer further on the appropriate location for Plaintiffs' depositions.

  In addition to the depositions of the Plaintiffs who reside outside of the New York area, Plaintiffs have noticed four non-party Delta Airlines employee witnesses who live in California. Plaintiffs noticed these depositions without any consultation with Defendants as to the dates and will not agree to alter the dates set forth in their notices so that those depositions can go forward on dates convenient for all parties.

  <u>Deposition of CBP Officer Christian Schultz</u>

  Plaintiffs have noticed CBP Officer Christian Schultz for deposition. Officer Schultz was recently hired as a Special Agent for Homeland Security Investigations and is undergoing training in Georgia until March 21, 2018. Defendants have no objection to Plaintiffs' request for his deposition. Contrary to the statements in Plaintiffs' September 12 letter, Defendants have not insisted that Plaintiffs travel to Georgia for the deposition. Plaintiffs are free to depose Officer Schultz via telephone or video conference link, especially as Plaintiffs continue to argue that there is no prejudice to a party conducting a deposition remotely.

  Plaintiffs argue that they will agree to depose Officer Schultz in Georgia if Defendants agree to depose Plaintiffs where they reside. However, Defendants have explained specifically why Officer Schultz cannot appear in New York for deposition. Moreover, Officer Schultz did not bring this lawsuit nor select the venue where it is being litigated. He is not a party to this action and would not be a proper party to an action requesting review of an agency decision pursuant to the APA, let alone for the injunctive relief Plaintiffs request. Plaintiffs are conflating the rules pertaining to the venue of a deposition for a plaintiff and those pertaining to a non-party government witness.

  <u>Plaintiffs' 30(b)(6) Notice</u>

  Plaintiffs directed a 30(b)(6) Notice to CBP. The 30(b)(6) Notice requests testimony on 14 discrete topics, many of them far outside the scope of discovery necessary to determine whether Plaintiffs' rights were violated on February 22, 2017, and whether pursuant to a policy CBP asked for identification of passengers following a domestic flight. For example, the 30(b)(6) Notice demands testimony concerning: "regulations, policies, standard operating procedures, and practices applicable to CBP regarding responses to inquiries from the media, airlines, airports, and other third parties"; "CBP training and training materials relating to procedures for searches and seizures of passengers on commercial aircraft, including, without limitation, constitutional and other legal limitations on those searches and seizures"; and legal questions of "CBP's authority, if any, to search or detain passengers traveling on domestic flights or present in areas at locations within a U.S. airport that are outside of a Customs security area." Some of the information

requested is law enforcement sensitive and/or covered by the attorney-client privilege. The topics contained within the 30(b)(6) Notice are objectionable for a host of additional reasons, made clear in Defendants' September 7, 2018 Responses and Objections to Plaintiffs' 30(b)(6) Notice. In an attempt to resolve the topics in dispute in the 30(b)(6) Notice without Court intervention, the parties have agreed to exchange letters concerning the 30(b)(6) topics and meet and confer to determine whether the parties can come to an agreement.

Defendants continue to litigate in good faith and believe the parties can work together to come to a resolution concerning these outstanding discovery issues.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By:       /s/
Dara A. Olds
Matthew J. Modafferi
Assistant U.S. Attorneys
(718) 254-6148 / (718) 254-6229
Dara.Olds@usdoj.gov
Matthew.Modafferi@usdoj.gov

cc:     All counsel of record via ECF