```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
KELLEY AMADEI,                      :
                                    :    17-CV-05967 (NGG)
               Plaintiff,           :
                                    :
          v.                        :    225 Cadman Plaza East
                                    :    Brooklyn, New York
DUKE, et al.,                       :
                                    :    January 25, 2018
               Defendants.          :
------------------------------------X

       TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
            BEFORE THE HONORABLE VERA M. SCANLON
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:        JOSHUA PICKER, ESQ.
                           NEIL ROMAN, ESQ.
                           Covington & Burling, LLP
                           620 Eighth Avenue
                           New York, New York 10018

                           CECILLIA WANG, ESQ.
                           HUGH HANDEYSIDE, ESQ.
                           ACLU Immigrant's Rights Project
                           Senior Staff Counsel
                           125 Broad Street
                           18th Floor
                           New York, New York 10004

For the Defendants:        DARA OLDS, ESQ.
                           United States Attorney's Office
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201

Court Transcriber:         RUTH ANN HAGER, C.E.T.**D-641
                           TypeWrite Word Processing Service
                           211 North Milton Road
                           Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1  there are three elements of that and the defendants meet none
2  of those elements.  They have to show that there's a strong
3  likelihood that the claims brought by plaintiffs are without
4  merit.  They have to show that discovery will be unduly
5  burdensome and then they have to show there'll be no prejudice
6  to the plaintiffs as a result.
7         And on two of those elements they really make no
8  effort to show you their discovery will be unduly burdensome
9  or there is no prejudice to the plaintiffs.  And certainly
10 as with respect to discovery they can't.  This is not a case
11 with hundreds of claims and many defendants.  We're talking
12 about an event that occurred once a year ago and the policies
13 and practices surrounding that event.
14         There's no basis for -- the defendants who are
15 all -- you know, officers of the federal government
16 representing their agencies in their official capacities to --
17 you know, to be unduly burdened by the discovery here.
18         And as to prejudice there is a strong likelihood
19 that plaintiffs are going to be prejudiced the longer this
20 goes on.  This event took place in February of last year.
21 Memories tend to fade, as the court knows, as time goes on.
22 We don't even know the identities of two of the officers who
23 actually conducted these unlawful searches and that's
24 something we'd like to know and we need to know that they are
25 still employed by the agencies who employed them as of

```
                                                         11
 1  on the merits.
 2            THE COURT:  All right.
 3            MS. OLDS:  I think those two things weigh in our
 4  favor as far as discovery being stayed until the motion is
 5  free to decide it.
 6            THE COURT:  All right.  So I'm not going to stay
 7  discovery.  I don't see it as being burdensome to the
 8  Government.  If it turns out once you've had a substantive
 9  discussion about what's needed maybe you can have a schedule
10  that stages this so that you speak about -- you deal with the
11  questions related to the incident and work your way into this
12  question of whether there is a policy, wasn't a policy,
13  whatever it is.
14            But it doesn't seem like a particularly difficult
15  case.  And I agree with the plaintiff's counsel that memories
16  fade and that seems like a good reason to move ahead, at least
17  on the particular factual questions with regard to this -- the
18  plaintiffs' experiences.
19            If it becomes too difficult, then you can raise that
20  issue again.  You can raise this with the district judge when
21  he considers the pre-motion conference letters and, you know,
22  what -- if -- what the briefing schedules should be and what
23  the issue are, but it seems to me this should go ahead.
24            So what about the point that I asked plaintiffs'
25  counsel about, which is they propose a schedule that's tied
```