# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Joshua B. Picker

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1124
jpicker@cov.com

**By ECF**

October  1, 2018

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Amadei, et. al., v. Nielsen, et al.* (No. 17 Civ. 5967)

Dear Judge Garaufis:

On behalf of Plaintiffs in the above-referenced matter, we write to request that the Court deny Defendants' Motion Renewing Their Request To Stay Discovery, filed on Thursday, September 27, 2018 ("Renewed Motion").  ECF No. 56.  As the Court is aware, Plaintiffs allege that on February 22, 2017, U.S. Customs and Border Protection ("CBP") subjected them to an unlawful search as they disembarked at JFK Airport from a domestic Delta Air Lines flight originating in San Francisco (the "search and seizure").  Plaintiffs filed this action on October 12, 2017.

Defendants' request to stay discovery is their third bite at the same proverbial apple.  On January 16, 2018, Defendants moved to stay discovery; one week later, the Court denied the motion.  ECF Nos. 20, 24.  On February 9, 2018, Defendants renewed their motion to stay discovery; again, the Court denied the motion.  Min. Entry, Feb. 12, 2018.  The Renewed Motion, brought more than eight months after the first request, is premised on one complaint: that Plaintiffs are undertaking the very discovery permitted by this Court in January 2018 and reaffirmed by this Court in February 2018.

As a threshold matter, Defendants' Renewed Motion flouts the Local Rule 37.3 requirement to confer in good faith and attempts to circumvent the discovery schedule set by Magistrate Judge Scanlon barely one month ago.  Several of Plaintiffs' supposedly excessive discovery demands are under active negotiation pursuant to a schedule *agreed upon by both parties*—a fact Defendants fail to mention in their Renewed Motion.  *See* Pls.' Letter, ECF No. 51 (setting forth depositions agreed to, those under negotiation, and structured negotiation schedule to resolve Defendants' objections to 30(b)(6) deposition notice).

The Renewed Motion disregards other of the Court's rules.  For example, the Court requires that "all non-dispositive pretrial motions are to be made to Magistrate Judge Scanlon."  Indiv. Practice RR. of M.J. Scanlon III.A.  Defendants ignore that rule.  As another example, Defendants' 18-page Renewed Motion is nearly five times the

**COVINGTON**

Honorable Nicholas G. Garaufis
October 1, 2018
Page 2

permitted length.  *See* Scanlon R. III.B (four-page limit); LR 37.3 (three-page limit).
The Court should deny Defendants' Renewed Motion on these bases alone.

The Renewed Motion is also wrong on the merits.  *No cause* exists to merit
discarding the revised discovery schedule Judge Scanlon ordered barely a month ago, let
alone the good cause that is required.

*First*, Defendants cannot unilaterally decide that they are entitled to dismissal on
standing grounds and request to terminate discovery on that basis.  The Court has
already ruled twice that discovery should proceed while the motion to dismiss is
pending, and the discovery being taken squarely addresses the key evidentiary issues,
including standing.

*Second,* Plaintiffs' discovery requests are tailored and proportional to the two key
issues: (1) whether the search and seizure on February 22, 2017 violated Plaintiffs'
constitutional rights and (2) whether Defendants have policies or routine practices that
pose a substantial risk of future violations.  Plaintiffs' document requests pertain to the
search and seizure, the policies and routine practices at CBP and ICE relevant to that
search and seizure, and one targeted request regarding one specific incident at a
different airport.  Defendants have not offered any proposals for further targeting these
document requests.  Plaintiffs' noticed depositions likewise seek testimony directly
relevant to the two key issues.  Of the ten depositions Plaintiffs have noticed or taken,
four are of the non-supervisory CBP and ICE officers directly involved in the search and
seizure; four are the flight attendants who worked on the flight; and one is CBP's JFK
Port Director who made many of the public statements regarding CBP policies and
practices as alleged in the Complaint.

*Third*, Defendants' burden arguments are not well taken.  For example,
Defendants complain of the supposed burdens to the U.S. Government of deposing the
California-based flight attendants, *see* Defs.' Br. at 13, yet fail to mention that Plaintiffs
have offered to provide videoconference facilities for them in New York.  As another
example, Defendants object to deposing the non-resident Plaintiffs—none of whom
seeks damages in this suit—near their residences, while omitting that the parties are
actively negotiating a compromise on this issue.  Further, Defendants warn that this
case "is not a difficult or complex case requiring Plaintiff to exceed" 10 depositions,
Defs.' Br at 13, yet do not explain why Defendants have failed in nearly eight months to
produce the basic documents that would permit Plaintiffs to determine who, precisely,
they need to depose.

Defendants' professed burden with respect to the noticed Rule 30(b)(6)
deposition of CBP also rings hollow.  The 30(b)(6) deposition is targeted at filling factual
gaps relating to the search and seizure; obtaining testimony as to CBP's policies and
procedures; and learning about the CBP recordkeeping practices that will help the

**COVINGTON**

Honorable Nicholas G. Garaufis
October 1, 2018
Page 3

parties to narrowly tailor future requests—precisely what the Court directed Plaintiffs to do in order to obtain discovery. *See* May 1 Hear'g Tr. 23:12 ("You need to develop the factual basis for the request. . . . It may be you have a 30(b)(6) witness with regard to recordkeeping."). In response to Defendants' extensive objections to the 30(b)(6) deposition notice, Plaintiffs served a detailed response letter in which they agreed to clarify, narrow, or forego several topics, and to sequence others to minimize the need for duplicative testimony. Yet rather than complete those ongoing negotiations to determine whether there remains any basis to object, Defendants filed their Renewed Motion, which omits that those negotiations are even taking place and have been productive.

The Court has already afforded Defendants the appropriate relief: a discovery extension, not a stay. At the August 15, 2018 conference before Magistrate Judge Scanlon—prompted by the Defendants producing a mere 28 pages of documents in six months and violating a Court-ordered deadline—Defendants explained that they were experiencing technological difficulties and resource constraints in reviewing and producing documents on time. Over the Plaintiffs' objections, the Court extended the close of discovery to the end of 2018. *See* Aug. 15 Order, ECF No. 48.

This Court has repeatedly admonished Defendants for their discovery delay tactics. *See* Jan. 25 Order, ECF No. 24 (observing that Defendants "failed to participate in the discovery preparation process without justification" and placing Defendants "on notice that [they are] expect[ed] to participate in the litigation and comply with the Court's orders"); Aug. 15 Order, ECF No. 48 (directing, in response to the Defendants' failure to complete document production by the Court-ordered deadline, that "Defendants . . . must dedicate sufficient resources to comply with discovery deadlines. The Defendants have been advised that they are expected to fully and actively participate in the litigation"); Aug. 15 Hear'g Tr. 24:8-9 (expressing skepticism about Defendants' failure to identify more than *one* CBP headquarters document custodian despite emails identifying more than a dozen CBP employees with relevant knowledge—"But these are your documents so how do you not know about these people?").

Defendants' continued efforts to obstruct the Court-ordered discovery should not be countenanced. *See Jeter v. New York City Dep't of Educ. of City of New York*, 2012 WL 2885140, at *1 (E.D.N.Y. July 13, 2012) (sanctioning plaintiff for "pattern of ignoring the court's instructions, and avoiding the court's referral of discovery management and the resolution of discovery disputes (which are quintessential non-dispositive pretrial matters)").

Defendants' Renewed Motion should be denied summarily. If the Court is inclined to consider Defendants' Renewed Motion, Plaintiffs respectfully request a discovery conference on the matter and the opportunity to submit an Opposition to the Defendants' 18-page Renewed Motion.

**COVINGTON**

Honorable Nicholas G. Garaufis
October 1, 2018
Page 4

Respectfully submitted,

Joshua B. Picker

cc:     Hon. Vera M. Scanlon (by ECF)
        All counsel (by ECF)