EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KELLEY AMADEI, et al.,

                Plaintiffs,

  -against-

KIRSTJEN NIELSEN, et al.,[1]

                Defendants.
---------------------------------------------------------X

Civil Action

No. 17-CV-5967
(NGG)(VMS)

**OBJECTIONS AND RESPONSES OF U.S CUSTOMS AND BORDER PROTECTION
TO PLAINTIFFS' NOTICE TO TAKE DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules of this Court (together, the "Rules"), Defendants by their attorney, RICHARD P. DONOGHUE, United States Attorney, Eastern District of New York, DARA A. OLDS and MATTHEW MODAFFERI, Assistant United States Attorneys, of counsel, upon information and belief, hereby respond and object to Plaintiffs' Notice to Take Deposition pursuant to Fed. R. Civ. P. 30(b)(6), dated August 15, 2018 (the "Notice"), which was directed to United States Customs and Border Protection ("CBP") in connection with the above-captioned proceeding (the "Action") as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to the Notice, and to each of the Definitions and Examination Topics included in the Notice, and, unless otherwise stated, shall have the same force and effect as if fully set forth in full in response to each Definition and Examination Topic.

---

[1] Defendants have replicated the caption set forth by Plaintiffs in their 30(b)(6) Notice, however, Kirstjen Nielsen is not a named defendant in this matter.

1. Defendants object to the Notice, Definitions and Examination Topics to the extent that they purport to impose obligations on Defendants beyond those required by the Rules, or any other applicable law or rule or any order entered by the Court in the Action. Defendants will construe the Notice consistently with these rules and statutes.

2. Defendants have responded to each Definition and Examination Topic as it reasonably interprets that Definition or Examination Topic. If Plaintiffs subsequently assert an interpretation of any Definition or Examination Topic that differs from Defendants' understanding, Defendants reserve the right to supplement this Response.

3. Defendants object to the Notice, Definitions and Examination Topics to the extent that they seek disclosure of information protected by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, the attorney work product doctrine, the law enforcement privilege or any other privilege, immunity or protection. Defendants will not intentionally provide any information subject to such privilege or doctrine.

4. Defendants object to the Notice, Definitions and Examination Topics to the extent that they (i) seek to discover information that is beyond that which is relevant to any claim or defense of any party to the Action; (ii) are vague, indefinite or ambiguous; (iii) are unduly burdensome or unreasonably broad; (iv) are unreasonably cumulative or duplicative; (v) do not specify the subject matter with reasonable particularity; or (vi) seek conclusions of law.

5. Defendants object to the Notice, Definitions and Examination Topics to the extent that they call for the disclosure of information that is not within the possession, custody or control of CBP.

6. Defendants object to the Notice, Definitions and Examination Topics to the extent that they seek disclosure of information that is otherwise obtainable from another source that is

more convenient, less burdensome, or less expensive. Defendants object to the Notice, Definitions and Examination Topics to the extent that they call for information more appropriately sought through the deposition of fact witnesses, or duplicative of information to be sought through the deposition of fact witnesses. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case").

7. Defendants object to the Notice, Definitions and Examination Topics to the extent that they are argumentative, lack foundation, assume the existence of facts that do not exist or the occurrence of events that did not take place, or incorporate allegations and assertions that are disputed or erroneous. These Responses and Objections are not intended to be, and shall not be construed as, an agreement or concurrence by Defendants with any of Plaintiffs' mischaracterizations of any facts, circumstances and/or legal obligations. Defendants reserve the right to contest any such mischaracterization.

8. Defendants object to the Notice to the extent that it fails to allow reasonable time for compliance.

9. Any information disclosed in response to the Notice, Definitions and Examination Topics is based on the best information currently available to Defendants. Defendants expressly reserve the right to amend, supplement, or correct any information provided if and when they have or discover additional information. Defendants further reserve the right to object to the Notice or parts thereof after a response or partial response is provided.

10. Defendants object to the time period specified (or lack thereof) in the Notice, Definitions and Examination Topics, rendering the Notice, Definitions and Examination Topics

overly broad, unduly burdensome, or otherwise beyond the scope of permissible discovery. For purposes of responding to the Notice, Defendants are willing to meet and confer with Plaintiffs concerning a reasonable time limitation on the specific Examination Topics.

11. Defendants object to the Notice, Definitions and Examination Topics on the ground that the information sought by the Examination Topics would be more appropriately obtained through other discovery devices, including but not only because the Examination Topics are overly broad, covering wide-ranging, undefined categories of information with no time period specified, which may need to be addressed through the testimony of numerous witnesses.

12. Defendants are willing to meet and confer with Plaintiffs concerning the Notice, Definitions and Examination Topics.

## **OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS AND DEFINITIONS**

1. Defendants object to Definition No. 1(b) regarding "Document" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Defendants further object to Definition No. 1(b) to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

2. Defendants object to Definition No. 2 regarding "Defendants." The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than Defendants and their present employees, principals, officials, agents, and attorneys either assigned to or reviewing this case.

3.     Defendants object to Definition No. 5 regarding "Incident." The Definition is vague, ambiguous and overly broad to the extent that it fails to define the specific time frame encompassed by "leading up to, including, and following" February 22, 2017.

## DEFENDANTS' SPECIFIC OBJECTIONS AND RESPONSES

Examination Topic No. 1.

> **CBP's organizational structure and chain of command including, without limitation, at the CBP JFK Port of Entry.**

Response Examination Topic No. 1.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 1 on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses or any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 1 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition and is unreasonably duplicative and cumulative of discovery previously provided by, or forthcoming from Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case").

Examination Topic No. 2.

> **Recordkeeping practices with respect to instances in which:**
>
> a) **CBP interacts with passengers traveling on domestic flights.**
>
> b) **CBP interacts with passengers at locations in U.S. airports outside of a Customs security area.**

5

  c) **CBP assists ICE by meeting domestic flights carrying a noncitizen subject to a removal order.**

  d) **CBP receives and responds to requests for assistance from other law enforcement or government agencies.**

  e) **CBP provides periodic or incident-based reports or summaries to law enforcement agencies, other government entities, or members of Congress (including after-action reports following incidents).**

  f) **CBP receives and responds to inquiries from the media, airlines, airports, and other third parties.**

Response to Examination Topic No. 2.

  In addition to Defendants' General Objections, Defendants object to Examination Topic No. 2 on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses or any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 2 on the ground that it does not describe with reasonable particularity the matters on which the examination is requested. Defendants further object to Examination Topic No. 2 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition and is unreasonably duplicative and cumulative of discovery previously provided by, or forthcoming from Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). Defendants further object to Examination Topic No. 2, including but not limited to the phrases "interacts with passengers" and "other third parties," on the grounds that Examination Topic No. 2 is vague and ambiguous.

Examination Topic No. 3.

**CBP training and training materials relating to procedures for searches and seizures of passengers on commercial aircraft, including, without limitation, constitutional and other legal limitations on those searches and seizures.**

Response to Examination Topic No. 3:

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 3 on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to the claims or defenses or any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 3 to the extent that it seeks information that is subject to the attorney-client privilege, the work product privilege, and the law enforcement privilege. Defendants further object to Examination Topic No. 3 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition.

Examination Topic No. 4.

**Regulations, policies, standard operating procedures, and practices applicable to CBP regarding identification of passengers on commercial aircraft including, without limitation, the "By-Pass approach."**

Response Examination Topic No. 4.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 4 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Examination Topic No. 4 on the grounds seeks information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 4 to the extent that it seeks information that is subject to the law enforcement privilege.

Examination Topic No. 5.

**Regulations, policies, standard operating procedures, and practices applicable to CBP pertaining to communications with flight crews on domestic flights.**

Response to Examination Topic No. 5

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 6 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Examination Topic No. 5 on the grounds seeks information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 5 to the extent that it seeks information that is subject to the law enforcement privilege. Defendants further object to Examination Topic No. 5 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition.

Examination Topic No. 6.

**Regulations, policies, standard operating procedures, and practices applicable to CBP regarding requests to CBP for assistance from law enforcement or other government agencies.**

Response to Examination Topic No. 6.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 6 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Examination Topic No. 6 on the grounds seeks information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 6 to the extent that it seeks information that is subject to the law enforcement privilege. Defendants further object to Examination Topic No. 6 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition.

Examination Topic No. 7.

>   **Regulations, policies, standard operating procedures, and practices applicable to CBP regarding reports CBP provides to law enforcement, other government entities, or members of Congress (including after-action reports following incidents).**

Response to Examination Topic No. 7.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 7 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Examination Topic No. 7 on the grounds seeks information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action. Defendants further object to Examination Topic No. 7 on the ground that it does not describe with reasonable particularity the matters on which examination is requested. Defendants further object to Examination Topic No. 7 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Defendants further object to Topic No. 7 to the extent it seeks information that is subject to the law enforcement privilege.

Examination Topic No. 8.

>   **Regulations, policies, standard operating procedures, and practices applicable to CBP regarding responses to inquiries from the media, airlines, airports and other third parties.**

Response to Examination Topic No. 8.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 8 on the grounds that it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case, and to the extent it seeks information that is protected by the attorney-client and work product privileges. Defendants further object to Examination Topic No. 8 on the grounds that it is overly broad and unduly burdensome. Defendants further

9

object to Examination Topic No. 8 on the ground that it does not describe with reasonable particularity the matters on which examination is requested. Defendants further object to Examination Topic No. 8 on the ground that it lacks foundation and assumes the existence of facts that do not exist. Defendants further object to Examination Topic No. 8, including but not limited to the phrases "responses to inquiries" and "other third parties," on the grounds that Examination Topic No. 8 is vague and ambiguous.

Examination Topic No. 9.

> **CBP's authority, if any, to search or detain passengers traveling on domestic flights or present at locations within a U.S. airport that are outside of a Customs security area.**

Response to Examination Topic No. 9.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 9 on the grounds that it is overly broad and seeks information regarding legal issues or conclusions of law. *See United States v. Niagara Cnty.*, 2015 WL 6554713, at *4 (W.D.N.Y. Oct. 29, 2015) (attempt to discover facts through a 30(b)(6) deposition on topics which raise purely legal issues "is not only inappropriate but overbroad, inefficient and unreasonable"). Defendants further object to Examination Topic No. 9 on the ground that it does not describe with reasonable particularity the matters on which examination is requested. Defendants further object to Examination Topic No. 9 on the ground that it lacks foundation, assumes the existence of facts that do not exist or the occurrence of events that did not take place, and incorporates allegations and assertions that are disputed or erroneous. Defendants further object to Examination Topic No. 9, including but not limited to the phrases "search or detain," on the grounds that Examination Topic No. 9 is vague and ambiguous and assumes facts not in controversy.

Examination Topic No. 10.

**The Incident, including CBP's actions taken before, during, and following the Incident and CBP's authority, if any, to take such actions.**

Response to Examination Topic No. 10.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 10 on the grounds that it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case. Defendants further object to Examination Topic No. 10 on the ground that it seeks information that is unreasonably cumulative and duplicative of discovery provided by and forthcoming from Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). Defendants further object to Examination Topic No. 10 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Defendants further object to Examination Topic No. 10 on the ground that it does not describe with reasonable particularity the matters on which examination is requested. Defendants further object to the portion of Topic No. 10 that seeks information regarding legal issues or conclusions of law. *See United States v. Niagara Cnty.*, 2015 WL 6554713, at *4 (W.D.N.Y. Oct. 29, 2015) (attempt to discover facts through a 30(b)(6) deposition on topics which raise purely legal issues "is not only inappropriate but overbroad, inefficient and unreasonable").

Examination Topic No. 11.

**The basis for CBP's responses to Interrogatories served by Plaintiffs in this action.**

Response to Examination Topic No. 11.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 11 on the grounds that it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case. Defendants further object to Examination Topic No. 11 on the ground that it seeks information that is unreasonably cumulative and duplicative of discovery provided by Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). Defendants further object to Examination Topic No. 11 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Defendants further object to Examination Topic No. 11 on the ground that it does not describe with reasonable particularity the matters on which examination is requested. Defendants further object to Examination Topic No. 11 on the ground that the phrase "the basis" is vague and ambiguous.

Examination Topic No. 12.

**The steps taken by CBP to preserve documents relevant to this action and the persons involved in taking those steps.**

Response to Examination Topic No. 12.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 12 on the grounds that it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case, and to the extent it seeks information that is protected by the attorney-client and work product privileges. Defendants further object to Examination

12

Topic No. 12 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Defendants further object to Examination Topic No. 12 on the ground that it does not describe with reasonable particularity the matters on which examination is requested.

Examination Topic No. 13.

> **The steps taken by CBP to search for and produce documents responsive to Plaintiffs' requests for production and the persons involved in taking those steps.**

Response to Examination Topic No. 13.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 13 on the grounds that it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case, and to the extent it seeks information that is protected by the attorney-client and work product privileges. Defendants further object to Examination Topic No. 13 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Defendants further object to Examination Topic No. 13 on the ground that it does not describe with reasonable particularity the matters on which examination is requested.

Examination Topic No. 14.

> **Whether any document potentially responsive to Plaintiffs' requests for production in this action was discarded or destroyed in whole or in part and, if so, the circumstances under which the document was discarded or destroyed.**

Response to Examination Topic No. 14.

In addition to Defendants' General Objections, Defendants object to Examination Topic No. 14 on the grounds that it is overly broad and unduly burdensome and it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case. Defendants further object to Examination Topic No. 14 on the ground that it seeks information

13

that is unreasonably cumulative and duplicative of discovery provided by Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). Defendants further object to Examination Topic No. 14 on the ground that it seeks information that is available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Defendants further object to Examination Topic No. 14 on the ground that it does not describe with reasonable particularity the matters on which examination is requested. Defendants further object to Examination Topic No. 14 on the ground that it lacks foundation, assumes the existence of facts that do not exist or the occurrence of events that did not take place, and incorporates allegations and assertions that are disputed or erroneous. Defendants further object to Examination Topic No. 14 on the ground that the phrase "potentially responsive" is vague and ambiguous.

Dated: Brooklyn, New York
September 6, 2018

        RICHARD P. DONOGHUE
        United States Attorney
        *Counsel for the United States of America*
        Eastern District of New York
        271 Cadman Plaza East, 7th Floor
        Brooklyn, New York 11201

By:   /s/ Dara A. Olds
      DARA A. OLDS
      Assistant United States Attorney
      (718) 254-6148
      dara.olds@usdoj.gov

By:   /s/ Matthew J. Modafferi
      MATTHEW MODAFFERI
      Assistant United States Attorney
      (718) 254-6229
      matthew.modafferi@usdoj.gov