

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 19, 2018

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Amadei, et al. v. Nielsen, et al.*, 17-CV-5967 (NGG)(VMS)

Dear Judge Scanlon:

      This Office represents Defendants in this action. Defendants write to respectfully renew their request that the Court stay discovery pending a decision on their motion to dismiss. Defendants have met and conferred with Plaintiffs and they do not consent to this request.[1]

    **A.  Background**

      Plaintiffs filed this action seeking declaratory and injunctive relief, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. 706(2)(A)-(C), claiming that U.S. Customs and Border Protection ("CBP") has an unconstitutional policy of checking the identification of all, or virtually all, passengers disembarking from domestic flights and that the application of this purported policy on February 22, 2017 violated their Fourth Amendment rights. The evidentiary record and Defendants' undisputed declarations that there is no such policy wholly belie Plaintiffs' allegations. To date, Defendants have produced and Plaintiffs have deposed four witnesses, including Francis Russo, the CBP Port Director at John F. Kennedy International Airport ("JFK") and Acting Director for the CBP New York Field Office, who testified unequivocally that there is no policy at the headquarters level, the New York Field Office, JFK, or elsewhere within CBP relating to identification checks of domestic passengers. *See* Relevant Portions of Russo's Deposition, attached as Exh. B, at pp. 133-135. Defendants have also provided sworn discovery responses stating that there is no such policy and produced records maintained by twenty-eight (28) CBP employees that confirm the nonexistence of such a policy.

      Notwithstanding that the discovery produced thus far has not supported the allegations set forth in the Complaint, Plaintiffs continue to demand the production of documents from a

---

[1] Defendants previously moved for a stay of discovery (*see* Dkt. No. 20) which was denied because, at the time, the case did not "seem like a particularly difficult case." *See* Relevant portions of the Jan. 25, 2018 Court Transcript, attached as Exh. A, at p. 11. However, the Court permitted Defendants to "raise the issue again" "[i]f it becomes too difficult." *Id.* On September 27, 2018, Defendants renewed their request to stay discovery (*see* Dkt. No. 56) which was denied for procedural reasons, including the Court's mistaken understanding that Defendants had failed to meet and confer regarding the requested stay. *See* Dkt. No. 58 & Dkt. Entry dated Oct. 4, 2018.

continually expanding list of CBP employees (Plaintiffs' list currently seeks the records of 38 employees), and demand depositions of at least four additional CBP employees, including witnesses to testify about fourteen separate topics set forth in a Rule 30(b)(6) deposition notice, and non-party witnesses who reside in California, requiring the parties to travel across the country. Plaintiffs' demands are nothing more than a fishing expedition. Any further discovery is out of proportion to the needs of this case, which arises from an isolated incident that took place in a 20 minute window of time on February 22, 2017. Plaintiffs have offered no justification for continued discovery, or any basis for believing such discovery will further elucidate the nonexistence of a policy relating to identification checks of passengers deplaning a domestic flight.

Because the identification check of passengers following Delta Flight 1583 was a one-time occurrence and not conducted pursuant to any policy, let alone final agency action that would be reviewable under the APA, and because CBP does not have a policy of checking the identification of all, or virtually all, passengers following domestic flights, Defendants had moved to dismiss the Complaint on the grounds that there is no final, reviewable agency action under the APA and Plaintiffs lack standing to bring their claims. *See* Dkt Nos. 32-35.

Based on the foregoing, Defendants renew their request to stay discovery pending the outcome of their motion to dismiss.

### B. Good Cause Exists to Stay Discovery

Under Fed. R. Civ. P. 26, a court can grant a stay of "discovery during the pendency of a motion to dismiss for good cause shown." *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, No. 05-cv-4294 (DRH) (ETB), 2006 WL 897996, at *1 (E.D.N.Y. Mar. 31, 2006). In deciding whether to stay discovery, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Josie-Delerme v. Am. Gen. Fin. Corp.*, 08-CV-3166 (NG)(MDG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009) (staying discovery where defendant made a strong showing that the claims lacked merit, a stay would not prejudice plaintiff, and even though defendant did not establish it would be "unduly burdened" to respond to discovery demands, the court found that "resolution of the motion to dismiss may obviate the need for potentially onerous discovery"). All three factors weigh in favor of a stay.

<u>Defendants have made a strong showing that Plaintiffs do not have standing to<br>seek Declaratory and Injunctive Relief</u>

As Defendants' motion makes clear, Plaintiffs lack standing to bring their APA claims, which challenge CBP's request for identification as a Fourth Amendment violation. Regardless of whether the appropriate standard for declaratory and injunctive relief requires a showing of harm that is "certainly impending" (Defendants' position) or a "substantial risk" (Plaintiffs' position), Plaintiffs cannot plausibly establish either because their claims are built on pure speculation. *See* Dkt. No. 34. Plaintiffs speculate that they might one day be asked by CBP to show identification when disembarking a domestic flight. Yet, Defendants have established, through discovery already produced, that they have no policy or practice of deploying officers to meet and request identification from passengers deplaning domestic flights, and that the incident on February 22, 2017 was the only known occasion when CBP employees did so. In the

Complaint, Plaintiffs recast the facts to fit their narrative of a sweeping practice of detaining and searching the domestic flying public.[2] However, the claim is unfounded.

Simply put, Plaintiffs cannot show an alleged injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015) (citation omitted). Plaintiffs' allegations regarding this one discrete incident coupled with speculation that this might happen again are not enough to establish standing. *See McLennon v. City of New York*, 171 F. Supp. 3d 69, 105-106 (E.D.N.Y. Mar. 18, 2016) ("[w]hile Plaintiffs have sufficiently alleged a past injury based on [each plaintiff alleging a single incident of an] unlawful stop[], their allegations fail to allege a sufficient likelihood of a future concrete injury" and "do not rise to the level required to establish standing …"); *Abidor v. Napolitano*, 990 F. Supp. 2d 260, 272, 275 (E.D.N.Y. Dec. 31, 2013) (same) (citations omitted).

Plaintiffs seek overbroad and burdensome discovery

While Defendants' jurisdictional motion is sub judice, the Court, over the government's objections, has allowed broad discovery, and done so even though discovery in an APA case should be limited and narrowed to discovery necessary for the Court to review the reasons behind any policy or decision. *See Ali v. Pompeo*, 16-CV-3691 (KAM) (SJB), 2018 WL 2058152 (E.D.N.Y. May 2, 2018). Indeed, while Plaintiffs assert a constitutional claim, the only appropriate vehicle for Plaintiffs to assert a constitutional claim against Defendants in their official capacities is under the APA. 5 U.S.C. § 706(2)(B); *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1085 (9th Cir. 2010) ("[A]fter § 702 [of the APA] was amended in 1976, it replaced the *Ex parte Young* fiction as the doctrinal basis for a claim for prospective relief."). Further, in an APA action, "discovery should not transform the litigation into one involving all the liberal discovery available under the Federal Rules. Rather the Court must permit only that discovery necessary to effectuate the Court's judicial review, *i.e.*, review the decision of the agency under Section 706." *Ali v. Pompeo*, 2018 WL 2058152, at *4 (internal citations omitted).

In this case, Plaintiffs' discovery has been expansive and disproportionate. For example, Plaintiffs served a Rule 30(b)(6) Notice to CBP that: (1) has no geographic limitations and seeks testimony in contravention of this Court's ruling that discovery be limited to CBP policies implemented in New York (*see* Portions of the Transcript dated May 1, 2018, attached as Exh. C, at pp. 18-21, 24); (2) seeks information that is not limited to domestic flights; (3) is duplicative of discovery produced thus far; and (4) seeks testimony on topics that are overbroad, irrelevant, and consist of purely legal issues. *See* Defendants' Letter dated September 19, 2018, attached as Exh. D; and Dkt. No. 59. In addition to the sweeping 30(b)(6) Notice and the four CBP depositions taken to date, Plaintiffs seek to depose three additional CBP and five Delta Air Lines employees. Four of the depositions are noticed for San Francisco and will require the government to incur travel, lodging, and transcription costs. Turning to documents and e-discovery, Plaintiffs have requested all communications and emails regarding the identification check conducted on February 22, 2017. This production alone has required CBP to review 143,858 pages of documents, and despite the limited fruits of this search, Plaintiffs continue to demand e-discovery from 14

---

[2] The only actual authority identified by Plaintiffs in their Complaint is 19 C.F.R. § 162.6, which unmistakably provides CBP with its legal authority to search passengers "in the *Customs territory* of the United States." *See* 19 C.F.R. § 162.6 (emphasis added).

additional CBP employees. As a result, Defendants have spent countless hours reviewing thousands of emails in a case where the evidence already adduced demonstrates that the subject incident was isolated and not the result of agency policy. The disproportionate scope of discovery and resulting burden in this APA case weighs in favor of a stay. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (granting a partial stay of discovery where the parties anticipated "numerous depositions" and defendants identified more than 350,000 documents to review) (citing *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126 (ALC) (KNF), 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (granting a stay finding "90,000 pages is not an insignificant number of pages to review")).

<u>A stay would not result in any risk of unfair prejudice to Plaintiffs</u>

Plaintiffs will not be prejudiced by a stay of discovery. Rather, Defendants would be prejudiced by engaging in potentially expensive and expansive discovery when a decision on Defendants' motion could obviate the need for any discovery at all.

Plaintiffs previously opposed a stay, citing to delay, the potential for memories to fade and evidence to become stale, or third-party evidence to be deleted. *See* Dkt. No. 21. None of these arguments have merit. Plaintiffs have already indicated that they are in possession of documents from the airline and there is no suggestion that any third-party documentation has been deleted. Further, the assertion that memories fade and documents become stale "are usual litigation risks that affect all parties equally, regardless of the amount of time permitted for discovery." *Bethpage Water Dist.*, 2014 WL 6883529, at *3 (citing *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *6). Similarly, Plaintiffs' contention that delay would unfairly prejudice them is without support. The underlying incident occurred last year and "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery … [o]therwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) (citation omitted).

Given the lack of prejudice to Plaintiffs, the serious challenge to the subject matter jurisdiction of this Court and Plaintiffs' standing to assert the instant APA claim, and the increasingly costly, burdensome, fruitless and disproportionate discovery sought, this Court should grant a stay of discovery. *See Port Dock & Stone Corp.*, 2006 WL 897996, at *2; *see also United States v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999).

                                      Respectfully submitted,

                                      RICHARD P. DONOGUE
                                      United States Attorney

By:       /s/
                Dara A. Olds
                Matthew J. Modafferi
                Assistant U.S. Attorneys