```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
 3   ------------------------------------X
                                         :
 4   KELLEY AMADEI, et al.,              :
                                         :  17-CV-05967 (NGG)
 5              Plaintiffs,              :
                                         :
 6         v.                            :
                                         :  May 1, 2018
 7   ELAINE DUKE, et al.,                :  Brooklyn, New York
                                         :
 8              Defendants.              :
                                         :
 9   ------------------------------------X

10
           TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARING
11             BEFORE THE HONORABLE VERA M. SCANLON
                  UNITED STATES MAGISTRATE JUDGE
12
13   APPEARANCES:

14
     For the Plaintiff:      HUGH HANDEYSIDE, ESQ.
15                           American Civil Liberties Union
                               Foundation
16                           125 Broad Street, 18th Floor
                             New York, New York 10004
17
                             JOSHUA B. PICKER, ESQ.
18                           Covington & Burling LLP
                             620 8th Avenue, 42nd Floor
19                           New York, New York 10018

20   For the Defendants:     DARA A. OLDS, ESQ.
                             United States Attorney's Office
21                           271 Cadman Plaza East
                             Brooklyn, New York 11201
22
23   Court Transcriber:      MARY GRECO
24                           TypeWrite Word Processing Service
                             211 N. Milton Road
25                           Saratoga Springs, New York 12866


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

Case 1:17-cv-05967-NGG-VMS   Document 61-3   Filed 10/19/18   Page 2 of 6 PageID #: 754
Case 1:17-cv-05967-NGG-VMS   Document 42   Filed 06/21/18   Page 18 of 39 PageID #: 470

18

1    MR. HANDEYSIDE: To the extent that we can be
2  assured that any applicable national policies could be
3  captured through a search of the New York offices, that would
4  go to the policy question. But it wouldn't go to the regular
5  practice question and that's equally --
6    THE COURT: Let's finish the first one. So for now
7  are you limiting your request to all applicable policies or --
8  no, all policies. What's the right phrasing? To all policies
9  relevant to the issues raised in the complaint that cover CBP
10 JFK and ICE New York? So I'm trying to cover maybe there was
11 a policy and they didn't adhere to it, you know, because they
12 did the wrong thing. So yes, you would capture national,
13 regional, local office, airport specific policies.
14   MS. OLDS: Correct. They would be at JFK, CBP JFK.
15 So that's why the search is there.
16   MR. HANDEYSIDE: I think the concern is that we need
17 to be able to access the policies to which the plaintiffs
18 would reasonably be exposed. That's the legal question at
19 hand. So again, the problem is that they're not only flying
20 to New York. These are -- to the extent these are national
21 policies and they're uniform in their application, perhaps.
22 But we just don't know that. So these plaintiffs fly all over
23 the country domestically. To the extent they're going to be
24 exposed to the policy at issue, again, that's a legal issue
25 that's determinative here, we need to be assured that we can

Case 1:17-cv-05967-NGG-VMS   Document 61-3   Filed 10/19/18   Page 3 of 6 PageID #: 755
Case 1:17-cv-05967-NGG-VMS   Document 42   Filed 06/21/18   Page 19 of 39 PageID #: 471

19

1  access those policies. So we don't know how the policies are
2  maintained but certainly we didn't think that a unilateral
3  limitation to the New York area was reasonable absent some
4  sort of assurance that whatever we would be getting would be
5  the policies to which they'll be exposed.
6           MS. OLDS: Again, Your Honor --
7           THE COURT: Let me just -- so I understand what
8  you're saying. You have your other discussion about whether
9  plaintiff's future domestic travel should be known to the
10 Government. Hypothetically, you say our clients are flying to
11 Chicago and Dallas. Are you saying by virtue of that you're
12 now entitled to locality specific policies at those two
13 locations?
14          MR. HANDEYSIDE: To the extent that a national
15 policy is interpreted or applied differently according to
16 field office, that's relevant. And it's relevant because to
17 the extent that our plaintiffs are going to continue to fly to
18 these locations, if they can expect treatment that is dictated
19 by location, it's relevant to the claims.
20          MS. OLDS: Your Honor --
21          THE COURT: All right. So you're not going to get
22 that. Right now this case is about this event that happened
23 in New York and there's no information here about their
24 particular flights elsewhere or enough information to say that
25 you can reasonably anticipate that at some other location that

Case 1:17-cv-05967-NGG-VMS   Document 61-3   Filed 10/19/18   Page 4 of 6 PageID #: 756
Case 1:17-cv-05967-NGG-VMS   Document 42   Filed 06/21/18   Page 20 of 39 PageID #: 472

20

1  this would happen. It's not to say the information might not
2  develop that that thesis could be put forward. But given what
3  the complaint specifically is about that you would expect that
4  the defendants are looking for information, policies that
5  cover the events at JFK, I'm not saying -- I don't know
6  whether they're all at, physically located at JFK or JFK
7  computers or their other federal building. I don't know where
8  you have information that governs CBP and ICE. But you do
9  have to produce the policies relevant to the actions
10 challenged and applied to these events that the plaintiffs
11 experienced that are at every level. So whatever the national
12 policy is, if there's a regional policy, if there is a New
13 York policy, if there is a JFK specific policy, you need to
14 produce those. If there are -- I guess New York is probably
15 the best at least place to start. The only other airport that
16 I think might be in the New York office that accepts
17 international flights is Stuart. There might be others. If
18 there are variations on the policies that apply to JFK, you
19 could produce those. But I don't -- otherwise I don't know if
20 there's any other airport. I think that the lack of
21 information about the broad scope of this alleged policy
22 combined with what seems to be quite a burdensome search given
23 the number of offices that this discovery is unnecessary at
24 this point. If you learn information that changes how one
25 looks at this, you can raise the issue at a later date. But

Case 1:17-cv-05967-NGG-VMS   Document 61-3   Filed 10/19/18   Page 5 of 6 PageID #: 757
Case 1:17-cv-05967-NGG-VMS   Document 42   Filed 06/21/18   Page 21 of 39 PageID #: 473

21

1  for now, focus on New York and the relevant policies of the
2  chain.
3        And then the other issue is what is it exactly
4  you're looking for?  This is the plaintiffs.  You're saying
5  other instances where CBP and ICE sought to identify and/or
6  seize identification from passengers disembarking from US
7  domestic flights.  So both the broad geographic span of that
8  as well as what exactly are you looking for?  Because as
9  defendant's counsel raised, one would expect that a normal
10 course of business not similar to your clients there would be
11 some CBP, ICE request made of passages.  For example, what the
12 defendant's counsel described.
13       MR. HANDEYSIDE:  I'm not sure I understand what --
14       THE COURT:  So your suggestion was ICE -- some
15 people who ICE -- who are different from the plaintiffs who
16 ICE is entitled to seize, take into custody for a warrant,
17 some sort of detainer order, et cetera, that there is no legal
18 opposition to that happening.  And in order to make sure they
19 have the right person, ICE may ask, or CBP might ask the
20 passenger for identification.  That's potentially a different
21 group from the plaintiffs who are making this complaint.
22       MS. OLDS:  That's correct, Your Honor.  It's very
23 different.  The claim that they're making is that everyone on
24 the plane, that their identification was required.
25       THE COURT:  Right.  So it wasn't a specific search,

Case 1:17-cv-05967-NGG-VMS   Document 61-3   Filed 10/19/18   Page 6 of 6 PageID #: 758
Case 1:17-cv-05967-NGG-VMS   Document 42   Filed 06/21/18   Page 24 of 39 PageID #: 476

24

1  that keeps records. I have no idea what the situation is
2  here. It doesn't sound like you all do. So you need to get a
3  handle on whether this would be burdensome, practical,
4  impractical, et cetera. And then let me know. As it stands
5  now it seems like it would be an impractical exercise. But if
6  you have other information along the way, particularly as you
7  develop the information that you have in New York, or if you
8  have information from outside of the case that is relevant and
9  that you're producing to the defendants, you can let me know.
10 So for the requests there, they're denied without prejudice
11 subject to being renewed if you have additional information
12 that supports those requests with the point that -- and that's
13 understanding the defendants are producing information from
14 the locality up through national policies that are applied or
15 applicable to the circumstances in New York.
16           All right. So then the other question you have
17 outstanding is the other side of this which is the plaintiff's
18 upcoming domestic flights.
19           MR. HANDEYSIDE: Your Honor, if I could just go back
20 quickly to the third aspect of this issue was the documents
21 related to statements by CBP spokespersons indicating that the
22 identification checks were consistent with CBP policy. So --
23           THE COURT: It's limited to New York.
24           MR. HANDEYSIDE: -- the first was a policy. The
25 second was the other instances, and the third is just