

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

September 19, 2018

Via Email
Joshua B. Picker, Esq.
Neil K. Roman, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, NY 10018-1405
jpicker@cov.com
nroman@cov.com

    Re:    *Kelley Amadei, et al. v. Kirstjen Nielsen, et al.*
           Case No. 17-CV-5967 (E.D.N.Y.) (Garaufis, J.) (Scanlon, M.J.)

Dear Mr. Picker:

       We write to provide a more detailed response to Plaintiffs' Notice to take a Deposition, pursuant to Fed. R. Civ. P. 30(b)(6).

       As an initial matter, Rule 30(b)(6) depositions – like all methods of discovery – are subject to the limitations set forth in Rule 26. *See Dealer Comput. Servs., Inc. v. Curry*, 2013 WL 499520, at *1 (S.D.N.Y. Feb. 7, 2013). Discovery under Rule 30(b)(6) is circumscribed by relevance and proportionality requirements, as well as the requirements that discovery not be unreasonably cumulative or duplicative, or obtainable from "some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2).

       Due to the broad nature of information requested in Plaintiffs' 30(b)(6) Notice, Defendants propose that the Plaintiffs first seek factual information from individual fact witnesses and then narrow the Plaintiffs' 30(b)(6) notice only to topics that those witnesses have not sufficiently addressed. It is common practice to depose individual fact witnesses before deposing an organization so that the organization has the option of designating fact testimony as 30(b)(6) testimony. *See A1A Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) (where an entity establishes that a witness's testimony as a 30(b)(6) witness would be identical to his or her testimony as an individual witness, an entity may "comply[] with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity").

       Further, in addition to the General Objections and the specific objections cited in Defendants' response to Plaintiffs' 30(b)(6) Notice, Defendants include the additional objections below.

*Examination Topic No. 1. CBP's organizational structure and chain of command including, without limitation, at the CBP JFK Port of Entry.*

Defendants object to Topic No. 1 on the grounds that it seeks information that is unreasonably cumulative and duplicative of information previously produced by Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). John F. Kennedy International Airport ("JFK") Port Director Francis J. Russo testified on August 30, 2018 at his deposition about the structure of U.S. Customs and Border Protection ("CBP") and the chain of command from JFK to the New York Field Office to headquarters in Washington, D.C. *See* Francis J. Russo Deposition Transcript ("Russo Dep."), pp. 19-20, 22, 38-40, 42, 46-50.[1]  Thus, it would be duplicative to designate a witness to testify concerning CBP's organizational structure.   It would be more convenient, more efficient, less burdensome and less expensive to designate the testimony rather than conducting a 30(b)(6) deposition. *See* Fed. R. Civ. P. 26(b)(2); *see also A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) (where an entity establishes that a witness's testimony as a 30(b)(6) witness would be identical to his or her testimony as an individual witness, an entity may "comply [] with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity").

*Examination Topic No. 2. Recordkeeping practices with respect to instances in which:*
   *a) CBP interacts with passengers traveling on domestic flights.*
   *b) CBP interacts with passengers at locations in U.S. airports outside of a Customs security area.*
   *c) CBP assists ICE by meeting domestic flights carrying a noncitizen subject to a removal order.*
   *d) CBP receives and responds to requests for assistance from other law enforcement or government agencies.*
   *e) CBP provides periodic or incident-based reports or summaries to law enforcement agencies, other government entities, or members of Congress (including after-action reports following incidents).*
   *f) CBP receives and responds to inquiries from the media, airlines, airports, and other third parties.*

Defendants object to Topic No. 2 on the ground that it is vague and does not describe with reasonable particularity the matters on which the examination is requested.  As an initial matter, subparts a) and b) do not describe with particularity what is meant by "interacts with passengers." Defendants further object to Topic No. 2 on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses or any party to, nor proportional to the needs of, the Action. *See* Fed. R. Civ. P. 26(b)(1).  Plaintiffs claim that their identification was checked following a domestic flight and that the identification check occurred pursuant to a practice or policy.  Yet, Plaintiffs seek discovery concerning any "interaction" with

---

[1] CBP asserts that the citations herein (and following) to portions of the Russo Dep. Transcript are at this date under consideration and remain subject to final Agency approval.

passengers traveling on domestic flights or taking place at U.S. airports outside of a customs security area. These additional "interactions" are not relevant to the claims or defenses in this case. Recordkeeping practices concerning CBP assisting ICE by meeting domestic flights is similarly broad. Plaintiffs do not allege that meeting the flight amounts to a constitutional violation. Plaintiffs challenge only the identification check of passengers disembarking a domestic flight. CBP has already stated in interrogatory responses and at deposition, that CBP has not checked identification of all passengers aboard a domestic flight at JFK on any other occasion, and there is no record keeping practice regarding such an event.

Similarly, the request regarding recordkeeping practices CBP maintains with respect to receiving and responding to requests for assistance from other law enforcement or government agencies is vague, confusing, overbroad, lacks reasonable particularity, and is not proportional to the needs of this case. JFK Port Director Francis J. Russo testified that CBP assists a variety of federal agencies, including but not limited to, the Federal Bureau of Investigation, Homeland Security Investigations, Alcohol Tobacco and Firearms, the Secret Service, and the New York Police Department. Russo Dep., p. 42. Here, only two agencies, both defendants, are involved. Thus, recordkeeping practices with respect to how CBP receives and responds to any or all requests is not relevant to the claims or defenses of this action. In light of the sample of agencies to which CBP provides assistance, the information requested is overbroad and not proportionate to the needs of the case. Defendants further object to the extent that this request seeks information that is protected by the law enforcement privilege.

Defendants also object to providing testimony concerning CBP's record keeping practices for "periodic or incident based reports or summaries or law enforcement agencies, other government entities, or members of Congress," as well as record keeping practices relating to how CBP receives and responds to requests from the media, airlines, airports, and other third parties. Such record keeping practices have nothing to do with the claims or defenses of this action, including whether the check of Plaintiffs' identification amounts to a constitutional violation whether the identification occurred pursuant to a policy. In addition, "the media" and "other third parties" lacks particularity, is vague, overbroad, and limitless. Defendants also object to the extent this request seeks information that is protected by the law enforcement privilege, intra-governmental privilege, deliberative process privilege, and the self-critical analysis privilege.

***Examination Topic No. 3. CBP training and training materials relating to procedures for searches and seizures of passengers on commercial aircraft, including, without limitation, constitutional and other legal limitations on those searches and seizures.***

Defendants object to Topic No. 3 on the grounds that is overly broad and seeks information that is not relevant to the claims and defenses in this case, and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Defendants also object to the extent this request seeks information that is protected by the law enforcement privilege, intra-governmental privilege, deliberative process privilege, and self-critical analysis privilege.

Specifically, Plaintiffs seek "training and training material relating to procedures for searches and seizures of passengers on commercial aircraft, including, without limitation, constitutional and other legal limitations on those searches and seizures." The information sought is exceedingly broad as it seeks all training relating to *any* commercial aircraft. As Plaintiffs' are

3

aware, to the extent that CBP officers conduct operations involving commercial aircraft, the vast majority of those operations pertain to international flights. Any such training concerning procedures for international flights has nothing to do with the claims and defenses in this action. Further, as training of CBP officers involves sensitive information, a response to Plaintiffs' broad request would necessarily include information that is subject to the law enforcement privilege, as well as the attorney-client privilege and the work product privilege.

> ***Examination Topic No. 4. Regulations, policies, standard operating procedures, and practices applicable to CBP regarding identification of passengers on commercial aircraft including, without limitation, the "By-Pass approach."***

Defendants object to Topic No. 4 on the grounds that it is overly broad. The topic requests "regulations, policies, standard operating procedures, and practices applicable to CBP regarding identification of passengers on commercial aircraft, including, without limitation, the 'By-Pass approach.'" The request is exceedingly broad as it seeks information concerning practices relating to identification of passengers on *any* commercial aircraft. To the extent that CBP officers conduct operations involving commercial aircraft, those operations overwhelmingly involve international flights. Plaintiffs' claims do not challenge CBP's authority to identify passengers arriving on commercial international flights. Thus, any such policies, standard operating procedures, and practices pertaining to identification of passengers on international flights would be irrelevant to the claims and defenses in this action, and not proportional to the needs of the case. Further, Defendants have asserted a law enforcement privilege with respect to information concerning the "by-pass" approach. Defendants have produced information indicating that the by-pass approach is used in the international context. Aside from having no relation to the claims and defenses in this action, the information sought is subject to the law enforcement privilege.

> ***Examination Topic No. 5. Regulations, policies, standard operating procedures, and practices applicable to CBP pertaining to communications with flight crews on domestic flights.***

Defendants object to Topic No. 5 on the grounds that it seeks information that is unreasonably cumulative and duplicative of discovery previously produced by Defendants. *See Bellinger v. Astrue,* 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). JFK Port Director Russo testified that there is no procedure at JFK with respect to domestic flights. *See* Russo Dep. pp. 64, 87-88. Mr. Russo's testimony is under consideration for designation in response to this request. Thus, it would be duplicative to designate a witness to testify with respect to specific policies and procedures concerning communications with flight crews on domestic flights. It would be more convenient, more efficient, less burdensome and less expensive to designate the testimony rather than conducting a 30(b)(6) deposition. *See* Fed. R. Civ. P. 26(b)(2); *see also A.I.A. Holdings, S.A. v. Lehman Bros., Inc.,* 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) (where an entity establishes that a witness's testimony as a 30(b)(6) witness would be identical to his or her testimony as an individual witness, an entity may "comply [] with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity"). The topic does not describe with reasonable particularity the context in which it refers

to "domestic flights." Therefore, Defendants further object on the grounds that "domestic flights" overbroad.

> ***Examination Topic No. 6. Regulations, policies, standard operating procedures, and practices applicable to CBP regarding requests to CBP for assistance from law enforcement or other government agencies.***

Defendants object to Topic No. 6 on the grounds that it seeks information that is not relevant to the claims or defenses, nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). CBP regulations, policies, standard operating procedures and practices applicable to CBP regarding requests from law enforcement or other government agencies are not relevant to the claims and defenses in this case, which consist of whether Plaintiffs' identification check amounted to a constitutional violation and whether such check was conducted pursuant to a policy. Plaintiffs assert that their Fourth Amendment rights were violated and that CBP has a policy of checking identification of all passengers disembarking from a domestic flight. These are two discrete claims that have no bearing on the broad examination topic of whether CBP provide assistance to law enforcement or other government agencies. The request is also overbroad, unduly burdensome, and not stated with reasonable particularity as CBP receives requests from a range of agencies, both federal and local, and Plaintiffs have asked for all policies, regulations, standard operating procedures and practices applicable to all of those requests. The information sought is exceedingly broad as it does not in any way limit the information sought, and seeks information concerning practices relating not only to requests concerning international flights and passengers traveling on international flights, but as well as to any law enforcement operation conceivable. Thus, any such policies, standard operating procedures, and practices pertaining to requests from law enforcement groups or other government agencies are not in any way related to the claims and defenses in this action. Defendants also object to the extent this request seeks information that is protected by the law enforcement privilege, intra-governmental privilege, deliberative process privilege and self-critical analysis privilege.

> ***Examination Topic No. 7. Regulations, policies, standard operating procedures, and practices applicable to CBP regarding reports CBP provides to law enforcement, other government entities, or members of Congress (including after-action reports following incidents).***

Defendants object to Topic No. 7 on the grounds that it seeks information that is not relevant to the claims or defenses in this case, nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). This topic has no bearing on whether Plaintiffs' identification check amounted to a constitutional violation and whether such check was conducted pursuant to a policy. Plaintiffs do not challenge CBP's authority to conduct operations on international flights, or to provide reports to law enforcement, other government entities, or members of Congress concerning any CBP operations. How CBP "reports" to law enforcement, government entities, or members of Congress is irrelevant to the claims.

Further, Topic No. 7 is overly broad and not stated with reasonable particularity because the request contains no limitation with respect to types of reports, the subject matter of the reports, the timeframes, the CBP operations involved, and the law enforcement operations involved. Finally, assuming CBP has policies, procedures, or practices in place concerning providing

5

information to law enforcement, or other government entities, it is likely that portions of the responsive information – if not all of the responsive information – would be protected by the law enforcement privilege. Accordingly, Defendants also object to the extent this request seeks information that is protected by the law enforcement privilege, intra-governmental privilege, deliberative process privilege and self-critical analysis privilege.

> ***Examination Topic No. 8. Regulations, policies, standard operating procedures, and practices applicable to CBP regarding responses to inquiries from the media, airlines, airports and other third parties.***

Defendants object to Topic No. 8 on the grounds that it seeks information that is not relevant to the claims or defenses, nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). This topic has no bearing on whether checking identification of passengers deplaning from a domestic flight violates the Fourth Amendment and whether CBP has a policy of doing so. This topic is also not proportional to the needs of the case because it does not seek information that bears on issues in the case. To be discoverable, information must be *both* "relevant to any party's claim or defense *and* proportional to the needs of the case." *Id.* (emphasis added). Topic No. 8 is neither and is not an appropriate subject for 30(b)(6) testimony in this case.

Moreover, Topic No. 8 is overly broad and does not describe with reasonable particularity the matters on which examination is requested. "Responses to inquiries from the media, airlines, airports and other third parties" is vague, overbroad, limitless, and lacks any specificity, let alone reasonable particularity. It would be impossible to properly prepare someone to testify about this topic. *See Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd.*, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014) ("If the noticing party does not describe the topics with sufficient particularity or if the topics are overly broad, the responding party is subject to an impossible task."). Topic No. 8 also lacks foundation and assumes the existence of facts that do not exist. Finally, assuming CBP has a policy, procedure or practice in responding to the media, it is likely that information encompassed by this vague, ambiguous, and overly broad topic would be protected by the attorney-client and work product privileges.

> ***Examination Topic No. 9. CBP's authority, if any, to search or detain passengers traveling on domestic flights or present at locations within a U.S. airport that are outside of a Customs security area.***

Defendants object to Topic No. 9 on the grounds that it seeks information regarding legal issues and asks for Defendants' contentions and defenses. "Contention" topics are not appropriate Rule 30(b)(6) deposition topics. *See Trs. of Boston Univ.*, 2014 WL 5786492, at *4 ("A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also United States v. Niagara Cnty.*, 2015 WL 6554713, at *4 (W.D.N.Y. Oct. 29, 2015) (attempt to discover facts through a 30(b)(6) deposition on topics which raise purely legal issues "is not only inappropriate but overbroad, inefficient and unreasonable"); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."). Defendants further object to Topic No. 9 on the

ground that it lacks foundation, assumes the existence of facts that do not exist and the occurrence of events that did not take place, and incorporates allegations and assertions that are disputed or erroneous. Defendants further object to Topic No. 9 on the ground that it does not describe with reasonable particularity the matters on which examination is requested, and the terms and phrases "search or detain" and "Customs security area" are vague and ambiguous.

***Examination Topic No. 10. The Incident, including CBP's actions taken before, during, and following the Incident and CBP's authority, if any, to take such actions.***

Defendants object to Topic No. 10 on the grounds that it seeks all of Defendants' factual and legal bases and contentions. This topic is improper because it asks for counsel to marshal all of the factual proof and pack it into a 30(b)(6) witness or witnesses. *See Trs. of Boston Univ.*, 2014 WL 5786492, at *4 ("Even under the present-day liberal discovery rules, the recipient of a Rule 30(b)(6) request is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or claim."). In addition, this topic seeks information that is unreasonably cumulative and duplicative of discovery provided by and forthcoming from Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). Defendants' factual position will be borne out through fact witness depositions and document productions which are more efficient, less burdensome, and less expensive than also providing this testimony in the form of a 30(b)(6) witness.

Moreover, Topic No. 10 is overly broad and does not describe with reasonable particularity the matters on which examination is requested. "The Incident" and "actions taken" is extremely broad and lacks any specificity, let alone reasonable particularity. This topic also asks for the legal authority for actions taken, which is not an appropriate Rule 30(b)(6) deposition topic. *See Trs. of Boston Univ.*, 2014 WL 5786492, at *4 ("A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also United States v. Niagara Cnty.*, 2015 WL 6554713, at *4 (attempt to discover facts through a 30(b)(6) deposition on topics which raise purely legal issues "is not only inappropriate but overbroad, inefficient and unreasonable"); *JPMorgan Chase Bank*, 209 F.R.D. at 362 ("In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.").

***Examination Topic No. 11. The basis for CBP's responses to Interrogatories served by Plaintiffs in this action.***

Defendants object to Topic No. 11 on the grounds that it seeks information that is unreasonably cumulative and duplicative of discovery provided by Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). JFK Port Director Russo signed and certified CBP's interrogatory responses

and he was already deposed and questioned about the responses. *See* Russo Dep. pp. 246-51. Mr. Russo's testimony is under consideration for designation in response to this request. Thus, it would be duplicative to designate a witness to testify with respect to CBP's responses to Interrogatories. Moreover, Topic No. 11 is vague, ambiguous, and does not describe with reasonable particularity the matters on which examination is requested. "The basis" is extremely broad and lacks any specificity, let alone reasonable particularity. Thus, this topic is not appropriate for a 30(b)(6) witness.

> ***Examination Topic Nos. 12 and 13. The steps taken by CBP to preserve documents relevant to this action and the persons involved in taking those steps.***
> ***The steps taken by CBP to search for and produce documents responsive to Plaintiffs' requests for production and the persons involved in taking those steps.***

Defendants object to Topic Nos. 12 and 13 on the grounds that they seek information that is not relevant to the claims or defenses, nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The preservation, search and production of documents and the persons involved in preserving, searching and producing documents have no bearing on whether checking identification of passengers deplaning from a domestic flight violates the Fourth Amendment and whether CBP has a policy of doing so. *See Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) ("A party must provide 'an adequate factual basis' for its belief that discovery on discovery is warranted."); *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 10714011, at *15 (D. Minn. Dec. 5, 2014) (rejecting request for "discovery on discovery" because it was "not designed to elicit information relevant to any claim and/or defense at issue"). This topic seeks information concerning CBP's discovery efforts and "treads dangerously close to encroaching on attorney work product privilege." *Bombardier Recreational Prods., Inc.*, 2014 WL 10714011, at *15 (citing *Fed. Deposit Ins. Corp. v. Johnson*, No. 12-cv-209 (KJD/PAL), 2013 WL 1195698, at *3 (D. Nev. Mar. 22, 2013) (noting that all "searches, filters, document review, coding and tagging of documents is the work product of the attorney and firm performing the work in the database and is not available to any other party").

There is no evidence or suggestion that CBP failed to preserve any documents after receiving service of the Complaint. In fact, to the contrary, CBP has and is spending countless hours reviewing tens of thousands of pages of documents for their relevancy and will be producing the documents in due course by the deadline. Defendants are preserving, searching, and producing documents as required by the Federal Rules of Civil Procedure. These topics are also not proportional to the needs of the case because they do not seek information that bears on issues in the case. To be discoverable, information must be *both* "relevant to any party's claim or defense *and* proportional to the needs of the case." *Id.* (emphasis added). Topic Nos. 12 and 13 are neither and are not an appropriate subject for 30(b)(6) testimony in this case.

Moreover, Topic Nos. 12 and 13 are overly broad and "the steps taken to preserve, search for and produce documents" does not describe with reasonable particularity the matters on which examination is requested. Further, even if this were an appropriate topic for discovery, which it is not, the information about preserving documents would be available in a more convenient, more efficient, less burdensome or less expensive means than a 30(b)(6) deposition. Finally, the

information sought by this vague request appears to be protected by the attorney-client and work product privileges.

***Examination Topic No. 14. Whether any document potentially responsive to Plaintiffs' requests for production in this action was discarded or destroyed in whole or in part and, if so, the circumstances under which the document was discarded or destroyed.***

Defendants object to Topic No. 14 on the grounds that it seeks information that is neither relevant to the claims or defenses, nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). There is no evidence or suggestion that CBP discarded or destroyed any document(s) after receiving service of the Complaint. In fact, to the contrary, CBP has and is spending countless hours reviewing tens of thousands of pages of documents for their relevancy and will be producing the documents in due course by the deadline. For that reason, Defendants also object to Topic No. 14 on the grounds that it lacks foundation, assumes the existence of facts that do not exist and implies the occurrence of events that did not take place, and incorporates allegations and assertions that are disputed or erroneous. Defendants further object to Topic No. 14 on the ground that it is overly broad, unduly burdensome, and does not describe with reasonable particularity the matters on which examination is requested. The phrase "potentially responsive" is vague and ambiguous.

To the extent that this topic seeks information concerning video footage, Defendants object on the ground that it seeks information that is unreasonably cumulative and duplicative of discovery previously produced by Defendants. JFK Port Director Russo was deposed and questioned regarding the video footage that CBP controls and the retention practices for any such video. *See* Russo Dep. pp. 74-76. It would be more convenient, more efficient, less burdensome and less expensive to provide this information in some other form rather than conducting a 30(b)(6) deposition. *See* Fed. R. Civ. P. 26(b)(2); *see also A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) (where an entity establishes that a witness's testimony as a 30(b)(6) witness would be identical to his or her testimony as an individual witness, an entity may "comply [] with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity").

Sincerely,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By: _____/s/_____
Dara A. Olds
Matthew J. Modafferi
Assistant U.S. Attorneys
(718) 254-6148 / (718) 254-6229
dara.olds@usdoj.gov
matthew.modafferi@usdoj.gov

9