```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

---------------------------------------X
                                       :
KELLEY AMADEI,                         :
                                       :   17-CV-05967 (NGG)
              Plaintiff,               :
                                       :
         v.                            :   225 Cadman Plaza East
                                       :   Brooklyn, New York
DUKE, et al.,                          :
                                       :   January 25, 2018
              Defendants.              :
---------------------------------------X

      TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
            BEFORE THE HONORABLE VERA M. SCANLON
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:       JOSHUA PICKER, ESQ.
                          NEIL ROMAN, ESQ.
                          Covington & Burling, LLP
                          620 Eighth Avenue
                          New York, New York 10018

                          CECILLIA WANG, ESQ.
                          HUGH HANDEYSIDE, ESQ.
                          ACLU Immigrant's Rights Project
                          Senior Staff Counsel
                          125 Broad Street
                          18th Floor
                          New York, New York 10004

For the Defendants:       DARA OLDS, ESQ.
                          United States Attorney's Office
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201

Court Transcriber:        RUTH ANN HAGER, C.E.T.**D-641
                          TypeWrite Word Processing Service
                          211 North Milton Road
                          Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

9

1   they're seeking damages or they're seeking anything like that
2   or where they're even are pleading that this has happened to
3   them on multiple occasions.  They're frequent flyers and they
4   allege that this happened to them one time a year ago, so it's
5   not --
6              THE COURT:  But doesn't that mean that the scope of
7   discovery is fairly narrow at least with regard to the
8   incident --
9              MS. OLDS:  Actually, no.
10             THE COURT:  -- not as to the policy but -- why?
11             MS. OLDS:  Because -- wall, with respect to the --
12             THE COURT:  Or non-policy, um-hum.
13             MS. OLDS:  Exactly.  I mean, I anticipate that
14  they're going to ask a lot of questions about the workings of
15  CPP and its officers and we're trying to establish that there
16  is such a policy.
17             THE COURT:  All right.
18             MS. OLDS:  And so that's why I think discovery is
19  going to be broad, why I think that there'll be -- that it
20  will be burdensome.
21             THE COURT:  I'm not -- why is it burdensome?  It's a
22  specific event related to the plaintiff and then maybe the
23  policy -- non-policy question could be broad, but why is that
24  burdensome?  I mean, if -- that's a case that seems fairly
25  focused.  Not unlike the ones you handled when you're working

```
                                                                11
 1   on the merits.
 2              THE COURT:  All right.
 3              MS. OLDS:  I think those two things weigh in our
 4   favor as far as discovery being stayed until the motion is
 5   free to decide it.
 6              THE COURT:  All right.  So I'm not going to stay
 7   discovery.  I don't see it as being burdensome to the
 8   Government.  If it turns out once you've had a substantive
 9   discussion about what's needed maybe you can have a schedule
10   that stages this so that you speak about -- you deal with the
11   questions related to the incident and work your way into this
12   question of whether there is a policy, wasn't a policy,
13   whatever it is.
14              But it doesn't seem like a particularly difficult
15   case.  And I agree with the plaintiff's counsel that memories
16   fade and that seems like a good reason to move ahead, at least
17   on the particular factual questions with regard to this -- the
18   plaintiffs' experiences.
19              If it becomes too difficult, then you can raise that
20   issue again.  You can raise this with the district judge when
21   he considers the pre-motion conference letters and, you know,
22   what -- if -- what the briefing schedules should be and what
23   the issue are, but it seems to me this should go ahead.
24              So what about the point that I asked plaintiffs'
25   counsel about, which is they propose a schedule that's tied
```