```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

---------------------------------------X
                                       :
KELLEY AMADEI,                         :
                                       :  17-CV-05967 (NGG)
              Plaintiff,               :
                                       :
         v.                            :  225 Cadman Plaza East
                                       :  Brooklyn, New York
DUKE, et al.,                          :
                                       :  October 25, 2018
              Defendants.              :
---------------------------------------X

        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
           BEFORE THE HONORABLE VERA M. SCANLON
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:       JOSHUA PICKER, ESQ.
                          Covington & Burling, LLP
                          620 Eighth Avenue
                          New York, New York 10018

                          HUGH HANDEYSIDE, ESQ.
                          ANNA DIAKUN, ESQ.
                          ACLU Immigrant's Rights Project
                          Senior Staff Counsel
                          125 Broad Street
                          18th Floor
                          New York, New York 10004

For the Defendants:       DARA OLDS, ESQ.
                          United States Attorney's Office
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201


Court Transcriber:        SHARI RIEMER, CET-805
                          TypeWrite Word Processing Service
                          211 North Milton Road
                          Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1   Bar Council's 1983 Panel on -- for the law clerks.  So there's
 2   a three-part series.  I didn't get Social Security.  I didn't
 3   get habeas.  But I got 1983 and Mr. Modafferi is going to be
 4   one of the speakers.  So I don't think it has much to do with
 5   anything but I will see him.  Hopefully, you can send folks if
 6   you know anybody who wants to learn about 1983 the end of
 7   November.
 8              All right.  So discovery, we have at 59 defendant's
 9   motion for a protective order; 61, the motion for a stay; 64,
10   the motion for leave to file documents; and then we have the
11   corresponding responses.
12              Let me ask what might be a basic question, but in
13   reading all of this I realized I didn't have clarity on it.
14   From on the plaintiff's side, there is the APA claim and then
15   you have the -- what you're saying is a Fourth Amendment
16   claim, and I was somewhat confused.  Because there's a
17   footnote in your motion to dismiss brief seems to suggest that
18   this is just about the APA, but then in one of your letters in
19   the group that I just went over you say, well, there's the
20   Fourth Amendment claim.  What is this -- what's the Fourth
21   Amendment claim?
22              MR. PICKER:  Sure, Your Honor.  So there were two
23   distinct claims that the plaintiffs have brought here.  One,
24   as you mentioned, is an APA claim.
25              THE COURT:  Right.
```

1     MR. PICKER:  The other one is a standalone Fourth
2 Amendment claim that's not subject to the limitations of the
3 APA.  It's an equitable claim as are often brought for
4 prospective relief under the Constitution.  And that's
5 consistent with our motion to dismiss briefing.  I think there
6 was some confusion on -- as -- on plaintiff's behalf as to
7 what exactly the defendants were arguing in their motion to
8 dismiss.  And so we wanted to clarify both in that context and
9 this context that there are two distinct claims, only one of
10 which depends on the APA.
11     THE COURT:  So --
12     MS. OLDS:  Your Honor, I'm happy to respond to that.
13     THE COURT:  No, I don't want to hear yet.
14     MS. OLDS:  Okay.
15     THE COURT:  Hold on.  I've got to understand what
16 their view is first.
17     MS. OLDS:  Okay.
18     THE COURT:  So what does -- what does your Footnote
19 7 in your brief -- this is Page 19 of the document that's at
20 33, "The parties agree that there is not another statute that
21 specifically permits review of the unlawful searches alleged
22 in the complaint, nor is there a dispute as to the
23 unavailability of an adequate alternative remedy for the harm
24 alleged."  So what I'm most familiar with is 1983 and then
25 it's analog, which is incredibly increasingly shrinking,

                                                                5

 1  Bivens. So what is -- what's this Fourth Amendment claim when
 2  you're not tied to a statute?
 3          MR. PICKER:  Sure.  So let me just first address the
 4  footnote which I think was directed toward the fact that
 5  within the context of the APA claim, there are certain issues
 6  that you have to prove for an APA claim that are not in
 7  dispute.
 8          THE COURT:  Okay.
 9          MR. PICKER:  So that's what that footnote is
10  addressed to.  It wasn't about the two separate claims.
11          With respect to the Fourth Amendment claim, where
12  the plaintiffs file an action under the Constitution seeking
13  prospective equitable relief, right, distinct from a 1983
14  claim where there's --
15          THE COURT:  For damages.
16          MR. PICKER:  -- seeking damages, right, or a Bivens
17  claim which also seeks damages for past harm.
18          THE COURT:  Okay.
19          MR. PICKER:  That's been recognized by the Courts
20  since <u>Ex Parte Young</u> and its progeny, so for many, many, many
21  years.
22          THE COURT:  Okay.  So that's what you're considering
23  that claim.
24          So then now to the defendant, why do you keep only
25  talking about the APA?

6

1        MS. OLDS:  Your Honor, there's --
2        THE COURT:  This is where I get confused.
3        MS. OLDS:  Right.  There is no -- you can't have a
4  constitutional claim against the defendants in their official
5  capacities.  As Your Honor mentioned, if it were a
6  constitutional claim against defendants in their individual
7  capacity for damages that would be a Bivens-type of a claim,
8  and that's not what plaintiffs are alleging.  They're alleging
9  that there's an unconstitutional policy that is in place on
10 behalf of -- that CBP has this policy, and in fact, that
11 comports with their complaint.
12       In Paragraph 31, they cite to the APA as the waiver
13 of sovereign immunity which allows them to bring this claim.
14 And so the relief that they request is review of this
15 unconstitutional policy.  The only way that you get that is
16 through the APA.  With -- they're alleging that the
17 identification check was unconstitutional in itself but that
18 they're entitled to review of it because CBP took final agency
19 action, which is what's required, in order to get review of a
20 policy or practice under the APA.
21       So there isn't this sort of standalone -- there's
22 not a waiver of sovereign immunity for this sort of standalone
23 Constitutional claim against government officials in their
24 official capacity.  There is not such a claim.  So that's why
25 this is an APA action.  That's why the relief that they're

7

1  requesting is review of this policy or practice.  So that's an
2  APA Claim.
3              THE COURT:  So then back to -- so what I was looking
4  at -- and maybe you can elaborate.  This is the -- it was
5  something that Judge Brodie wrote in a case called Storms v.
6  USA, and that Case No. is 13-CV-0811.  I don't know -- maybe
7  this is on -- there might be a Westlaw cite or something.  I
8  don't know.  But it's the memorandum and order that's filed at
9  94.  And I mean she was talking about Bivens, but she was sort
10 of making the point that the Government is making which is
11 there's not a separate claim.  And you're suggesting -- you're
12 saying that Ex Parte Young, et cetera, you can bring it
13 without any statutory 1983 analog.  That's your argument?
14             MS. OLDS:  No, Your Honor, that Ex --
15             THE COURT:  No, not yours.  Theirs.
16             MS. OLDS:  Right, Ex Parte Young was -- I mean the
17 APA was passed in response to Ex Parte Young.  So --
18             THE COURT:  Yeah, that's why I'm -- a little --
19             MR. PICKER:  Your Honor --
20             THE COURT:  Go ahead.
21             MR. PICKER:  -- absolutely, and this happens all the
22 time.  I mean for instance, if we were -- if we were to
23 voluntarily dismiss our APA claims that would not in some way
24 extinguish the basis for jurisdiction for the Constitutional
25 claims.  Courts all the time hear separate Constitutional

1  claims for prospective equitable relief regardless of any
2  concomitant or concurrent APA claims.  The basis for
3  jurisdiction here is, as included in the complaint, federal
4  question jurisdiction under 28 U.S.C. 1331.  Whether or not
5  the passage of the APA substituted for Ex Parte Young in terms
6  of waiver of sovereign immunity is a separate question.  But I
7  think the defendants are confusing those two issues.  What
8  constitutes a waiver of sovereign immunity and what
9  constitutes a separate independent basis for federal
10 jurisdiction -- and this happens all the time.  And so the
11 fact that we have two sets of claims here does not in some way
12 overshadow the fact that the Constitutional claims are
13 sufficient of themselves.
14             THE COURT:  Okay.  I just wanted to hear what your
15 respective thoughts were.  I don't think we need to even sort
16 this out, but having looked at the papers en masse, this is an
17 issue that's confused in these papers.  Whichever way any
18 other judge is sorting out, you know, that's on the -- that's
19 with Judge Garaufis, but your briefing is confused in the
20 sense that you're -- sometimes you're talking at
21 cross-purposes but I think even if they were just focused on
22 the APA.
23             So from the Government -- this is my overall problem
24 with the Government's position -- and I will note you have now
25 requested this relief multiple times and it hasn't been