**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Joshua B. Picker

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1124
jpicker@cov.com

February 7, 2019

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Amadei, et. al., v. Nielsen, et al.*, No. 17 Civ. 5967

Dear Judge Scanlon:

    We represent Plaintiffs in the above-referenced matter and write jointly on behalf of the parties in response to the Court's Orders of November 6, 2018 (ECF No. 73) and January 4, 2019, directing the parties to file a joint discovery status letter by today in advance of the status conference scheduled for February 12, 2019.

### *Status of Discovery*

    Following the status conference on November 6, 2018, the parties continued to engage in discovery through December 28, 2018, when Defendants requested a stay in proceedings in this matter due to the lapse in government funding from December 22, 2018, through January 25, 2019.

    Specifically, Plaintiffs have conducted twelve depositions during discovery, including the depositions of five third party Delta Air Line employees, four CBP fact witnesses, two ICE fact witnesses, and the Phase I CBP 30(b)(6) deposition on recordkeeping topics. Defendants have conducted examinations of eight of the nine plaintiffs. Since the last conference on November 6, Defendant CBP has produced an additional 316 pages of documents, ICE has produced an additional 43 pages, and Plaintiffs have produced an additional 156 pages.

    Parallel to discovery, the parties have been engaged in settlement negotiations. Plaintiffs sent a settlement demand to the CBP Defendants on December 11, 2018. CBP sent a response on February 5, 2019. The parties plan to confer further in an effort to reach resolution of this matter.

COVINGTON

**Honorable Vera M. Scanlon**
February 7, 2019

Page 2

### *Discovery Remaining*

The Court's Order of December 14, 2018 provided that, in light of Judge Garaufis's denial of Defendants' motion to dismiss, this joint letter "should include a detailed list of the Parties' anticipated remaining discovery, including document requests and responses, interrogatories, and depositions." Min. Order, Dec. 14, 2018.

The following discovery is outstanding or anticipated:

Document Discovery:  Plaintiffs served their Fifth Requests for Production (the "Fifth RFPs") on February 4, 2019 and Defendants' responses and objections are due on March 11, 2019.  Plaintiffs submit that the Fifth RFPs seek records identified in the course of the Phase I CBP 30(b)(6) deposition that bear on the question of CBP's policies and routine practices.

Plaintiffs have moved to compel Defendants to produce documents responsive to Requests 1, 2, and 5 of their Fourth Requests for Production ("Fourth RFPs") and to formally assert any privilege Defendants are claiming with respect to documents being withheld.  *See* Pls.' Letter-Mot., ECF No. 86.  That motion will be fully briefed on Monday, February 11.

Lastly, Defendants are reviewing the documents of CBP Commissioner Kevin McAleenan and expect to assert privilege over certain of these documents.  There are additional responsive documents for which Defendants intend to assert privilege and will produce a log.

Individual Depositions:  Plaintiffs have noticed the depositions of five CBP witnesses, including three depositions that were impacted by the lapse in government funding and two that were noticed on February 4.  Defendants have noticed the deposition of one Plaintiff that has not yet been scheduled.  The parties are conferring as to these depositions.

30(b)(6) Deposition:  Plaintiffs noticed a Rule 30(b)(6) deposition of Defendant CBP on August 15, 2018.  In light of Defendants' objections to that notice, the parties agreed to bifurcate the 30(b)(6) deposition into two phases.  Plaintiffs submit that Phase I focused on recordkeeping topics and Phase II focused on CBP policies and practices nationally.

Following an unsuccessful negotiation and the Court's subsequent Order resolving Defendants' objections and Plaintiffs' motion to compel with respect to the Phase I deposition, the parties completed the Phase I deposition on December 19, 2018.

COVINGTON

**Honorable Vera M. Scanlon**
February 7, 2019

Page 3

 Defendants' objections to the Phase II topics have not yet been resolved.  The parties will confer further as to these objections and, should they prove unsuccessful, Defendants will move for a protective order not later than February 22, 2019.  In the event that Defendants' motion for a protective order is denied, Plaintiffs respectfully request that the Court order that the Phase II deposition take place not later than March 15, 2019.

 <u>Anticipated Additional Discovery:</u>  Plaintiffs anticipate serving Requests for Admission and reserve the right to seek documents or further deposition testimony in response to the noticed depositions.

 <u>Clawback of ICE Document:</u>  On January 4, 2019, Defendants' counsel wrote to Plaintiffs' counsel to request the return of a document bearing the Bates number ICE 097-102, on the basis of inadvertent production of material subject to attorney-client privilege.  Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Plaintiffs requested that Defendants provide, with respect to each portion of the document, the basis for their assertion of privilege.  Defendants provided their reasoning regarding that document on February 7, 2019.  The parties continue to confer about this issue and are hopeful it can be resolved without court intervention.

 <u>Close of Discovery:</u>  In order to complete the remaining discovery described above, the parties respectfully request that the close of discovery be extended to Friday, March 22, 2019.

        Respectfully submitted,
        <u>s/ Joshua B. Picker</u>
        Joshua B. Picker

cc: All counsel (by ECF)