UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KELLEY AMADEI, CAROLA CASSARO, LAURA
CUCULLU, COREY FIELDS, ANNE GARRETT,
AMY LANIGAN, MATT O'ROURKE, ERIC POLK,
and KAREN POLK,

                             Plaintiffs,

                - against -

KIRSTJEN NIELSEN, Secretary of Homeland Security,
named in her official capacity,

KEVIN K. MCALEENAN, Acting Commissioner, U.S.
Customs and Border Protection, named in his official
capacity,

LEON HAYWARD, Acting Director, New York Field
Operations, U.S. Customs and Border Protection, named
in his official capacity,

FRANCIS J. RUSSO, Port Director, JFK International
Airport Port of Entry, U.S Customs and Border Protection,
named in his official capacity,

THOMAS HOMAN, Acting Director, U.S. Immigration
and Customs Enforcement, named in his official capacity,

THOMAS DECKER, Director, New York Field Office,
Enforcement and Removal Operations, U.S. Immigration
and Customs Enforcement, named in his official capacity,

DAVID JENNINGS, Director, San Francisco Field Office,
Enforcement and Removal Operations, U.S. Immigration
and Customs Enforcement, named in his official capacity,

JOHN DOES 1 and 2, U.S. Customs and Border Protection
Officers, named in their official capacity,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER**

Civil Action
No. 17-cv-5967

(Garaufis, J.)
(Scanlon, M.J.)

Defendants KIRSTJEN NIELSEN, KEVIN MCALEENAN, LEON HAYWARD, FRANCIS RUSSO, THOMAS HOMAN, THOMAS DECKER AND DAVID JENNINGS (collectively "Defendants"), by and through their attorney, Richard P. Donoghue, United States Attorney, Eastern District of New York, and Dara A. Olds, Assistant United States Attorney and Matthew J. Modafferi, Assistant United States Attorney, of counsel, answer the correspondingly numbered paragraphs of the Complaint, upon information and belief, as follows:

<u>IN ANSWER TO THE SECTION TITLED "NATURE OF THE ACTION"</u>

1.      Defendants deny the allegations set forth in paragraph 1 of the Complaint, except admit only that on February 22, 2017, Delta Airlines Flight 1583 was a domestic flight from San Francisco International Airport to New York's John F. Kennedy International Airport.

2.      Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3.      Defendants deny the allegations set forth in paragraph 3 of the Complaint. Defendants further state that paragraph 3 of the Complaint contains Plaintiffs' subjective impressions to which no response is necessary. To the extent that paragraph 3 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

4.      Defendants deny the allegations set forth in paragraph 4 of the Complaint, except admit only that two CBP officers were located on the jet bridge and checked the identification of passengers disembarking from the aircraft.

5.      Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in the first sentence of paragraph 6 of the Complaint, except admit only that the deplaning passengers showed their identification to the CBP officers as the passengers exited the aircraft. The second sentence of paragraph 6 of the Complaint

contains Plaintiffs' subjective impressions to which no response is required.  To the extent the second sentence of paragraph 6 contains factual allegations to which a response is required, Defendants deny the allegations set forth therein.

7.      Paragraph 7 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 7 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations, except admit only that the officers did not have a search warrant or probable cause to arrest Plaintiffs, the officers did not arrest Plaintiffs, and the officers did not have reasonable suspicion to conduct a *Terry* stop, nor did they conduct a *Terry* stop of the Plaintiffs.

8.      Defendants deny the allegations set forth in paragraph 8 of the Complaint and state that Plaintiffs mischaracterize the statements made by CBP officials.

9.      Defendants deny the allegations set forth in paragraph 9 of the Complaint; Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs fear and belief, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs are frequent passengers on domestic airline flights.

10.     Defendants deny the allegations set forth in paragraph 10 of the Complaint, except admit only that Plaintiffs purport to proceed and seek relief as stated therein.

<u>IN ANSWER TO THE SECTION TITLED "PARTIES"</u>

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except admit only that Plaintiff Amadei was a passenger on Delta Flight 1583.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except admit only that Plaintiff Cassaro was a passenger on Delta Flight 1583.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, except admit only that Plaintiff Cucullu was a passenger on Delta Flight 1583.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, except admit only that Plaintiff Fields was a passenger on Delta Flight 1583.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, except admit only that Plaintiff Garrett was a passenger on Delta Flight 1583.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, except admit only that Plaintiff Lanigan was a passenger on Delta Flight 1583.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, except admit only that Plaintiff O'Rourke was a passenger on Delta Flight 1583.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, except admit only that Plaintiff Eric Polk was a passenger on Delta Flight 1583.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, except admit only that Plaintiff Karen Polk was a passenger on Delta Flight 1583.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit only that Elaine Duke was the Acting Secretary of U.S. Department of Homeland Security and that Elaine Duke is named, in her official capacity, as a Defendant in the Plaintiffs' Complaint. Defendants respectfully refer the Court to the U.S. Department of Homeland Security website for the duties and responsibilities of the Secretary of U.S. Department of Homeland Security.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint, except admit only that Kevin McAleenan is the Commissioner of U.S. Customs and Border Protection and is named, in his official capacity, as a Defendant in the Plaintiffs' Complaint.  Defendants respectfully refer the Court to the U.S. Customs and Border Protection website for the duties and responsibilities of the Commissioner of U.S. Customs and Border Protection.

22.     Defendants deny the allegations set forth in paragraph 22 of the Complaint, except admit only that Leon Hayward was the Acting Director of New York Field Operations for U.S. Customs and Border Protection and is named, in his official capacity, as a Defendant in the Plaintiffs' Complaint.  Defendants respectfully refer the Court to the U.S. Customs and Border Protection website for the duties and responsibilities of its leadership.

23.     Defendants deny the allegations set forth in paragraph 23 of the Complaint, except admit only that Francis Russo is the Port Director for John F. Kennedy International Airport for U.S. Customs and Border protection and is named, in his official capacity, as a Defendant in the Plaintiffs' Complaint.  Defendants respectfully refer the Court to the U.S. Customs and Border Protection website for the duties and responsibilities of its leadership.

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint, except admit only that Thomas Homan was the Acting Director of U.S. Immigration and Customs Enforcement and is named, in his official capacity, as a Defendant in the Plaintiffs' Complaint. Defendants respectfully refer the Court to the U.S. Immigration and Customs Enforcement website for the duties and responsibilities of its leadership.

25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint, except admit only that Thomas Decker is the Director of the U.S. Immigration and Customs Enforcement New York Field Office, Enforcement and Removal Operations, and is named, in his official capacity, as a Defendant in the Plaintiffs' Complaint.  Defendants respectfully refer the Court to the U.S. Immigration and Customs Enforcement website for the duties and responsibilities of its leadership.

26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint, except admit only that David Jennings is the Director of the U.S. Immigration and Customs Enforcement San Francisco Field Office, Enforcement and Removal Operations, and is named, in his official capacity, as a Defendant in the Plaintiffs' Complaint.  Defendants respectfully refer the Court to the U.S. Immigration and Customs Enforcement website for the duties and responsibilities of its leadership.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, except admit only that Plaintiffs purport to proceed as stated therein and that on February 22, 2017, two CBP officers met Delta Flight 1583 at JFK airport.

<u>IN ANSWER TO THE SECTION TITLED "JURISDICTION AND VENUE"</u>

28.    Paragraph 28 of the Complaint sets forth plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of jurisdiction, to which no response is required.  To the extent that paragraph 28 is deemed to contain allegations to which a response is required, Defendants deny any such allegations.

29.    Paragraph 29 of the Complaint sets forth plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of jurisdiction, to which no response is required.  To the extent that paragraph 29 is deemed to contain allegations to which a response is required, Defendants deny any such allegations.

30.    Paragraph 30 of the Complaint sets forth plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of jurisdiction, to which no response is required.  To the extent that paragraph 30 is deemed to contain allegations to which a response is required, Defendants deny any such allegations.

31.    Paragraph 31 of the Complaint sets forth plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of jurisdiction, to which no response is required.  To the extent that paragraph 31 is deemed to contain allegations to which a response is required, Defendants deny any such allegations.

32.    Paragraph 32 of the Complaint sets forth plaintiff's conclusions of law to which no response is required.  To the extent that paragraph 32 is deemed to contain allegations to which a response is required, Defendants deny any such allegations.

33.    Paragraph 33 of the Complaint sets forth plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of venue, to which no response is required. To the extent that paragraph 33 is deemed to contain allegations to which a response is required,

Defendants deny any such allegations.

IN ANSWER TO THE SECTION TITLED "STATEMENT OF FACTS"

34.     Defendants admit the allegations set forth in paragraph 34 of the Complaint.

35.     Defendants admit the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint; and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what the flight crew told passengers before arriving at the gate.

37.     Paragraph 37 of the Complaint sets forth Plaintiffs' subjective impressions to which no response is required.  To the extent that paragraph 37 is deemed to contain allegations to which a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint, except admit only that two CBP officers were located on the jet bridge as passengers were disembarking from the airplane.

42.     Paragraph 42 of the Complaint sets forth conclusions of law to which no response is required.  To the extent paragraph 42 is deemed to contain allegations to which a response is required, Defendants deny the allegations set forth therein.

43.     Paragraph 43 of the Complaint sets forth Plaintiffs' subjective impressions to which no response is required.  To the extent paragraph 43 is deemed to contain allegations to which a response is required, Defendants deny the allegations set forth therein, except admit only that on February 22, 2017 the CBP officers were in uniform and carried a service weapon.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint, except admit only that the CBP officers checked identification of passengers as the passengers exited the aircraft.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint, except admit only that the CBP officers did not carry a clipboard or photograph.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint, except admit only that the CBP officers checked identification of passengers as the passengers exited the aircraft.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding who Plaintiff Amadei was travelling with, the color of Plaintiff Amadei and her son's skin color, and the subjective impressions of Plaintiff Amadei and her son.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiffs' subjective impressions and the specific discourse alleged therein.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiffs' subjective impressions, except admit only that Plaintiff Amadei asked one

of the CBP officers a question to which the officer responded.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiffs' subjective impressions.

52.     Paragraph 52 of the Complaint sets forth Plaintiffs' subjective impressions and conclusions of law to which no response is required.  To the extent that paragraph 52 contains factual allegations to which a response is required, Defendants deny the allegations set forth therein.

53.     Paragraph 53 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 53 contains factual allegations to which a response is required, Defendants deny the allegations set forth therein.

54.     Paragraph 54 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 54 contains factual allegations to which a response is required, Defendants deny the allegations set forth therein.

55.     Paragraph 55 of the Complaint sets forth Plaintiffs' subjective impressions and conclusions of law to which no response is required.  To the extent that paragraph 55 contains factual allegations to which a response is required, Defendants deny the allegations set forth therein.

56.     Paragraph 56 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 56 contains factual allegations to which a response is required, Defendants deny the allegations therein as Plaintiffs mischaracterize the statements made by U.S. Customs and Border Protection officials.

57.     Defendants admit that U.S. Customs and Border Protection made the statement

contained in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 58 contains factual allegations to which a response is required, Defendants deny the allegations therein.

59.     Paragraph 59 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 59 contains factual allegations to which a response is required, Defendants deny the allegations therein.

60.     Paragraph 60 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 60 contains factual allegations to which a response is required, Defendants deny the allegations therein and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding races, gender and ages of the Plaintiffs.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint, and respectfully refer the Court to the article cited in this paragraph for an accurate account of its contents.

62.     Paragraph 62 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 62 contains factual allegations to which a response is required, Defendants deny the allegations therein and respectfully refer the Court to the article cited in this paragraph for an accurate account of its contents.

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint, and respectfully refer the Court to the article cited in this paragraph for an accurate account of its contents.

64.     Defendants deny the allegations set forth in paragraph 64 of the Complaint, and respectfully refer the Court to the article cited in this paragraph for an accurate account of its contents.

65.     Defendants deny the allegations set forth in paragraph 65 of the Complaint, and respectfully refer the Court to the emails cited in this paragraph for an accurate account of their contents.

66.     Paragraph 66 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 66 contains factual allegations to which a response is required, Defendants deny the allegations therein and respectfully refer the Court to the emails cited in this paragraph for an accurate account of their contents.

67.     Paragraph 67 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 67 contains factual allegations to which a response is required, Defendants deny the allegations therein and respectfully refer the Court to the article cited in this paragraph for an accurate account of its contents.

68.     Paragraph 68 of the Complaint sets forth Plaintiffs' subjective impressions and opinions to which no response is required.  To the extent that paragraph 68 contains factual allegations to which a response is required, Defendants deny the allegations therein and respectfully refer the Court to 19 C.F.R. § 162.6 for its contents.

69.     Paragraph 69 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 69 contains factual allegations to which a response is required, Defendants deny the allegations therein and respectfully refer the Court to 19 U.S.C. §

1467 and 19 C.F.R. § 162.6 for their contents.

70.     The first sentence of paragraph 70 of the Complaint sets forth Plaintiffs' subjective impressions to which no response is required.  To the extent that the first sentence of paragraph 70 contains factual allegations to which a response is required, Defendants deny the allegations therein.  Defendants deny the allegations set forth in sentences two and three of paragraph 70 and respectfully refer the Court to the article cited in this paragraph and the letter from Representative Thompson for an accurate account of their contents.

71.     Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in paragraph 72 of the Complaint, except admit that Cecillia D. Wang of the American Civil Liberties Union and Neil K. Roman of Covington & Burling, LLP sent a letter, dated September 13, 2017, to Elaine Duke and Defendants McAleenan, Russo, Homan, Decker and Jennings.

73.     Defendants admit the allegations set forth in paragraph 73 of the Complaint.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint sets forth Plaintiffs' subjective impressions and conclusions of law to which no response is required.  To the extent that paragraph 75 sets forth factual allegations to which a response is required, Defendants deny the allegations therein and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' fear.

76.     Paragraph 76 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 76 sets forth factual allegations to which a response is required, Defendants deny the allegations therein.

<u>AS AND FOR AN ANSWER TO "CLAIM ONE"</u>

77.     Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 76 of the Complaint as set forth herein.

78.     Paragraph 78 of the Complaint sets forth conclusions of law to which no response is required.

79.     Paragraph 79 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 79 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations, except admit only that the officers did not have a warrant or probable cause to arrest Plaintiffs.

80.     Paragraph 80 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 80 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations, except admit only that the officers did not have individualized suspicion nor did they conduct a *Terry* stop of the Plaintiffs.

81.     Paragraph 81 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 81 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations set forth therein.

82.     Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in paragraph 86 of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' intention to take domestic flights in the future.

87.     Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint sets forth conclusions of law to which no response is required.   To the extent that paragraph 88 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations set forth therein.

<u>IN ANSWER TO THE SECTION TITLED "SECOND CAUSE OF ACTION"</u>

89.     Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 88 of the Complaint as set forth herein.

90.     Paragraph 90 of the Complaint sets forth conclusions of law to which no response is required.   To the extent that paragraph 90 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny conducting warrantless and suspicionless searches and seizures of domestic passengers.

91.     Paragraph 91 of the Complaint sets forth conclusions of law to which no response is required.   To the extent that paragraph 91 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to 19 C.F.R. § 162.6 for its contents.

92.     Paragraph 92 of the Complaint sets forth conclusions of law to which no response is required.   To the extent that paragraph 92 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to 19 C.F.R. § 162.6 for its contents.

93.     Paragraph 93 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 93 of the Complaint is deemed to contain factual allegations to which a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to 5 U.S.C. § 704 for its contents.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint sets forth conclusions of law to which no response is required.

<u>IN ANSWER TO THE SECTION TITLED "PRAYER FOR RELIEF"</u>

96.     The last five paragraphs after the "WHEREFORE," numbered 1 through 5, of the Complaint constitute plaintiffs' prayer for relief to which no response is required.  To the extent that these paragraphs may be deemed to contain factual allegations to which a response may be required, Defendants deny these paragraphs in their entirety.

**<u>DEFENSES</u>**

<u>FIRST DEFENSE</u>

The Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted against any Defendant.

<u>SECOND DEFENSE</u>

The Complaint should be dismissed because Plaintiffs lack standing to seek the relief requested.

<u>THIRD DEFENSE</u>

There has been no final agency action which is ripe for judicial review such that Plaintiffs do not have a claim under the Administrative Procedure Act, 5 U.S.C. § 706(2).

<u>FOURTH DEFENSE</u>

Plaintiffs are not entitled to attorneys' fees, costs or disbursements under the Equal Access to Justice Act, 28 U.S.C. § 2412.

<u>FIFTH DEFENSE</u>

Plaintiffs are not entitled to a jury trial.

<u>SIXTH DEFENSE</u>

The officers acted lawfully, reasonably, with due care and diligence at all relevant times.


WHEREFORE, Defendants respectfully request judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
         February 8, 2019

                                        RICHARD P. DONOGHUE
                                        United States Attorney
                                        *Counsel for Defendants*
                                        Eastern District of New York
                                        271 Cadman Plaza East, 7th Floor
                                        Brooklyn, New York 11201

                        By:    _____/s/_____
                                        Dara A. Olds
                                        Matthew J. Modafferi
                                        Assistant U.S. Attorneys
                                        (718) 254-6148 / (718) 254-6229
                                        dara.olds@usdoj.gov
                                        matthew.modafferi@usdoj.gov


To:     All attorneys of record (By ECF)

17