

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 11, 2019

*VIA ECF*

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>      Re:   **Kelley Amadei, et al. v. Kirstjen M. Nielsen, et al.**
>            <u>**Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)**</u>

Dear Judge Scanlon:

     This Office represents the defendants in the above-referenced matter, each sued in their official capacity (collectively "Defendants").  Defendants write in opposition to Plaintiffs' motion to compel a further response to Plaintiffs' Fourth Request for Production of Documents.  *See* Dkt. No. 90.

     By way of background, Plaintiffs allege that on February 22, 2017, they were passengers on Delta Flight 1583, a domestic flight from San Francisco to John F. Kennedy Airport ("JFK"), and that upon their arrival in New York, two U.S. Customs and Border Protection ("CBP") officers required all passengers on the flight to show identification as they disembarked the plane. Plaintiffs allege that such an identification check violated their Fourth Amendment rights, and that, to the extent CBP officers acted pursuant to a policy in checking the passengers' respective identification, such policy violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C).

     Plaintiffs' motion to compel and Fourth Request for Production of Documents seek documents that are privileged and not relevant to the claims or defenses in this matter.  Defendants request that Plaintiffs' motion be denied.  Defendants address each discovery request in turn below.

<u>Plaintiffs' Requests and Defendants' Responses</u>

     ***Request No. 1.  All documents, including ESI, created, used, or in effect since January 1, 2015, pertaining to training of new and existing CBP officers as regards compliance with the Fourth Amendment to the U.S. Constitution in locations within the United States other than within a Customs Security area.***

     Defendants properly objected to this request on the grounds that it is overbroad and not relevant to the claims and defenses in this case.  CBP's Fourth Amendment training materials are

voluminous and there is no plausible way to parse out materials training "in locations . . . other than within a Customs Security area." Without waiving these objections, Defendants also stated that the requested training materials, which by definition concern training regarding the constitutionality of searches and seizures, are prepared by counsel and communicated to employees by counsel, and thus constitute attorney work product and are protected by the attorney-client privilege. Defendants have offered to produce a privilege log concerning Fourth Amendment training materials.

As Defendants have previously asserted, both in their formal response and objections to this request and in follow-up correspondence with Plaintiffs, this request is ambiguous and wholly irrelevant to the claims and defenses in this case.

This request seeks data pertaining to the individual that CBP was trying to identify among the passengers deplaning Delta Flight 1583.  The information sought is irrelevant and wholly out of proportion of the narrow claim at issue in this action.  Thus, Defendants have objected to producing this information.

Plaintiffs have not identified, either in their correspondence with Defendants or in their motion, how such information could be relevant.

Additionally, to the extent relevant information in the database is subject to the law enforcement privilege, Defendants would offer to include such information in a privilege log.

As Plaintiffs have requested information that is irrelevant, overbroad, and privileged, Defendants request that Plaintiffs' motion be denied in its entirety.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
         Dara A. Olds
         Matthew J. Modafferi
         Assistant U.S. Attorneys


cc:      All counsel of record (Via ECF)