

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 22, 2019

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Amadei, et al. v. Nielsen, et al.*, Case No.: 17-CV-5967 (NGG) (VMS)

Dear Judge Scanlon:

      This Office represents Defendants in the above action and write respectfully to request a protective order concerning a number of the topics contained in Plaintiffs' 30(b)(6) Notice.

      **A.  Procedural and Factual Background**

      In their Complaint, Plaintiffs allege that U.S. Customs and Border Protection ("CBP") has a policy of checking the identification of passengers disembarking domestic flights. Plaintiffs claim that this alleged policy was the cause of an identification check of passengers disembarking Delta Air Lines Flight 1583 following its arrival at John F. Kennedy International Airport ("JFK") from San Francisco. Plaintiffs also allege that the application of this purported policy violated their Fourth Amendment rights. CBP denies that it has any such policy.

      Defendants write concerning Plaintiffs' deposition Notice, served pursuant to Fed. R. Civ. P. 30(b)(6). The 30(b)(6) Notice requested testimony on 14 different topics and the parties agreed to address the topics in two phases. On December 19, 2018, CBP produced Troy Miller, Director of Field Operations for the CBP New York Field Office, who testified regarding all topics in the first phase. Defendants agreed to move for a protective order on or before February 22, 2019, if the parties were unable to agree concerning the remaining topics. The parties have agreed to defer Topics 12, 13, and 14 until after Defendants respond to Plaintiffs' Fifth Request for Production of Documents and after CBP's document production is complete. As discussed further below, Defendants request that the Court issue a protective order with respect to the remaining topics.

      **B.  Defendants Are Entitled To A Protective Order**

      Rule 30(b)(6) depositions – like all methods of discovery – are subject to the limitations set forth in Rule 26. *See Dealer Comput. Servs., Inc. v. Curry*, 2013 WL 499520, at *1 (S.D.N.Y. Feb. 7, 2013). Rule 30(b)(6) discovery is circumscribed by relevance and proportionality requirements, as well as the requirements that discovery not be unreasonably cumulative or duplicative, or obtainable from "some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Because the remaining topics are overbroad, duplicative,

not relevant to the claims and defenses in this matter, and in some instances request privileged information, the topics are not appropriate for 30(b)(6) testimony. Defendants discuss each topic in dispute in turn.

*Examination Topic No. 1. CBP's organizational structure and chain of command, including, without limitation, at the CBP JFK Port of Entry.*

Defendants object to Topic No. 1 on the grounds that it seeks information that is unreasonably duplicative of discovery previously provided by Defendants. *See Bellinger v. Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011) (finding a 30(b)(6) topic "unreasonably duplicative" when plaintiff did not explain why "a Rule 30(b)(6) witness would be better able to testify about [a subject relevant to plaintiff's claims] than witnesses familiar with the facts of her case"). Francis J. Russo, CBP Port Director at JFK, testified at his deposition about the structure of CBP and the chain of command flowing from JFK to the New York Field Office to CBP headquarters. Defendants have offered to designate the relevant testimony. Plaintiffs are not entitled to an additional witness on this topic.

*Examination Topic No. 3. CBP training and training materials relating to procedures for searches and seizures of passengers on domestic commercial flights including, without limitation, constitutional and other legal limitations on those searches and seizures.*

Defendants object to the information requested, as it is overly broad. CBP does not conduct training specific to domestic commercial flights. Thus, the materials implicated are greater than what is relevant to the claims and defenses in this case. Additionally, the training of CBP officers on the limits of the Fourth Amendment to specific law enforcement operations is prepared by counsel and is subject to the attorney-client privilege. *See Families for Freedom v. U.S. Customs and Border Protection*, 797 F. Supp.2d 375, 395 (S.D.N.Y. June 16, 2011) (finding training materials prepared by counsel protected by the attorney-client privilege). To the extent that the Court finds that the training materials at issue are not privileged and requires their production, Defendants submit that the training materials speak for themselves and it would be unreasonably duplicative to produce a witness to testify about the documents.

*Examination Topic No. 4. Regulations, policies, standard operating procedures, and practices applicable to CBP regarding identification of passengers on commercial aircraft, including, without limitation, the "by-pass approach."*

Plaintiffs are not entitled to this information for several reasons. The information sought is extensive, as it seeks practices relating to identification of passengers on *any* commercial aircraft. It is not in dispute that CBP operations involving commercial aircraft overwhelmingly concern international flights. Plaintiffs' claims do not challenge CBP's authority to identify passengers arriving on international flights. Thus, any such policies, standard operating procedures, and practices regarding identification of passengers on international flights are irrelevant to the claims and defenses in this case. Further, the "by-pass approach" is a specific law enforcement sensitive technique utilized by CBP for targeting and operations, and is subject to the law enforcement privilege. Defendants will formally assert the law enforcement privilege over the by-pass approach, pursuant to the Court's February 12, 2019 Order.

*Examination Topic No. 5. Regulations, policies, standard operating procedures, and practices applicable to CBP pertaining to communications with flight crews on domestic flights.*

Defendants object to Topic No. 5 on the grounds that it seeks information that is unreasonably cumulative and duplicative of discovery previously provided by Defendants. Francis J. Russo, CBP Port Director at JFK, testified that there is no procedure at JFK with respect to domestic flights. Director Russo's testimony at 63:24-64:8. Port Director Russo further testified that CBP at JFK is required to follow directives and policies from CBP headquarters and that CBP standard operating procedures at JFK cannot conflict with policies issued by CBP headquarters. *Id.*, 125:17-21; 138:3-5. Thus, additional testimony concerning regulations, policies, standard operating procedures, and practices applicable to CBP pertaining to communications with flight crews on domestic flights is unreasonably duplicative.

*Examination Topic No. 8. Regulations, policies, standard operating procedures, and practices applicable to CBP regarding responses to inquiries from the media concerning CBP policies and routine practices.*

Topic No. 8 seeks information that is duplicative of discovery already provided by Defendants. Troy Miller, Director of Field Operations for the CBP New York Field Office, testified as a 30(b)(6) witness on behalf of CBP concerning policies and standard operating procedures regarding responses to the media. *See* Director Miller's testimony at 113:17-114:12. Defendants are also producing deposition testimony from two other CBP employees from the Office of Public Affairs. Plaintiffs' request for a fourth witness to testify about CBP media responses is unreasonable. Further, this topic has no bearing on whether checking identification of passengers disembarking a domestic flight violates the Fourth Amendment and whether CBP has a policy or practice of doing so.

*Examination Topic No. 9. Regulations, policies, standard operating procedures, and practices applicable to CBP's authority, if any, to search or detain passengers traveling on domestic flights or present at locations within a U.S. airport that are outside of a Customs security area.*

Topic No. 9 requests information that is improper for 30(b)(6) testimony. During the first phase of 30(b)(6) depositions, Director Miller testified extensively about the circumstances under which CBP officers interact with passengers on domestic flights or at locations within a U.S. airport that are outside of a Customs security area. *See* Director Miller's testimony at 26:3-28:25; 31:23-32:14; 34:24-38:25; 56:7-59:5; 59:18-64:25. Director Miller also testified about policies and protocols concerning each of those instances. *Id*. at 42:24-50:5; 90:2-97:10. Further, his testimony addressed questions from Plaintiffs regarding the search of domestic passengers, including any policies that may relate to that topic. *Id*. at 94:13-23. Because CBP has already provided 30(b)(6) testimony about the specific circumstances in which CBP encounters passengers of domestic flights, as well as the policies and procedures surrounding those encounters, Plaintiffs' requested additional testimony is cumulative and unreasonably duplicative. Further, at its core, Topic No. 9 seeks information regarding legal issues concerning Defendants' contentions and defenses about their legal authority. "Contention" topics are not appropriate Rule 30(b)(6) deposition topics. *See Trs. of Boston Univ.*, 2014 WL 5786492, (D.

Mass. September 24, 2010) at *4 ("A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."). Thus, Plaintiffs are not entitled to 30(b)(6) testimony concerning Topic No. 9.

*Examination Topic No. 10. The Incident, including CBP's actions taken before, during, and following the Incident and CBP's authority, if any, to take such actions.*

Defendants object to Topic No. 10 on the grounds that it seeks all of Defendants' factual and legal bases and contentions. This topic is improper because it asks for counsel to marshal all of the factual proof and pack it into a 30(b)(6) witness or witnesses. *See Trs. of Boston Univ.*, 2014 WL 5786492, at *4 ("Even under the present-day liberal discovery rules, the recipient of a Rule 30(b)(6) request is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or claim") (internal citations omitted). Moreover, Topic No. 10 is overly broad, not limited in time, and does not describe with reasonable particularity the matters on which examination is requested. This topic also asks for the legal authority for actions taken, which, as mentioned in the response to Topic No. 9, is not an appropriate Rule 30(b)(6) deposition topic. Additionally, Topic No. 10 seeks information that is duplicative. To date, Defendants have produced seven witnesses and are scheduling five additional witnesses concerning the incident at issue in this case. Plaintiffs have also deposed five non-party fact witnesses. Plaintiffs' request for a separate 30(b)(6) witness concerning the Incident is unreasonable.

*Examination Topic No. 11. The basis for CBP's responses to Interrogatories served by Plaintiffs in this action.*

Topic No. 11 seeks information that is duplicative of discovery provided by and forthcoming from Defendants. Plaintiffs served two sets of Interrogatories. Director Russo verified CBP's responses to the first set of interrogatories. CBP has offered to designate the relevant portion of Director Russo's testimony concerning the basis for his responses. The second set of Interrogatories was signed by CBP employee Anthony Bucci. Mr. Bucci will be produced for deposition. Plaintiffs' request for a separate 30(b)(6) witness to testify about the basis for the responses to the second set of Interrogatories is premature.

### C. Conclusion

As outlined above, the information requested in the remaining 30(b)(6) topics are overly broad, duplicative, and improper. Accordingly, Defendants' request that the Court grant the within motion for a protective order.

                Respectfully submitted,

                RICHARD P. DONOGHUE
                United States Attorney

By:   s/_____
                DARA A. OLDS
                MATTHEW J. MODAFFERI