

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 26, 2019

**VIA ECF**

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Kelley Amadei, et al. v. Kirstjen M. Nielsen, et al.</u>
             <u>Case No.: 17-CV-5967 (Garaufis, J.) (Scanlon, M.J.)</u>

Dear Judge Garaufis:

      This Office represents the six Defendants, each sued in their official capacity, in the above-referenced action.  Defendants write respectfully to request a one-week extension of time, from February 26, 2019 to March 5, 2019, to file objections, pursuant to Fed. R. Civ. P. 72, to Judge Scanlon's discovery ruling that certain documents are not protected by the attorney-client and/or work product privileges.  *See* Dkt. No. 94, Judge Scanlon's February 12, 2019 Order. Plaintiffs oppose the extension request as untimely under the Court's Individual Rule II.E.  However, as stated below, Defendants respectfully submit an explanation for the timing of this application as required by the Court's Individual Rule when making such requests less than 48 hours before a deadline.

      By way of background, Plaintiffs allege in their Complaint that U.S. Customs and Border Protection ("CBP") has a policy of checking the identification of passengers disembarking domestic flights.  Plaintiffs claim that this alleged policy was the cause of an identification check of passengers disembarking Delta Air Lines Flight 1583 following its arrival at John F. Kennedy International Airport ("JFK") from San Francisco.  Plaintiffs also allege that the application of this purported policy violated their Fourth Amendment rights.  CBP denies that it has any such policy.

      As discovery has proceeded, Plaintiffs sought various documents from CBP.  Recently, the parties have disputed whether certain training materials, prepared by counsel and concerning the constitutionality of searches and seizures, are protected by the attorney-client and/or work product privileges.  On February 12, 2019, Judge Scanlon ruled that they are not.  *See* Dkt. No. 94.

      Defendants request an extension of time to object to this ruling because CBP is working to prepare a declaration in support of the privilege assertion.  As noted above, Defendants apologize for not making this request 48-hours prior to the deadline.  This Office first received the transcript of the February 12, 2019 Court conference on Thursday, February 21.  Then, after receipt of the transcript, both CBP and this Office reviewed it to determine whether to appeal the ruling.  Given

the timing, we were forced to make this decision near in time to the deadline, and as a result, were not able to make this request with 48-hours notice.

This is Defendants' first request for an extension of time to file objections to Judge Scanlon's February 12, 2019 Order.  Discovery is scheduled to close on June 28, 2019.  The one-week extension does not affect any other deadlines in this matter.

Defendants thank the Court for considering this request.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____/s/_____
Dara A. Olds
Matthew J. Modafferi
Assistant U.S. Attorneys
(718) 254-6148 / (718) 254-6229
dara.olds@usdoj.gov
matthew.modafferi@usdoj.gov

cc:     <u>via ECF</u>
        *Attorneys for Plaintiffs*