**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Michelle Choe

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1258
mchoe@cov.com

**By ECF**                                                                                February 28, 2019

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Amadei et. al. v. Nielsen et al.*, No. 17 Civ. 5967

Dear Judge Scanlon:

      We represent Plaintiffs in the above-referenced matter and write to object to Defendants' unauthorized *ex parte* filing of their declaration regarding the CBP by-pass procedure training document(s) and Defendants' assertion of the law enforcement privilege over such document(s). ECF No. 100.  Plaintiffs request that Defendants be ordered to provide a copy of the declaration they filed *ex parte* to Plaintiffs, subject to any confidentiality designations, and that Plaintiffs be permitted an opportunity to respond under seal to their substantive privilege arguments.

      As the Court will recall, at the February 12 hearing before Your Honor, the Court held that Defendants had "not established" their claim of privilege with respect to documents discussing the CBP "by-pass procedure" and, further, that if Defendants "think [they] can establish it . . . [they are] going to need to put in information that explains why this is something that should be withheld from the plaintiff."  Feb. 12 Hr'g Tr. 49:14-23.  In response, Defendants discussed having "someone from CBP prepare a declaration or an affidavit to be provided to your Honor under seal" for the Court's consideration.  *Id.* at 50:1-4.

      Significantly, at no time during the hearing did Defendants' counsel request to file this declaration *ex parte*.  Plaintiffs would have objected had they done so.  Nor did the Court authorize such a filing, either during the hearing or in the Court's resulting Order.  ECF No. 94 ("Defendants to provide training materials as to the by-pass training material between JFK/Miami unless Defendants can establish the law enforcement sensitive material characteristics such that disclosure is not required.").

      On February 26, Defendants filed their Request to Seal, which did not disclose that the substantive declaration attached was being filed *ex parte*; nor did it request leave to do so.  ECF No. 100.  Defendants provided Plaintiffs only with the Request to Seal and not the attached declaration.

      On February 27, Plaintiffs contacted Defendants' counsel, who confirmed that Defendants intended to file the declaration *ex parte* and were under the mistaken impression that the Court had contemplated that procedure at the February 12 hearing.

**COVINGTON**

Honorable Vera M. Scanlon
February 28, 2019
Page 2

The law disfavors *ex parte* submissions. "Once a civil complaint has been filed, service of court filings is ordinarily required, unless the motion is one that 'may be heard *ex parte* . . . .'" *U.S. v. One Hundred Forty Thousand Dollars in U.S. Currency*, 2007 WL 2261650, at *6 (E.D.N.Y. Aug. 2, 2007) (citing Fed. R. Civ. P. 5(a)). "*Ex parte* communications with the Court are a rare exception, not the general rule." *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2014 WL 12833779, at *5 (E.D.N.Y. Mar. 25, 2014).

Defendants cannot simply decide to file a declaration *ex parte* without leave of the Court, especially where, as here, Defendants do not seek to file specific documents *ex parte*, but rather are using a declaration to make a blanket assertion of privilege over a *category* of documents solely on the basis of the *ex parte* filing.

Courts are loathe to permit *ex parte* submission of declarations and affidavits because it constitutes "a greater distortion of normal judicial process, since it combines the element of secrecy with the element of one-sided, *ex parte* presentation." *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983); *see also Schiller v. City of New York,* 2008 WL 1777848, at *7 (S.D.N.Y. Apr. 14, 2008) (affirming Magistrate Judge's denial of Defendant's motion to file affidavit *ex parte* and noting that "the overwhelming weight of authority favors the view that a court's reliance on *ex parte*, in camera submissions is strongly disfavored").

Even where specific documents are at issue, the Second Circuit has observed, "[t]he district court *may*, in the exercise of its informed discretion and on the basis of the circumstances presented, require" the *ex parte* filing of documents over which the Government asserts the law enforcement privilege. *In re The City of New York*, 607 F.3d 923, 948–49 (2d Cir. 2010) (emphasis added). Even then, the issue is committed to the Court's discretion and not to a party's whim.

Moreover, because Defendants filed the declaration *ex parte*, it is unclear whether Defendants have met their threshold burden of properly invoking the law enforcement privilege and establishing that the "public interest in nondisclosure" outweighs Plaintiffs' need "for access to the privileged information." *See In re Sealed Case*, 856 F.2d 268, 271-72 (D.C. Cir. 1988). Defendants' attempt to withhold the entire declaration violates due process and improperly frustrates Plaintiffs' right to respond to the substance of Defendants' sweeping privilege assertion over an entire category of documents. *See United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004) ("[D]ue process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other."). Defendants therefore should be required to supply Plaintiffs with a copy of the declaration (subject to any confidentiality designations according to the restrictive protective order currently in place) so that Plaintiffs can respond to Defendants' assertions of privilege.

                                              Respectfully submitted,
                                              */s/* Michelle Choe
                                              Michelle Choe

cc:      All counsel (by ECF)