UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KELLEY AMADEI, CAROLA CASSARO, LAURA
CUCULLU, COREY FIELDS, ANNE GARRETT, AMY
LANIGAN, MATT O'ROURKE, ERIC POLK, and
KAREN POLK,

                Plaintiffs,

          v.

KIRSTJEN M. NIELSEN, *et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. 17-CV-5967

(Garaufis, J.)
(Scanlon, M.J.)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT U.S. CUSTOMS AND BORDER PROTECTION'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER REQUIRING PRODUCTION OF PRIVILEGED TRAINING MATERIALS

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

DARA A. OLDS
MATTHEW J. MODAFFERI
Assistant U.S. Attorneys
(Of Counsel)

**Table of Contents**

PRELIMINARY STATEMENT ...............................................................................................................1

STATEMENT OF THE CASE................................................................................................................2

STANDARD OF REVIEW ....................................................................................................................3

ARGUMENT ..........................................................................................................................................4

    POINT I

        DEFENDANT U.S. CUSTOMS AND BORDER PROTECTION
        OBJECTS TO THE MAGISTRATE JUDGE'S ORDER
        REQUIRING THE PRODUCTION OF PRIVILEGED FOURTH
        AMENDMENT TRAINING MATERIALS WITHOUT THE
        APPLICATION OF CASE LAW, AND BEFORE THE ISSUE
        WAS PRESENTED TO THE COURT WITH AUTHORITY
        AND A DECLARATION IN SUPPORT OF THE
        ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES .....................................4

    A.  The Fourth Amendment Training Materials are Protected by
        the Attorney-Client Privilege ........................................................................................4

    B.  The Fourth Amendment Training Materials are Protected by
        the Work Product Privilege ...........................................................................................7

CONCLUSION.......................................................................................................................................9

# Table of Authorities

Page(s)

Cases

*Amadei v. Nielsen*,
   2018 U.S. Dist. LEXIS 210479 (E.D.N.Y. Dec. 13, 2018) ........................................................ 2

*Easley v. Cromartie*,
   532 U.S. 234 (2001) ................................................................................................................. 3

*Families for Freedom v. United States Customs & Border Prot.*,
   797 F. Supp. 2d 375 (S.D.N.Y. 2011) ...................................................................................... 7

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ................................................................................................................. 8

*Horn & Hardart Co. v. Pillsbury Co.*,
   888 F.2d 8 (2d Cir. 1989) ......................................................................................................... 8

*In re Cnty. of Erie*,
   473 F.3d 413 (2d Cir. 2007) ..................................................................................................... 5

*In re Grand Jury Investigation*,
   399 F.3d 527 (2d Cir. 2005) ..................................................................................................... 6

*In re Grand Jury Proceedings*,
   219 F.3d 175 (2d Cir. 2000) ..................................................................................................... 7

*In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*,
   731 F.2d 1032 (2d Cir. 1984) ................................................................................................... 6

*Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement Agency*,
   827 F. Supp. 2d 242 (S.D.N.Y. 2011) ...................................................................................... 5

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*,
   900 F.2d 522 (2d Cir. 1990) ..................................................................................................... 3

*Travel Sentry, Inc. v. Tropp*,
   669 F. Supp. 2d 279 (E.D.N.Y. 2009) ...................................................................................... 4

*Upjohn Co. v. U.S.*,
   449 U.S. 383 (1981) ............................................................................................................. 4-5

*United States v. Adlman*,
  68 F.3d 1495 (2d Cir. 1995) .......................................................................................... 8

*United States v. Nobles*,
  422 U.S. 225 (1975) ...................................................................................................... 8

*United States v. United States Gypsum Co.*,
  333 U.S. 364 (1948) ...................................................................................................... 3

Rules

Fed. R. Civ. P. 72(a) ............................................................................................................ 3

Fed. R. Civ. P. 26(b)(3) ....................................................................................................... 7

**PRELIMINARY STATEMENT**

Defendant U.S. Customs and Border Protection ("CBP") respectfully submits this memorandum of law to set forth its objections to Magistrate Judge Scanlon's Order, entered on February 12, 2019 (the "Magistrate Judge's Order") requiring the production of privileged training materials. *See* Dkt. Entry No. 94; *see also* Dkt. Entry No. 99 (request to extend time to object to Magistrate Judge's Order). As set forth below, the Magistrate Judge's Order was made without the application of any authority, made before CBP had the opportunity to brief the issue, and is contrary to law and clearly erroneous.

The Magistrate Judge's Order requires CBP to produce the agency's Fourth Amendment training materials, which were prepared by CBP's Office of the Chief Counsel for the purpose of providing legal advice to law enforcement officers to both reduce the risk of litigation and shape conduct that will survive litigation challenges. *See* Dkt. Entry No. 94. CBP submits that these materials are protected by the attorney-client and work product privileges. Specifically, the legal training provided by the attorney-instructors from CBP's Office of Chief Counsel is comprised of opinions and advice, based on counsel's interpretation and application of legal authority to situations that CBP law enforcement personnel confront in law enforcement activities, and encourages certain practices and discourages others with a view towards defending claims and buttressing defenses that have been or could be asserted in litigation. The training materials are prepared for the exclusive use and purpose of providing legal advice to CBP law enforcement personnel and these materials have not been produced or disseminated outside of the agency. Accordingly, reversal of the Magistrate Judge's Order is warranted because CBP's Fourth Amendment training materials are protected from disclosure by the attorney-client and work product privileges.

1

## STATEMENT OF THE CASE

Plaintiffs allege that on February 22, 2017, after they flew from San Francisco to JFK on Delta Flight 1583, two CBP officers required passengers to show identification prior to deplaning. *See* Complaint, Dkt. Entry No. 1 ("Compl.") at ¶ 1. Plaintiffs seek declaratory and injunctive relief claiming that CBP has an unconstitutional policy or practice of checking the identification of all passengers disembarking domestic flights and that the application of this purported policy on February 22, 2017 violated their Fourth Amendment rights. *See generally* Compl. Defendants have demonstrated – through twenty (20) depositions, sworn discovery responses, and thousands of pages of documents maintained by thirty-eight (38) CBP employees – that CBP does not have a policy or practice of checking the identification of passengers disembarking domestic flights, the incident on February 22, 2017 was the only known occasion when employees of CBP did so, and thus, Plaintiffs lack standing to bring all the claims asserted in this action.[1]

In addition to the significant discovery that has already taken place, Plaintiffs now seek the production of CBP's Fourth Amendment training materials. *See* Dkt. Entry No. 90, at pgs. 1-2. Specifically, on February 6, 2019, Plaintiffs filed a motion to compel that requested, in relevant part, that Defendants produce a privilege log and a declaration of privilege with respect to CBP's Fourth Amendment training materials by February 22. *See* Dkt. Entry Nos. 86 and 90.

---

[1] At the pleading stage, where the Court is required to accept the Plaintiffs' allegations as true, the Court found that Plaintiffs plausibly allege that they face a sufficient likelihood of being subjected to another identification check in the future. *See Amadei v. Nielsen*, 2018 U.S. Dist. LEXIS 210479, at \*22 (E.D.N.Y. Dec. 13, 2018) ("At the pleading stage, the court accepts Plaintiffs' allegations about Defendants' statements as true and draws the reasonable inference that Defendants meant what they said: that the search was conducted pursuant to a formal policy and is a routine practice."). Without any *evidence* of a policy or practice of checking the identification of passengers deplaning domestic flights, Defendants submit that Plaintiffs will not be able to survive a motion for summary judgment concerning the injury in fact element of Article III standing.

Defendants had previously objected to the request for training materials on privilege grounds, among other reasons, yet agreed to Plaintiffs' proposal wherein Defendants would provide a privilege log concerning the training materials on or before February 22, 2019. *See* Dkt. Entry No. 93; Dkt. Entry No. 90, at pg. 4. At a status conference on February 12, 2019, before the date by which Defendants were to produce a privilege log and a declaration, and before Defendants had the opportunity to submit briefing or provide legal authority on the issue, Magistrate Judge Scanlon addressed Defendants' assertion of the attorney-client and work product privileges and ruled that the training materials were not privileged and ordered their production. *See* Transcript, dated February 12, 2019, at 29:14-20 (characterizing the materials as "not under an attorney-client privilege" and "not legal advice" and concluding, "I'm not accepting [privilege] as a reason not to produce this information"). Defendant CBP objects to that ruling, which, as demonstrated below, is clearly erroneous and contrary to law.

## STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, the district judge assigned to a case shall consider a party's objection to a magistrate judge's order regarding a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered 'non-dispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). A magistrate judge's order is "clearly erroneous" where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction'" that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to

3

law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

## ARGUMENT

### POINT I

**DEFENDANT U.S. CUSTOMS AND BORDER PROTECTION OBJECTS TO THE MAGISTRATE JUDGE'S ORDER REQUIRING THE PRODUCTION OF PRIVILEGED FOURTH AMENDMENT TRAINING MATERIALS WITHOUT THE APPLICATION OF CASE LAW, AND BEFORE THE ISSUE WAS PRESENTED TO THE COURT WITH AUTHORITY AND A DECLARATION IN SUPPORT OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES**

The CBP attorney-instructors provide Fourth Amendment legal training comprised of opinions and advice. *See generally* Declaration of M. Bennett Courey, Esq., attached hereto as Exhibit A. The legal instruction is conducted with a view towards defending claims that have been or could be asserted in litigation. *Id.* at ¶ 11. The Office of Chief Counsel prepared the training materials for the exclusive purpose of providing legal advice to CBP law enforcement personnel and these materials have not been produced or disseminated outside of the agency. *Id.* at ¶ 9. The training materials at issue are not ordinary business records because they include legal advice and analysis in response to confidential information obtained from CBP law enforcement personnel. *Id.* at ¶ 12. Thus, the materials are protected by the attorney-client and work product privileges. For the reasons set forth herein and in the Declaration of M. Bennett Courey, Esq., CBP submits that the Magistrate Judge's Order is clearly erroneous and contrary to law.

**A. CBP's Fourth Amendment Training Materials are Protected by the Attorney-Client Privilege**

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389-

4

90 (1981). "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Id.* at 390. "The attorney-client privilege extends to the governmental context, where 'the client may be the agency and the attorney may be an agency lawyer.'" *Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement Agency*, 827 F. Supp. 2d 242, 251 (S.D.N.Y. 2011) (citation omitted).

The party asserting the privilege must demonstrate that there was "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). "[T]he privilege … is not lost merely because relevant non-legal considerations are expressly stated in a communication which also includes legal advice. *Id.* at 420 (citation omitted). The critical inquiry is "whether the predominant purpose of the communication is to render or solicit legal advice." *Id*. "In civil suits between private litigants and government agencies, the attorney-client privilege protects *most* confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance." *Id.* at 418 (emphasis added).

Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct." *In re Cnty. of Erie*, 473 F.3d at 419. "When a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice." *Id.* at 422. "Public officials who craft policies that may directly implicate the legal rights or responsibilities of the public should be 'encouraged to seek out and receive fully

5

informed legal advice' in the course of formulating such policies." *In re Grand Jury Investigation*, 399 F.3d 527, 534 (2d Cir. 2005). "To repeat: 'The availability of sound legal advice inures to the benefit not only of the client ... but also of the public which is entitled to compliance with the ever growing and increasingly complex body of public law.'" *Id.* (quoting *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1036–37 (2d Cir. 1984). "This observation has added force when the legal advice is sought by officials responsible for law enforcement and corrections policies." *Id.*

The appropriate legal standard for measuring the attorney-client privilege is set forth in *Erie*. There, the district court determined that certain emails were not covered by the attorney client privilege and the Second Circuit reversed. *In re Cnty. of Erie*, 473 F.3d at 422-23. The Circuit described those emails as follows: "They convey to the public officials responsible for formulating, implementing and monitoring Erie County's corrections policies, a lawyer's assessment of Fourth Amendment requirements, and provide guidance in crafting and implementing alternative policies for compliance. This advice—particularly when viewed in the context in which it was solicited and rendered—does not constitute 'general policy or political advice' unprotected by the privilege." *Id.* at 422-23 (citation omitted).

Similarly, the Fourth Amendment legal trainings at issue here contain the Office of Chief Counsel's legal advice on the scope and nature of the authorities of, and law applicable to, CBP Officers within the context of the Fourth Amendment. *See* Exhibit A, at ¶ 8. Specifically, these trainings are designed to provide officers with legal guidance to help them understand the scope and limitations of their authority when conducting their duties so that their actions will be lawful, and accordingly, sustained in civil or criminal litigation. *Id.* The Office of Chief Counsel's ability to provide useful legal advice and representation is dependent upon the institutional

6

client's ability and willingness to engage in full and frank communication. *Id.* at ¶ 12. These trainings memorialize and consolidate legal advice pertaining to these situationally specific and often recurring issues and fact patterns, which are communicated to the attorney-instructors from the institutional client. *Id.* Because the advice and analysis throughout these trainings is based on confidential information obtained from the client, and incorporates counsel's opinions, interpretations and advice, the trainings are protected by the attorney-client privilege. Exhibit A, at ¶ 12.

The Honorable Shira A. Scheindlin reached the same conclusion in the decision styled *Families for Freedom v. United States Customs & Border Prot.*, 797 F. Supp. 2d 375 (S.D.N.Y. 2011). There, the court found that certain CBP training documents fell "squarely within the attorney-client privilege" and were properly withheld because the documents were "created by agency attorneys for the purpose of imparting legal advice to employees of the agency, and consist of legal analysis and guidance." *Families for Freedom*, 797 F. Supp. 2d at 396. For the same reasons, Defendant CBP's Fourth Amendment training materials are protected from disclosure by the attorney-client privilege.

### B. CBP's Fourth Amendment Training Materials are Protected by the Work Product Privilege

CBP's Fourth Amendment training materials are also protected by the work product privilege. The work product privilege is broader than the attorney-client privilege. *In re Grand Jury Proceedings*, 219 F.3d 175, 190 (2d Cir. 2000). The work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that a party is not entitled to obtain discovery of "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" unless a showing of substantial need and lack of undue hardship is made. Fed. R. Civ. P. 26(b)(3). This privilege

7

exists to protect attorneys' mental impressions, opinions, and/or legal theories concerning litigation. *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d Cir. 1989). Indeed, the work product privilege is designed to protect an adversarial system of justice and establishes a "zone of privacy" in which a lawyer can prepare and develop theories and strategies with an eye towards litigation free from unnecessary intrusion by his or her adversaries. *United States v. Adlman*, 68 F.3d 1495, 1500-01 (2d Cir. 1995) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975) and *Hickman v. Taylor*, 329 U.S. 495, 510-11, 516 (1947)).

A document is prepared in anticipation of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Adlman*, 134 F.3d at 1202 (the Second Circuit construes Rule 26(b)(3) broadly). A document that assists in a business decision is protected if the document was created because of the prospect of litigation. *Id.*

The training provided to CBP employees is conducted for the purpose of preparing and developing theories and strategies with an eye towards litigation. These training materials contain legal guidance designed to shape conduct such that it will mitigate litigation risk or survive challenges during subsequent litigation that may occur against the Agency and/or its employees. *See* Exhibit A, at ¶ 11. The training materials are thus prepared in anticipation of criminal and civil litigation to provide officers with legal guidance in the conduct of their duties so that their actions will be lawful, will be sustained in civil or criminal trials, and will be upheld if challenged by plaintiffs bringing tort claims pursuant to the Federal Tort Claims Act, constitutional claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and claims pursuant to other applicable statutes. *Id.*

Accordingly, Defendant CBP's Fourth Amendment training materials are also protected from disclosure by the work product privilege.

## CONCLUSION

For all the foregoing reasons, Defendant CBP respectfully requests that this Court issue a Protective Order regarding CBP's Fourth Amendment training materials on the grounds that they are protected by the attorney-client and/or work product privileges, together and with such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
March 5, 2019

                                                      RICHARD P. DONOGHUE
                                                      United States Attorney
                                                      Eastern District of New York
                                                      271-A Cadman Plaza East, 7th Floor
                                                      Brooklyn, New York 11201

                                    By:          /s/
                                                      Dara A. Olds
                                                      Matthew J. Modafferi
                                                      Assistant U.S. Attorneys
                                                      (718) 254-6148 / (718) 254-6229
                                                      dara.olds@usdoj.gov
                                                      matthew.modafferi@usdoj.gov

TO:     Honorable Nicholas G. Garaufis (Via ECF)
           United States District Judge
           Eastern District of New York
           225 Cadman Plaza East
           Brooklyn, New York 11201

cc:     Honorable Vera M. Scanlon (Via ECF)
           United States Magistrate Judge
           Eastern District of New York
           225 Cadman Plaza East
           Brooklyn, New York 11201

           All counsel of record (Via ECF)