UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

KELLEY AMADEI, et al.,

                        Plaintiffs,

-against-

KIRSTJEN NIELSEN, et al.,

                        Defendants.

-----------------------------------------------------------X

Civil Action

No. 17 Civ. 5967
(NGG)(VMS)

## DECLARATION OF M. BENNETT COUREY

I, M. Bennett Courey, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Associate Chief Counsel (Enforcement and Operations) of U.S. Customs and Border Protection (CBP). The mission of CBP includes enforcement and administration of the customs, immigration, and agriculture laws and regulations of the United States, as well as the enforcement of numerous other laws on behalf of other federal agencies. As the Associate Chief Counsel (Enforcement and Operations), and on behalf of the Chief Counsel, I manage the delivery of legal advice regarding law enforcement, operational, and intelligence matters, including administration at and beyond the border, of customs, immigration, and other federal law, to the senior leadership and other officials of CBP. The Enforcement and Operations section is part of the CBP Office of Chief Counsel, which falls within the umbrella of the Department of Homeland Security (DHS) Office of General Counsel.

2. The CBP Office of Chief Counsel (The Office) provides legal advice to, and legal representation of, CBP officials in matters relating to the activities and functions of CBP. The Office is also responsible for reviewing proposed policies and actions to advise regarding compliance with legal requirements; preparing formal legal opinions for issuance to the CBP agency client; rendering litigation assistance to the U.S. Department of Justice in criminal or civil court actions involving CBP; and developing, implementing, and evaluating nationwide programs, policies, and procedures within the functional areas of the office. I have served as the Associate Chief Counsel (Enforcement and Operations) since 2015. Prior to holding this office, I was the Deputy Associate Chief Counsel (Enforcement) for CBP, and I held that position since 2007. I have served in various other attorney roles since 1998 within the CBP Office of Chief Counsel, and in the U.S. Customs Service before the 2003 establishment of DHS and CBP.

3. As the Associate Chief Counsel (Enforcement and Operations) of CBP, I am familiar with the administration and enforcement of the laws for which CBP is responsible, and with the legal training of Customs Officers and Immigration Officers for the Agency – including, among others, CBP Officers and U.S. Border Patrol Agents. Among my responsibilities, I oversee the Assistant Chief Counsel (Training), with a primary office at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, and Deputy Assistant Chief Counsel offices in Artesia, New Mexico, and Harpers Ferry, West Virginia. The Assistant Chief Counsel (Training) is responsible for providing directly, and otherwise coordinating the delivery of, legal training to Customs Officers and Immigration Officers for CBP.

4. In its February 12, 2019, Scheduling Order, I understand that the Court found that it lacked sufficient justification to support a finding that the Assistant Chief Counsel (Training)'s

Fourth Amendment trainings requested by Plaintiffs in discovery had been prepared and rendered as legal advice to the CBP client, and ordered Defendants to produce it to Plaintiffs.

<u>Description of the Assistant Chief Counsel (Training)'s Fourth Amendment Training</u>

5. The CBP Officer Basic Training is conducted over 89 training days, or 712 hours, at FLETC in Glynco, Georgia. *See* https://www.fletc.gov/customs-and-border-protection-officer-basic-training/customs-and-border-protection-officer-basic. During this Basic Training, the CBP Officer trainees receive instruction on "basic law enforcement skill sets and Agency priorities including: Integrity/Anti-Corruption, Admissibility Adverse Actions, Interviewing skills/Analyzing Behavior and report writing." Id. Of those 89 training days, trainees receive approximately 80 hours of legal instruction from attorneys within the Office of the Assistant Chief Counsel (Training). Out of those approximately 80 hours, the trainees receive about 14 hours of Fourth Amendment legal training, which is prepared and presented by attorneys within the Office of the Assistant Chief Counsel (Training).

6. In addition to this Basic Training, some CBP Officers participate in additional training courses. In connection to one such 10-day training program, the Office of Chief Counsel provides advanced enforcement operations training to CBP Officers. The curriculum for this advanced program includes 16 hours of legal training, 8 of which address Fourth Amendment issues.

7. All legal training, including basic and advanced Fourth Amendment legal training, is conducted in a dynamic, open floor environment; that is, attorneys routinely field questions from CBP Officer trainees throughout the trainings, as well as encourage and engage CBP Officer trainees in an active dialogue about the substance of the law and its impact on real-

life enforcement scenarios. The training materials include both presentations and explanatory notes and guidance.

8. The Fourth Amendment legal trainings at issue contain the Office's legal advice on the scope and nature of the authorities of, and law applicable to, CBP Officers within the context of the Fourth Amendment. Specifically, these trainings are designed to provide Officers with legal guidance to help them understand the scope and limitations of their authority when conducting their duties so that their actions will be lawful, and accordingly, sustained in civil or criminal litigation. The Fourth Amendment legal training provides legal guidance on several topics, including but not limited to, searches and seizures, use of force in the context of the Fourth Amendment, exceptions to the warrant requirement, and border searches.

9. These trainings are intended for use only by CBP personnel. I understand, both from my direct experience as well as anecdotally over the years, that given the privileged and confidential nature of its content, these training materials are withheld from disclosure in response to external requests, such as those made under the Freedom of Information Act.

The Fourth Amendment Trainings are Legal Advice

10. The Fourth Amendment legal trainings contain attorney-generated legal analysis and advice, including conclusions, opinions, and legal theories prepared in anticipation of criminal and civil litigation involving CBP law enforcement personnel. Attorney trainers routinely update their presentations to include recommendations, explanations, and legal analysis of enforcement scenarios that CBP Officers may encounter. Likewise, attorney trainers provide advice to CBP Officer trainees on how to appropriately assess an enforcement decision through a legal lens. These trainings are intended to mirror and

build upon the case-specific and issue-specific legal advice that the Office of Chief Counsel has provided over the years in confidential and privileged attorney-client communications or attorney work product memoranda to its CBP client. The trainings interweave facts and legal analysis taken from this case-specific and issue-specific legal advice. For example, attorney trainers routinely modify their oral presentation of the legal training to incorporate current trends in the enforcement landscape, including operational priorities and pending Agency litigation.

11. The Fourth Amendment trainings are a product of the Office of Chief Counsel's legal function of advising CBP Officers to help them take actions that will be consistent with law and DHS policy, and thus legally defensible. Each of the topics covered in these Fourth Amendment trainings is selected by agency attorneys for inclusion based on the topic's relevance to the performance of CBP Officers' responsibilities and duties, and for purposes of advising the institutional client of applicable laws. These trainings contain legal guidance designed to survive challenges during subsequent litigation that may occur against CBP and/or its employees. These trainings are thus prepared in anticipation of litigation to provide Officers with legal guidance in the conduct of their duties so that their actions will be lawful, will be sustained in civil or criminal trials, and will be upheld if challenged by plaintiffs bringing tort claims pursuant to the Federal Tort Claims Act, Constitutional claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and claims pursuant to other applicable statutes.

12. The legal analysis and advice contained in these trainings are premised upon confidential information shared by the institutional client, including but not limited to, active CBP enforcement operations, law-enforcement-sensitive investigative techniques, and other

procedures that are confidential and not otherwise available to the public. To accomplish its mission, the institutional client solicits legal advice from Office of Chief Counsel attorneys at headquarters and elsewhere around the country; and it entrusts these attorneys with sensitive and confidential information that otherwise is not available to the public. The institutional client communicates this information in confidence for the purpose of obtaining legal advice and representation. The Office's ability to provide useful legal advice and representation is dependent upon the institutional client's ability and willingness to engage in full and frank communication. These trainings memorialize and consolidate legal advice pertaining to these situationally specific and often recurring issues and fact patterns, based on this information communicated from the institutional client. Because the advice and analysis throughout these trainings responds to confidential information obtained from the client, the trainings are protected by the attorney-client privilege.

<u>Potential Ramifications if the Fourth Amendment Trainings are Released</u>

13. In my judgment, to facilitate CBP's administration of a broad range of complex federal law in a responsible, effective, and well-informed manner, it is essential that CBP Officers and other CBP officials feel uninhibited in seeking -- and that they receive -- the privileged and confidential legal advice, recommendations and opinions needed to help them execute their responsibilities. Public disclosure of that advice, in the form of these Fourth Amendment trainings or elsewhere, would very likely inhibit the candor of these attorney-client communications and the free flow and value of that advice. Public disclosure of these Fourth Amendment trainings may open CBP's overall legal strategies concerning the gamut of sensitive CBP law enforcement matters to exposure, ultimately

helping criminals and other violators to ascertain how best to structure their operations or actions to avoid detection. Moreover, the possibility that CBP Officers might be required to defend, in litigation or otherwise externally, policy or operational decisions as measured against the legal advice given in the form of these Fourth Amendment trainings or otherwise, would likely have a dramatic chilling effect on the attorney-client relationship and frustrate the overall purpose of these trainings.

14. Finally, and as set forth above, disclosure of these trainings would reveal material prepared by the Office of the Chief Counsel for CBP's law enforcement personnel in anticipation of criminal and civil proceedings involving CBP Officers and employees.

I declare, under the penalties of perjury, that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on March 5, 2019.

_____
M. Bennett Courey
Associate Chief Counsel
Enforcement and Operations
Office of the Chief Counsel
U.S. Customs and Border Protection