**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Joshua B. Picker

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1124
jpicker@cov.com

**By ECF**

March 6, 2019

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Amadei et. al. v. Nielsen et al.* (No. 17 Civ. 5967)

Dear Judge Garaufis:

    We represent Plaintiffs and write to request that the Court deny the U.S. Customs and Border Protection ("CBP") Defendants' untimely objections to portions of Magistrate Judge Scanlon's discovery order of February 12, 2019. *See* ECF No. 104.

    As mandated by Federal Rule of Civil Procedure 72(a), Defendants' objections to Magistrate Judge Scanlon's order compelling them to produce CBP training materials were due on February 26, 2019. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days . . . .").

    Defendants ignored that deadline—continuing a pattern of noncompliance for which the Court has repeatedly admonished them—and instead filed untimely objections yesterday without having received permission from the Court to do so.

    That Defendants waited until the date their objections were due to file a *request* for an extension—which was itself untimely under this Court's Individual Rule II.E—demonstrates a lack of diligence. *See* ECF No. 99. Further, none of Defendants' proffered reasons for the extension request excuse their non-compliance with the federal and local rules. Defendants were fully aware of the Court's order as of February 12 and could have requested an extension well before the deadline. *See Carling v. Peters*, 760 F. Supp. 2d 400, 402 (S.D.N.Y. 2011) (rejecting party's untimely objections and noting that "Notice of the Order and access to it were available to the parties through the Court's Electronic Case Filing system as of" the date it was issued).

    The objections should be denied on this basis alone. *See, e.g., Dreyer v. Ryder Auto. Carrier Grp., Inc.*, 367 F. Supp. 2d 413, 416 (W.D.N.Y. 2005) (denying objections as untimely under prior version of Rule 72(a), despite that Defendants had "belatedly filed a motion for a one day extension of time to object to the Magistrate Judge's Decision and Order which, if granted, would render their objections timely filed").

COVINGTON

Honorable Nicholas G. Garaufis
March 6, 2019
Page 2

      To the extent that the Court nevertheless considers the objections, Plaintiffs request that they be permitted to respond not later than Monday March 25, 2019.  The parties will be briefing a separate discovery dispute over part of that time and, in addition, Defendants' objections make various assertions of privilege over an entire category of materials to which Plaintiffs must respond.

      Plaintiffs therefore request that the Court deny Defendants' untimely objections to Magistrate Judge Scanlon's February 12 Order or, in the alternative, permit Plaintiffs to respond not later than March 25, 2019.  This request is Plaintiffs' first and does not affect any other scheduled dates.  Defendants consent to the proposed March 25 response deadline.

      Respectfully submitted,
      s/ Joshua B. Picker
      Joshua B. Picker

cc:    Hon. Vera M. Scanlon (by ECF)
       All counsel (by ECF)