UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KELLEY AMADEI, CAROLA CASSARO, LAURA
CUCULLU, COREY FIELDS, ANNE GARRETT, AMY
LANIGAN, MATT O'ROURKE, ERIC POLK, and
KAREN POLK,

                        Plaintiffs,

                v.

KIRSTJEN M. NIELSEN, *et al.*,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. 17-CV-5967

(Garaufis, J.)
(Scanlon, M.J.)

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER REQUIRING PRODUCTION OF PRIVILEGED TRAINING MATERIALS

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

DARA A. OLDS
MATTHEW J. MODAFFERI
Assistant U.S. Attorneys
(Of Counsel)

**PRELIMINARY STATEMENT**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Defendants respectfully submit this memorandum of law in further support of their objections to Magistrate Judge Scanlon's Order, entered on February 12, 2019 (the "Magistrate Judge's Order") requiring the production of privileged training materials. *See* Dkt. No. 94.

By way of context, U.S. Customs and Border Protection ("CBP") officers asked to see Plaintiffs' identification as Plaintiffs deplaned a domestic flight. In Plaintiffs' effort to demonstrate that this identification check violated Plaintiffs' Fourth Amendment rights, Plaintiffs had demanded that CBP produce:

> All training documents, including ESI, created, used, or in effect since January 1, 2015, pertaining to training of new and existing CBP officers as regards compliance with the Fourth Amendment to the U.S. Constitution in locations within the United States other than a Customs Security area.

*See* Plaintiffs' Fourth Document Requests, attached as Exhibit 1 to the Declaration of Samantha Choe ("Choe Decl."), filed along with Plaintiff's Opposition to Defendants' Motion. Dkt. No. 108.

Defendants objected to the request on the grounds that, *inter alia*, the information requested was subject to the attorney-client privilege and the work product privilege. *See* Choe Decl., Exhibit 6 (Defendants' Responses and Objections to Plaintiffs' Fourth Document Requests), and Exhibit 8 (Defendants' Response to Plaintiffs' Deficiency Letter). Following a meet and confer between the parties, Plaintiffs filed a motion to compel a response to the request, including a privilege log by a date certain. At a discovery conference, before the date for production of the privilege log, Judge Scanlon ruled that the training material at issue was not privileged and ordered that Defendants produce it.

Defendants objected to the Magistrate Judge's Order. *See* Dkt. No. 104 (Defendants' Objections). As set forth in Defendants' opening memorandum, the Magistrate Judge's Order was made without the application of any authority, before CBP had the opportunity to brief the issue, and is contrary to law and clearly erroneous. In response to that motion, Plaintiffs argue that the subject training materials are not privileged and should be produced. However, as demonstrated the requested training materials were prepared by counsel, contain legal analysis and guidance, and were created in anticipation of litigation. Thus, the training materials at issue are privileged. Accordingly, this Court should sustain Defendants' objections to the Magistrate Judge's Order.

## PROCEDURAL HISTORY

By way of pertinent background, on December 5, 2018, the parties met and conferred regarding outstanding discovery issues. Defendants stated that, following review of CBP training materials, they would produce a log regarding their assertions of privilege. At that time, Defendants were still in the process of reviewing CBP records for documents potentially responsive to Plaintiffs' request for training materials concerning a CBP's officer's compliance with the Fourth Amendment in locations outside of a customs security area. Shortly after the parties met and conferred, the government shutdown went into effect. For roughly five weeks, defense counsel and agency counsel were furloughed and not permitted to work. Deadlines in this case were extended for one month. *See* Court's Order dated January 4, 2019. On February 6, 2019, shortly after funding was restored to the Department of Justice and the Assistant U.S. Attorneys assigned to this case were back at work, Plaintiffs filed a motion to compel the training material, requesting that the Court require Defendants to produce a privilege log by February 22, 2019. *See* Dkt. Nos. 86 and 90. In response to this filing, Defendants agreed to Plaintiffs' proposal wherein Defendants would provide a privilege log concerning any withheld training materials on

or before February 22, 2019. *See* Dkt. No. 93; Dkt. No. 90, at pg. 4. However, on February 12, 2019, before the agreed-upon date and before Defendants produced the log, Judge Scanlon ruled on the claims of privilege. *See* Dkt. No. 94. This ruling is the subject of Defendants' instant objection.

**ARGUMENT**

**POINT I**

**CBP DID NOT WAIVE THE PRIVILEGE PROTECTING THE TRAINING MATERIALS AT ISSUE**

Plaintiffs argue that Defendants waived any assertion of privilege concerning the training materials at issue when Defendants did not produce a privilege log with their discovery responses. On February 6, 2019, Plaintiffs requested that Defendants produce a privilege log by February 22, 2019, and subsequently Defendants agreed. *See* Dkt. Entry Nos. 86, 90, and 93. Thus, the parties had agreed on a date for the production of a privilege log. Yet Plaintiffs now ask that the Court ignore that agreement and find a waiver. The Court should look to the totality of the circumstances, and rule on the merits of Defendants' objections.

Based on facts and circumstances surrounding the production of a privilege log, CBP did not waive the privileges protecting the training materials at issue. Generally, a "privilege log must be served with the objections [to discovery requests] ... and the failure to do so may result in waiver of the privilege claims." *McNamee v. Clemens*, 09 CV 1647 (SJ), 2013 U.S. Dist. LEXIS 179736, at *7 (E.D.N.Y. Sept. 18, 2013), *citing In re Chevron Corp.*, 749 F. Supp. 2d 170, 181 (S.D.N.Y. 2010) (emphasis added), *aff'd sub nom.*, *Lago Agrio Plaintiffs v. Chevron Corp.*, 409 Fed. Appx. 393 (2d Cir. 2010). "Taking into account 'all relevant factors,' when the party fails to produce an adequate privilege log, it is 'within the Court's discretion to grant leniency as to documents which would be covered by a privilege or protection except for the waiver." *McNamee*, 2013 U.S. Dist.

3

LEXIS 179736, at *8-9 (citing *In re Chevron Corp.*, 749 F. Supp. 2d at 181-82 (noting that Local Rule 26.2 "has not always been enforced rigidly," as some courts "have limited enforcement to situations in which there was no sufficient justification for the failure to produce a log on time or to seek leave to delay") and *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 04 CV 2271 (RWS), 2006 U.S. Dist. LEXIS 90970, at *25 (S.D.N.Y. Dec. 15, 2006) (observing that granting leniency is "risky," but nonetheless declining to order production of documents and instead directing the withholding party to submit an appropriate privilege log). Indeed, there are "occasions when it is appropriate — in light of such matters as lack of any possible prejudice to the adversary, demonstrably undue burden and other factors — to defer privilege logs until after resolution of other issues." *In re Chevron*, 749 F. Supp. 2d at 181.

Taking all factors into consideration, Defendants did not waive their privilege assertions. First, Plaintiffs have suffered no prejudice by any delay. The discovery deadline in this case is June 28, 2019, which provides several months for the parties to resolve the dispute concerning training materials. Second, the parties had agreed on a production date for the privilege log, February 22, 2019. Plaintiffs are now overlooking the agreed-upon date for production in order to advance their waiver argument. Third, Plaintiff's initial document request was overbroad and burdensome. CBP is an agency that operates almost exclusively at the border. Plaintiffs' request sought training materials that do not implicate the border and it took considerable time to sift through the materials to identify any specific documents that could be responsive, whether such documents contained material that should be withheld on privilege grounds, and thus whether such documents or portions thereof would need to be included in a privilege log.

The cases cited by Plaintiffs do not countenance a finding of waiver here. Indeed, the cases relied on by Plaintiffs involve violations of court orders and flagrant abuses of Local Rule 26. *See,*

4

*e.g., Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 14-cv-4717 (FB) (RLM), 2017 WL 9487190, at *9 (E.D.N.Y. Jan. 20, 2017)[1] (denying waiver and noting that "[w]hen waiver is found it is usually imposed as a punitive remedy, after a party has failed to comply with previously ordered corrective measures"); *McNamee*, 2013 U.S. Dist. LEXIS 179736, at *9 (finding waiver only when privilege log first produced after the "[c]ourt issued an Order to produce the withheld documents for in camera review"); *Kitevski v. City of New York*, 04 Civ. 7402 (RCC) (RLE), 2006 U.S. Dist. LEXIS 11017, at *3-5, *15-16 (S.D.N.Y. Mar. 16, 2006) (finding waiver and other sanctions appropriate where the City violated court orders and belatedly asserted the law enforcement privilege many months after discovery responses were served); *Smith v. Franklin Hosp. Med. Ctr.*, 04-CV-3555 (LDW) (ARL), 2005 WL 2219294, at *1-2 (E.D.N.Y. Sept. 13, 2005)[2] (finding waiver after plaintiff failed to comply with the court's August 2, 2005 order directing that a privilege log be served in 10 days).

Defendants did not violate or fail to comply with a court order. Nor was there any unexplained dereliction that would require a finding of waiver. Indeed, Defendants agreed to Plaintiffs' proposed date for production of the privilege log. Judge Scanlon then ruled on the claims of privilege before the agreed-upon date for Defendants to produce the log. Accordingly, the Court should find that Defendants have not waived their assertions of privilege.

---

[1] This decision is not reported on Lexis.

[2] This decision is also not reported on Lexis.

**POINT II**

**CBP'S FOURTH AMENDMENT TRAINING MATERIALS ARE PRIVILEGED**

Judge Scanlon ruled on the question of privilege without citation to any legal authority. Plaintiffs in their opposition make no effort to explain how Judge Scanlon's ruling correctly applied the law. Indeed, as demonstrated in Defendants' opening memorandum, the requested training materials are covered by the attorney-client and work product privileges. CBP's Office of Chief Counsel prepared the training materials at issue for the exclusive purpose of providing legal advice to CBP law enforcement personnel. These materials have not been produced or disseminated outside of the agency.

**A. CBP's Fourth Amendment Training Materials are Protected by the Attorney-Client and Work Product Privileges**

In support of Defendants' assertions of privilege and in support of the objections to the Magistrate Judge's Order, Defendants produced the declaration of CBP Associate Chief Counsel M. Bennett Courey. *See* Declaration of M. Bennett Courey, Esq., ("Courey Decl."), attached as Exhibit A to Defendant's Opening Memorandum.

Plaintiffs' primarily argue that the Courey Declaration is similar to a different declaration used to support an assertion of privilege in a separate Freedom of Information Act case, and in that case, the court reviewed the documents *in camera* and found that they were discoverable. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Rule 72 Motion, ("Pl. Mem.") Dkt. No. 111, at 9-10. *See also American Civil Liberties Union of San Diego & Imperial Ctys. (ACLU) v. U.S. Dep't of Homeland Sec.*, No. 8:15-cv-00229-JLS-RNB, 2017 WL 9500949 (C.D. Cal. Nov. 6, 2017).

While both cases involved training documents, the documents at issue in the case styled *ACLU v. U.S. Dep't of Homeland Security*, involved the Enforcement Law Course, a twenty-chapter manual.[3] The documents here are different. Specifically, the relevant documents here include fourteen hours of legal training, expressly related to the Fourth Amendment, prepared and presented by attorneys to officers during CBP Officer Basic Training. *See* Courey Decl. at ¶ 5. While Plaintiffs argue that the training documents at issue are akin to "a general purpose legal manual" (Pl. Mem. 12), the Courey Declaration belies that characterization. The training includes "the Office's legal advice on the scope and nature of the authorities of, and law applicable to, CBP Officers within the context of the Fourth Amendment." *See* Courey Decl. at ¶ 8. The trainings contain "attorney-generated legal analysis and advice, including conclusions, opinions, and legal theories prepared in anticipation of criminal and civil litigation involving CBP law enforcement personnel." *Id.* at ¶ 10. This brings them far outside the realm of general advice contained within a manual and within the sphere of information the court found fell within the attorney-client privilege in *In re Cnty. of Erie*, 473 F.3d 413 (2d Cir. 2007).

Plaintiffs fail to distinguish the documents at issue in *Erie* from the documents at issue in the present case. Like the subject documents in *Erie*, the training materials here "memorialize and consolidate legal advice pertaining to situationally specific and often recurring issues and fact patterns, which are communicated to the attorney-instructors from" CBP. Courey Decl. at ¶ 12.

Plaintiffs similarly fail in their effort to distinguish *Families for Freedom v. United States Customs & Border Prot.*, 797 F. Supp. 2d 375 (S.D.N.Y. 2011), where the court found that certain

---

[3] The Enforcement Law Course is publicly available online and is not being withheld in this case. *See* https://www.documentcloud.org/documents/5673530-CBP-Enforcement-Law-Course.html

7

CBP training documents fell "squarely within the attorney-client privilege" and were properly withheld because the documents were "created by agency attorneys for the purpose of imparting legal advice to employees of the agency, and consist of legal analysis and guidance." *Families for Freedom*, 797 F. Supp. 2d at 396. Plaintiffs attempt to distinguish *Families for Freedom* by arguing that the document type – specifically two training memoranda – are different from the documents at issue in this case. However, while the documents differ in format, Defendants rely on *Families for Freedom* because the court's reasoning in that case is applicable here. The court's finding that documents created by counsel for the purpose of imparting legal advice to employees of an agency, including legal analysis and guidance, are subject to the attorney-client privilege – applies with the same force to the documents being withheld in this case. Here, the Courey Declaration establishes that the training materials at issue were created by agency attorneys, impart specific legal advice to agency employees, and contain legal guidance. *See* Courey Decl. at ¶¶ 11, 12. Specifically, the relevant training materials "interweave facts and legal analysis taken from . . . case-specific analysis and issue-specific legal advice." *Id*., at ¶ 10. The training itself incorporates counsel's opinions, interpretations, and advice. Accordingly, the training materials at issue here, like those in *Families for Freedom*, are covered by the attorney-client privilege.

### B. CBP's Fourth Amendment Training Materials are Protected by the Work Product Privilege

CBP's Fourth Amendment training materials are also protected by the work product privilege. As Plaintiffs acknowledge, a document is covered by the work product privilege if it is prepared in anticipation of litigation. Pl. Mem. 13. *See United States v. Adlman*, 68 F.3d 1194, 1202 (2d Cir. 1995) (the Second Circuit construes Rule 26(b)(3) broadly). Plaintiffs argue that the training materials at issue would have been prepared in similar form irrespective of litigation because the purpose of the training was to ensure that CBP officers' actions are lawful. Pl. Mem.

8

14 (citing the Courey Declaration at ¶ 11). However, ensuring legal action by employees is only one function of the trainings. Plaintiffs ignore other core purposes of the trainings at issue, as detailed in the Courey Declaration. Specifically, the training materials include legal guidance designed to help the client "survive challenges during subsequent litigation that may occur against CBP and/or its employees." *Id*., at ¶ 12. Thus, the training materials at issue are drafted with litigation in mind and are specifically updated and modified depending on pending litigation. *Id.*, at ¶ 10. Thus, the training materials include specific information related to litigation and are administered in part because of litigation. Accordingly, the training materials are covered by the work product privilege.

## CONCLUSION

For all the foregoing reasons, as well as the reasons in Defendants' opening brief and in the Courey Declaration, Defendants respectfully request that this Court find that CBP's Fourth Amendment training materials are protected by the attorney-client and/or work product privileges, together and with such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 1, 2019

                                                               RICHARD P. DONOGHUE
                                                               United States Attorney
                                                               Eastern District of New York

                                  By:      /s/
                                                   Dara A. Olds
                                                   Matthew J. Modafferi
                                                 Assistant U.S. Attorneys
                                                 (718) 254-6148 / (718) 254-6229
                                                 dara.olds@usdoj.gov
                                                 matthew.modafferi@usdoj.gov